UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L LUCKERT,
Plaintiff,

v.

O. SMITH, et al.,
Defendants.

Case No. 19-cv-08204-PJH

**ORDER OF SERVICE**

Re: Dkt. No. 2

Plaintiff, a former detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

United States District Court
Northern District of California

United States District Court
Northern District of California

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that several police officers and a library security guard used excessive force during an arrest and that he was denied medical care while in jail.

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25

F.3d 804, 806 (9th Cir. 1994).

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable -- "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id*. (citations and internal quotation marks omitted). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent --something akin to reckless disregard. *Id*.

Plaintiff alleges that several police officers and a San Francisco County Library patrol guard used excessive force in arresting him and while transporting him and placing him in jail. He states that on February 26, 2019, at the library, library patrol officer Ochoa and Deputy Smith used excessive force while arresting him. A short time later, Deputies Gutierrez, Brule and Espiritu and Ochoa used excessive force against plaintiff at a different location at the library. Deputies Gutierrez and Mendoza then transported plaintiff to the county jail. Plaintiff alleges that these deputies used excessive force while placing plaintiff in his cell. Liberally construed, plaintiff states a claim against all of these defendants for excessive force.[1]

Plaintiff states that he was not provided medical care but has failed to provide

[1] Plaintiff indicates that the criminal charges relating to this incident have been dismissed.



United States District Court
Northern District of California

more information or identify any specific defendants related to this claim. Because plaintiff was already granted to leave to amend this claim and has still failed to state a claim, the claim is dismissed with prejudice. Plaintiff also alleges that three supervisor defendants could be liable, but he requires discovery to make a final determination. These defendants are dismissed without prejudice for plaintiff to obtain more information and amend the complaint in a timely manner if necessary.

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

2. Defendants Mercado, Fox and Luna are **DISMISSED** without prejudice from this action. The case continues against Smith, Ochoa, Gutierrez, Brule, Espiritu and Mendoza. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (Docket No. 20) with attachments and copies of this order on the following defendant police officers at the San Francisco County Police Department: D. Smith # 2275, Gutierrez # 1928, Brule # 2005, Espiritu # 1952 and B. Mendoza # 2324. The United States Marshal shall also serve at the San Francisco County Main Library, Building and Grounds Patrol Officer Anthony P. Ochoa.

3. In order to expedite the resolution of this case, the court orders as follows:

a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154

United States District Court
Northern District of California

F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely

fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 3, 2020

*/s/ Phyllis J. Hamilton*

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.