UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L LUCKERT,

    Plaintiff,

v.

O. SMITH, et al.,

    Defendants.

Case No. 19-cv-08204-PJH

**ORDER**

Re: Dkt. No. 50

Plaintiff, a former county detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. He alleges that at the public library, Patrol Officer Ochoa and Deputies Smith, Gutierrez, Brule and Espiritu used excessive force in arresting him and Deputies Gutierrez and Mendoza used excessive force while placing him in a cell at the county jail. These defendants have filed a motion to dismiss on the grounds that plaintiff has failed to prosecute this action by failing to respond to discovery requests and failing to appear for a deposition. Defendants have also filed a motion for summary judgment on the merits.

**MOTION TO DISMISS**

A district court may dismiss an action for failure to prosecute, for failure to comply with a court order, or for failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R Co.*, 370 U.S. 626, 633 (1962). A case should only be dismissed when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). A court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The court should also afford the litigant prior notice of its intention to dismiss.  *Id*. at 133. While a dismissal for failure to prosecute is generally with prejudice, a district court may also opt for the less drastic remedy of dismissal without prejudice.  *See* Fed. R. Civ. P. 41(b); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982).

The court ordered service of the amended complaint and on December 9, 2020, defendants appeared.  Docket No. 27.  Plaintiff was not in custody during some of the relevant time.  Docket Nos. 40, 41, 46, 47.  On March 16, 2021, defendants served written discovery requests on plaintiff.  Motion to Dismiss ("MTD"), Wang Decl. ¶ 2. Plaintiff never responded.  *Id*.  On March 25, 2021, defendants sent plaintiff a letter requesting dates of availability in April or May for his deposition.  *Id*. ¶ 3.  Plaintiff never responded.  *Id*.  On April 26, 2021. defendants sent another letter requesting plaintiff's availability in May for a deposition, but he never responded.  *Id*. ¶ 4.  On May 10, 2021, the parties met and conferred by telephone regarding discovery.  *Id*. ¶ 5.  Plaintiff indicated that he sent defendants written correspondence regarding discovery, but defendants never received any letters regarding discovery.  *Id*.

On May 24, 2021, defendants sent plaintiff a letter and informed him that because he never provided dates for a deposition, a deposition had been scheduled for June 3, 2021, at 10:00 a.m. via remote means.  *Id*. ¶ 6; Exs. C, D.  Defendants also demanded responses to discovery requests and to meet and confer regarding plaintiff's objections to defendants' discovery responses.  *Id*.  On June 1, defendants called plaintiff, but he did not answer.  *Id*. ¶ 7.  Defendants left a voicemail confirming plaintiff's availability for the June 3, 2021, deposition.  On June 2, 2021, plaintiff left a voicemail stating that he was available for the deposition.  *Id*.

Plaintiff failed to appear for his deposition on June 3, 2021.  *Id*. ¶¶ 8, 9. Defendants called plaintiff to ask if would attend, plaintiff stated that he was on another important call and was not available that morning.  *Id*. ¶ 9.

On June 8, 2021, defendants re-noticed plaintiff's deposition for June 21, 2021, at 10:00 a.m. by remote means. *Id*. ¶ 10. On June 16, 2021, defendants called plaintiff to confirm his availability, but the call went to voicemail and the voicemail box was full. *Id*. ¶ 11. Defendants texted plaintiff with defense counsel's phone number. Plaintiff never called. *Id*.

Plaintiff failed to appear for his deposition on June 21, 2021. *Id*. ¶ 12; Ex. J. Defendants called plaintiff that morning to confirm his appearance, but the call went to voicemail and the voicemail box was full. Defendants texted plaintiff with defense counsel's phone number. Plaintiff never called. *Id*.

Plaintiff states that on June 3, 2021, he was homeless, and he could not charge his phone for the first deposition. Docket No. 63 at 1. Plaintiff state that he was in custody at Santa Rita Jail beginning on June 6, 2021; therefore, he could not communicate with defendants for the second deposition. *Id*. at 2. Based on plaintiff's most recent change of address notice, he does not appear to currently be in custody. Docket No. 66.

While the court is sympathetic to plaintiff's difficulties in litigating this case and cooperating with defendants due to suffering from homelessness and being incarcerated for a period of time, it was plaintiff who initiated this lawsuit. If plaintiff wishes to proceed with this case, he must cooperate with defendants and follow court orders. Defendants demonstrated that they have spent a great deal of time and effort attempting to obtain discovery from plaintiff and to depose him. Plaintiff has failed to cooperate with the discovery process. Plaintiff will be provided one final opportunity to respond to defendants' discovery requests and to be deposed. If plaintiff fails to respond to defendants' discovery requests and fails to be deposed this case will be dismissed with prejudice.

## CONCLUSION

1. Defendants' motion to dismiss or in the alternative for summary judgment (Docket No. 50) is **DENIED** without prejudice.

2. Plaintiff shall respond to defendants' discovery requests and sit for a deposition by **February 4, 2022**. If plaintiff fails to cooperate with defendants and fails to follow the court's order, defendants shall file an amended motion to dismiss for failure to prosecute and this case may be dismissed with prejudice. If plaintiff is deposed, defendants may refile the motion for summary judgment or file an amended motion for summary judgment if they wish to present new facts or arguments from the deposition

**IT IS SO ORDERED.**

Dated: December 30, 2021

                                          /s/ Phyllis J. Hamilton
                                        PHYLLIS J. HAMILTON
                                        United States District Judge