UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L LUCKERT,

    Plaintiff,

v.

O. SMITH, et al.,

    Defendants.

Case No. 19-cv-08204-PJH

**ORDER**

Re: Dkt. Nos. 69, 72

Plaintiff, a detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment. As part of the motion defendants have included plaintiff's medical records from the Jail Health Services and the San Francisco Department of Public Health. These records contain plaintiff's sensitive and private health information that is protected by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, et seq., and the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, et seq. Defendants request that these records be filed under seal.

"The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). In this district, requests to file documents under seal in civil cases are governed by Civil Local Rule 79-5, which provides that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof[;]" and further, that a sealing order may issue only based upon a request showing that the document, or portions thereof, is privileged, or protectable as a trade secret, or otherwise

entitled to protection under the law. Civ. L.R. 79-5(a).  In particular, "[t]he request must be narrowly tailored to seek sealing only of sealable material. . . ."  *Id.*  Defendants have met their burden in order to safeguard plaintiff's private health information and to comply with federal and state law.  The motion is granted.

Plaintiff has also filed a motion seeking discovery and a copy of his deposition transcript.  Plaintiff's two sentence request for discovery is denied because plaintiff has failed to follow the instructions repeatedly set forth by the court.  *See* Docket Nos. 31, 38, 45.  While the Federal Rules of Civil Procedure do not require defendants to provide a litigant proceeding in forma pauperis with a copy of his deposition transcript, in light of plaintiff being incarcerated and proceeding pro se, defendants shall send plaintiff a copy of the deposition transcript.

For the foregoing reasons:

1. Defendants' motion to file under seal (Docket No. 69) is **GRANTED** and the clerk is requested to file the records under **SEAL**.

2. Plaintiff's motion (Docket No. 72) is **DENIED**, but defendants shall send plaintiff a copy of the deposition transcript.  Plaintiff must file an opposition to the summary judgment motion by **June 27, 2022**.  Failure to file an opposition may result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: May 23, 2022

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2019\2019_08204_Luckert_v_Smith_(PSP)\19-cv-08204-PJH-ord5.docx