UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L LUCKERT,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD GUTIERREZ,<br><br>Defendant. | Case No. 19-cv-08204-PJH<br><br>**ORDER RE ADMINISTRATIVE MOTIONS PERTAINING TO DISCOVERY**<br><br>Re: Dkt. 124, 125 |

On February 20, 2024, defendant filed an administrative motion for an expert discovery schedule, asking the court to set a deadline of March 15, 2024 for expert disclosures, and March 29, 2024 for the close of expert discovery. Dkt. 124. On February 26, 2024, the Clerk's Office filed a motion for discovery from plaintiff dated February 20, 2024. It appears from a notice of change of address (Dkt. 126) that plaintiff is incarcerated, although he has not provided the court with any details of his incarceration.

Defendant's motion is correct that the Case Management and Pretrial Order omits an expert discovery deadline and now that the court is aware that this pro se case may indeed entail expert testimony, it is inclined to set one. In his response at Dkt. 131, plaintiff objects to defendant taking the depositions of Dr. Andreas Tjoe and Dr. Xin Ye because their deposition would be duplicative of "what I have already submitted in the documents of evidence submitted for trial in my (response to summary judgment/summary judgment exhibits)." Id. Plaintiff also requests that the documents he submitted in support of his opposition to the motion for summary judgment, be sent to him at his current address to aid him in preparing for the depositions; that someone

schedule an online conference for him at the jail for some unidentified reason; and that the expert witnesses confer with him about documents they will be using at their depositions. Id.

In his related motion for discovery, plaintiff requests "discovery that I did not get during regular discovery and some discovery that I had but do not have any longer." See Dkt. 125. This request, while not entirely clear, appears to include 1) a copy of all documents plaintiff served on defendant in opposition to his motion for summary judgment; 2) a copy of the documents "you"[1] filed about a day in January 2020; 3) a history of defendant's "write ups, reprimands, assaults, or excessive force while on duty and off, from the age of 18 till present"; 4) "a copy of medical documents of San Francisco County Jail"; and 5) previous employment documents that "you"[2] subpoenaed.

In his opposition, defendant points out that the motion was neither served on him nor was it the subject of a meet and confer. It also appears to the court that there was no formal discovery request for these items, which is why some of plaintiff's language seems to be directed at defendants, while some of it seems to be directed to the court as in a request for the court to compel the production. Defendant is correct that a party is required to meet and confer with the opposing party before the court will entertain a motion to compel discovery. However, defendant states that he is willing to provide plaintiff copies of documents previously exchanged by the parties and/or submitted to the court, including summary judgment papers and exhibits, prior written discovery responses, and subpoenaed documents before the close of fact discovery. While the court does not order defendant to produce these copies, the court appreciates defendant's willingness to do so given that plaintiff is in custody.

With regard to any new discovery that plaintiff hopes to pursue, defendant is correct that it is too late. Construing plaintiff's motion as a request for discovery directed to a party rather than a motion to compel production of discovery that has been denied by

---

[1] It is unclear whether the term "you" is intended to refer to defendant or to the court.
[2] It is again unclear who is referenced by the term "you."

defendant, it was not filed in sufficient time for defendant to make the production in advance of the discovery cutoff date, as well as the problem noted above that there was no formal meet and confer.

Accordingly, defendant's motion to set an expert deadline (Dkt. 124) is GRANTED and expert disclosures must be made by March 15, 2024 and the expert discovery deadline is March 29, 2024.  Plaintiff's motion for discovery (Dkt. 125) is DENIED, however, defendant shall provide to plaintiff the copies of prior discovery described above by March 15, 2024.  The court will extend the March 15, 2024 deadline until Monday March 18, 2024 if needed given this order is being entered only one day before the deadline.

**IT IS SO ORDERED.**

Dated: March 14, 2024

          /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge