UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L LUCKERT,

    Plaintiff,

v.

EDWARD GUTIERREZ,

    Defendant.

Case No. 19-cv-08204-PJH

**ORDER RE MOTIONS AND TRIAL**

Re: Dkt. 146, 147, 148, 149, 150

    This matter is currently set for jury trial on May 20, 2024, with a final pretrial conference on May 2, 2024.  Defendant timely filed his pretrial papers.  Plaintiff has filed no pretrial papers but has instead filed five different briefs seeking more discovery among other things.  Defendant has responded to the motion entitled Motion to Compel, but not the others.  The court will address these filings but will first address the trial schedule.

**TRIAL SCHEDULE**

    As is obvious from the change of address notification, plaintiff is in custody again, this time at Santa Rita County Jail.  He has not provided any details or a plan for how the pretrial conference and jury trial can take place.  Nor has he requested a postponement of the trial.  He has told us though that Santa Rita Jail does not support civil litigation. Because a jury trial requires a great deal of advance planning the court has done a bit of research while trying to figure out how the schedule can be maintained.  It has come to the court's attention that plaintiff was arrested February 14, 2024 on a federal warrant issued in *United States v. Michael Luckert*, CR 13-00188 JSW.  On April 16, 2024, he was sentenced to a term of incarceration for four months, thus, with credit for time served

since his arrest, he should be released mid-June.  The court has no authority to order the Bureau of Prisons or the US Marshal to produce plaintiff for private civil litigation.  Because plaintiff is representing himself, the trial cannot go forward as scheduled.  Rather than enter plaintiff's default for failing to prosecute, and given the court's knowledge about plaintiff's whereabouts, the court elects to provide plaintiff with one more opportunity to prosecute his excessive force claim.  Accordingly, the current trial date is VACATED and the following schedule will control:

    July 1, 2024 any and all pretrial papers must be filed by plaintiff

    July 12, 2024 deadline for opposition to plaintiff's motions in limine, if any

    July 18, 2024 Final Pretrial Conference at 1:00 pm in Courtroom 3 in Oakland

    July 29, 2024 Jury trial, 8:30 am for no more than 5 days

**PENDING MOTIONS/FILINGS**

    Plaintiff's pretrial papers were due on April 4, 2024, and as noted above, he filed none, but instead filed 5 other requests from April 4 – April 15, 2024.  They are:

    Opposition/Objection to defendant's expert disclosures at Dkt. 146

    Motion to recall Officer Mendoza as a defendant at Dkt. 147

    Meet and confer letter re production of documents at Dkt. 148

    Motion to compel discovery that has been previously exchanged at Dkt. 149

    Motion to substitute defendant Gutierrez for defendant Mendoza at Dkt. 150

To the extent that these filings can be understood, plaintiff raises issues that have been previously litigated, and in some instances dismissed, issues that are duplicative and repetitive, and issues that simply have no relevance to the discrete claim that remains in this case.  This case involves one claim of excessive force based on allegations that Sheriff's Deputy Gutierrez used excessive force on plaintiff when he was arrested at the library and when he was placed in a cell at the county jail.

    In the motion at Docket 146, plaintiff seeks to have medical neglect added to his case.  However, his claim that he was not provided with medical care was already

2

dismissed in the order at Docket 21.

In his motion at Docket 147, plaintiff seeks to "recall Mendoza" and dismiss Gutierrez in favor of calling him as a witness instead. Deputy Mendoza was previously dismissed with prejudice in the order at Docket 89. That order notes that in the briefing of the summary judgment motion, plaintiff requested to switch Gutierrez for Mendoza because he had confused the two. It now appears that he wants to switch them again. However, discovery has closed, dispositive motions have been heard and the trial is imminent. Plaintiff may of course dismiss Gutierrez if he wishes, but Mendoza will not be "recalled."

In his motion at Docket 148, plaintiff requests a document reflecting the date that a surveillance tape at the library was destroyed and he wants the radiology records from San Francisco General Hospital produced in a format that he can use while in jail. The document has already been provided in discovery on several occasions. It appears that plaintiff's incarceration has resulted in his loss of a number of documents, but the defendant provided plaintiff with a second set of all discovery when he requested it. As for the radiology records, they were produced in the format in which defendant received them from the hospital and it is unclear how they could be reformatted even if defendant had an obligation to reformat them, which he doesn't.

In his motion at Docket 149, plaintiff again seeks the document reflecting the date the surveillance tape was destroyed which has already been supplied to him. Moreover, the defendants whose conduct is captured on the surveillance tape have all been dismissed with prejudice and the tape no longer has any relevance to the remaining claim against Deputy Gutierrez. Plaintiff also seeks another copy of the prior discovery which defendant produced originally and again in March after plaintiff's incarceration.

In his motion ay Docket 150, plaintiff moves again to substitute Mendoza for Gutierrez, adding this time that whoever removed his clothes at the jail, sexually assaulted him. Both Gutierrez and Mendoza have submitted declarations they neither removed plaintiff's clothing in the cell, rather that was done by other employees. All other

defendants have been dismissed with prejudice.

All the relief plaintiff seeks in these filings, to the extent the court has understood them, is DENIED.  The only motions that the court will entertain from plaintiff going forward are motions in limine in preparation for trial on July 29, 2024.  The court normally consults with the parties before setting a trial date, but given the unusual circumstances presented by plaintiff's incarceration, the court has elected to set the jury trial at the earliest time available on this court's calendar following plaintiff's release from custody.  If the defendant wants more flexibility in scheduling and if he is concerned about the anticipated narrative form of plaintiff's direct testimony, which will be allowed, defense counsel is reminded that plaintiff waived a jury trial and defendant may as well.

**IT IS SO ORDERED.**

Dated:  April 23, 2024

          /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge