UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L LUCKERT,

    Plaintiff,

    v.

EDWARD GUTIERREZ,

    Defendant.

Case No. 19-cv-08204-PJH

**ORDER RE PENDING MOTIONS**

Re: Dkt. 154, 155, 156

    Before the court are more motions from plaintiff: Pleading Special Matters of Fraud, citing Rule 9, (Dkt. 154), Motion for a New Trial with Brian Mendoza as Defendant, citing Rule 59 and Motion for Required Joinder of Parties Brian Mendoza as a Defendant, citing Rule 19, (Dkt. 155), and Motion to Compel Discovery that has already been previously exchanged, (Dkt. 156).

    The discovery motion is DENIED. The discovery has already been provided to plaintiff twice by defendants. The other two motions address the same subject as plaintiff's prior motion to recall Mendoza (Dkt.147) and motion to substitute Mendoza for Gutierrez (Dkt. 150). As noted in the court's order at Docket 153, plaintiff initially named both Gutierrez and Mendoza as defendants. On summary judgment he requested to switch the allegations against Mendoza to Gutierrez because he had confused the two. Since both were defendants in the case, he was permitted to do so. Mendoza was subsequently dismissed from the case. It now appears that plaintiff wants to switch them again, but because Mendoza has been dismissed, he cannot be simply substituted or recalled. The latest filings suggest that plaintiff understands that the dismissal must be set aside in order for him to accomplish his goal of pursuing his excessive force claim

against Mendoza. As no trial has yet occurred and no judgment has been entered, plaintiff's motion under Rule 59 is inapposite but will be construed as a motion for relief from a judgment or order under Rule 60. Similarly, the motion for required joinder appears inapposite under the circumstances and instead will be construed as a motion to amend to add Mendoza as a defendant under Rule 15. As for the document entitled "Pleading Special Matters of Fraud," the court is unsure what to make of this filing and it is unclear what plaintiff seeks other than a "new trial" with Mendoza.

To be clear, it appears to the court that plaintiff's arguments are based upon his interpretation of the arrest card and his having received a color copy of that card sometime (date unclear) after he submitted a black and white copy along with his amended complaint on August 3, 2020. (Dkt. 20 at 20) and after the color copy was included as an exhibit to defendants' motion for summary judgment on May 11, 2022. (Dkt. 70-11 at 2). Thus, while it further appears to the court that plaintiff has had access to both black and white and color copies of the arrest card for a number of years, the court would find it helpful to have defendant's response to the motions as construed by the court. Defendant shall file a response no later than May 20, 2024; plaintiff may file a reply by May 30, 2024.

**IT IS SO ORDERED.**

Dated: May 6, 2024

                                  /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge