UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L LUCKERT,<br><br>    Plaintiff,<br><br>    v.<br><br>GUTIERREZ,<br><br>    Defendant. | Case No. 19-cv-08204-PJH<br><br>**ORDER RE PENDING MOTIONS**<br><br>Re: Dkt. Nos. 144, 154, 155, 159, 161 |

Plaintiff, a detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Before the court are plaintiff's motions to recall Brian Mendoza as a defendant in this case for the forthcoming trial. Defendant filed a response and plaintiff filed a reply.

**Background**

On September 3, 2020, the court ordered service of plaintiff's amended complaint (Dkt. No. 20) on several claims of excessive force against multiple defendants regarding plaintiff's arrest at the public library and placement in a cell at the county jail. Dkt. No. 21. Many claims and defendants were later dismissed but what is relevant to the instant motions were the allegations that defendant Gutierrez injured plaintiff's wrist at the library and Gutierrez and defendant Mendoza injured plaintiff while placing him in a cell at the county jail. Dkt. No. 20 at 3-6. Plaintiff stated that Mendoza bent his wrist back and pulled the wrist out of the joint and injured plaintiff's hand when he removed plaintiff's soiled pants. *Id*. at 6-7. Included in plaintiff's amended complaint was a black and white copy of his arrest card with various names, signatures and badge numbers. *Id*. at 20.

Defendants filed a summary judgment motion which included various declarations and exhibits. Plaintiff filed several oppositions (Dkt. Nos. 77, 81, 85) and generally argued that he was not resisting but he presented very few arguments

regarding the actions of the individual defendants.  The operative amended complaint had presented specific allegations against Mendoza, but in opposition to summary judgment plaintiff stated that this was a mistake because he confused Mendoza and Gutierrez.  Dkt. No. 77 at 9-10.  Plaintiff asked that the allegations against the defendants be switched.  *Id*.  Plaintiff relied on a copy of the arrest card which he attached as an exhibit.  Dkt. No. 77 at 28.

In light of plaintiff proceeding pro se and at times being incarcerated or homeless, he was permitted to switch the allegations.  The summary judgment motion included a declaration submitted by Mendoza and exhibits describing the amount of force that was used, which he argued was minimal.  Plaintiff did not even attempt to refute this assertion, and most of his opposition to summary judgment focused on Gutierrez.

On December 28, 2022, the court granted summary judgment to Mendoza, who was dismissed with prejudice.  Dkt. No. 89 at 7-11.  Summary judgment was denied to Gutierrez and the case continued with claims of excessive force against Gutierrez for the events at the library and at the county jail.  *Id*.

Part of the evidence presented by Mendoza at summary judgment was a color copy of plaintiff's arrest card with various names, signatures and badge numbers.  Dkt. No. 70-11 at 2.  In his declaration, Mendoza noted that he wrote on the arrest card "2/26/19 subject resisted arrest and resisted exiting the vehicle; subject was verbally aggressive; subject clothing was discarded due to being soiled w/ feces."  Dkt. No. 70-10 ¶ 9.  Mendoza also stated that he was not the individual who removed plaintiff's clothing.  *Id*. ¶ 7.

This case was originally scheduled for trial against Gutierrez in May 2024, but was continued to July 29, 2024, because of plaintiff's incarceration and subsequent sentence on a federal case.  In April 2024, plaintiff filed several motions, including the instant motions, seeking to recall Mendoza and substitute him for Gutierrez and dismiss Gutierrez and call him as a witness.  Dkt. Nos. 147, 150, 154, 155.  Plaintiff once again seeks to switch the allegations regarding Mendoza and Gutierrez.  He argues that after

reviewing a color copy of the arrest card (Dkt. No. 155 at 9), he believes that it was Mendoza who used excessive force at the county jail and signed a specific part of the arrest card with his initials and badge number.  Dkt. No. 155 at 1-2.  To further confuse the issue, plaintiff also stated in a more recent filing that Gutierrez should in fact not be dismissed but kept as a defendant for injuring plaintiff's wrist at the library while Mendoza was responsible for the excessive force at the jail.  Dkt. No. 160 at 2-4.  The court construed plaintiff's motions as a motion for relief from a judgment or order under Rule 60 and a motion to amend under Rule 15 and ordered defendant to file a response.

**Analysis**

**Rule (60)**

Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered.  See Fed. R. Civ. P. 60(b).  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment.  *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Mendoza was dismissed on December 8, 2022, and plaintiff's first motion for this issue was filed on March 31, 2024.  Dkt. Nos. 89, 147.  Plaintiff's motion is untimely to the extent he argues mistake, new evidence or fraud by defendants.  Defendant argues that Mendoza is not the correct defendant based on the initials and badge number on the arrest card, but even if it was Mendoza, plaintiff was not diligent in presenting this argument and evidence.  Plaintiff was in possession of the arrest card since at least

August 2020, when he filed the amended complaint. Plaintiff engaged in discovery for other issues but did not use the discovery process to identify the individual who filled in the specific part of the arrest card at issue. Defendant presented these arguments in response to this motion, but plaintiff did not address them in his reply. A review of all the filings demonstrates that the arrest card is not new evidence and to the extent plaintiff seeks to identify who signed part of the arrest card, he has not been diligent in attempting to discover this evidence. Plaintiff has not shown that he is entitled to relief under 60(b)(1) or 60(b)(2).

Nor has plaintiff demonstrated any fraud by defendant. Defendant did not keep this evidence from plaintiff who has had the arrest card since the start of this case. Furthermore, the black and white and color copies of the arrest card are equally legible. In his reply to this motion, plaintiff relies on Mendoza's declaration at summary judgment to support his request to change defendants. Plaintiff was in possession of this declaration at summary judgment and at the time believed it was defendant Gutierrez who was responsible. This demonstrates that Mendoza was consistently forthcoming about his involvement and there is no basis to find any fraud.

Nor do the other categories set forth in Rule 60(b) apply. For all these reasons, the 60(b) motion is untimely and even if it was timely, it would be insufficient to warrant relief.[1]

Defendant also construed plaintiff's motions as seeking reconsideration under the court's local rules. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *Id*. The moving party must specifically show: (1) that at the time of the motion for leave, a

---

[1] Plaintiff would have benefited from counsel and the court referred this case to the Federal Pro Bono Project to attempt to locate volunteer counsel. The Pro Bono Project spent many months attempting to locate counsel and while several attorneys were interested, none ultimately accepted the case. Dkt. Nos. 103, 110.

material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  See Civil L.R. 7-9(b).

Plaintiff is not entitled relief under the local rule for the same reasons that he was not entitled to relief under the Federal Rules of Civil Procedure.  He cannot show a material difference in fact or law, the emergence of new evidence or law or the failure of the court to consider the facts.  Plaintiff was in possession of the arrest card since the commencement of the case and had the ability to use discovery to find more information but failed to do so.  Plaintiff is not granted leave to file a motion for reconsideration and any such motion would be unsuccessful in any event.

**Rule 15**

Rule 15(a) states that "[t]he court should freely grant leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  The policy favoring amendments "is to be applied with extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  The court considers four factors when considering a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Prejudice to the opposing party "carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility.  Id.

Here, plaintiff filed an amended complaint which was served by the court.  During summary judgment the court allowed plaintiff to amend his pleadings and switch the allegations between Mendoza and Gutierrez.  Plaintiff now seeks to amend again on the eve of trial.  Plaintiff does not only seek to amend, but to add Mendoza who was already

5

1    dismissed with prejudice.  Above, the court denied plaintiff's 60(b) motion and motion for
2    reconsideration to recall Mendoza.  Defendant presented many arguments why the
3    motion to amend should be denied that plaintiff failed to address in his reply.
4          Courts in this district have denied motions to amend to recall defendants
5    dismissed with prejudice.  "Ordinarily, to revive a claim previously dismissed with
6    prejudice, a litigant must move for reconsideration of the order of dismissal, rather than
7    requesting leave to amend for the purpose of reasserting the dismissed claim."  *Baba v.*
8    *Hewlett Packard Co.*, No. C 09-5946 RS, 2012 WL 12921298, at *2 (N.D. Cal. May 22,
9    2012); *see Ruiz v. Gap, Inc.*, No. 07-5739 SC, 2009 WL 250481, at *3 (N.D. Cal. Feb. 3,
10   2009) ("Ruiz should have sought leave of the Court to file a motion for reconsideration of
11   the dismissal. *See* Civ. L.R. 7-9(a).  Ruiz's motion for leave to amend the Complaint to
12   add a claim that was previously dismissed with prejudice is procedurally improper.").  To
13   the extent plaintiff's filings could be construed as a motion for reconsideration, it was
14   denied.  Therefore, pursuant to the cases above, plaintiff cannot amend to add Mendoza
15   who was dismissed with prejudice.
16         Even looking to the merits of the motion to amend, it must be denied.  Plaintiff has
17   already amended once and was later allowed to switch the allegations against the
18   defendants.  A district court's discretion to deny leave to amend is particularly broad
19   where the plaintiff has previously filed an amended complaint.  *Wagh v. Metris Direct,*
20   *Inc.*, 363 F.3d 821, 830 (9th Cir. 2003).  A late amendment to add a new theory, when the
21   facts and the theory have been known to the party since inception of the action, are "'not
22   reviewed favorably.'"  *San Francisco Herring Ass'n v. United States Dep't of the Interior*,
23   946 F.3d 564, 573 (9th Cir. 2019) (citation omitted) (upholding denial of leave to amend
24   to add a count under the Declaratory Judgment Act, where prior complaints already
25   requested declaratory relief, albeit not under the Declaratory Judgment Act).
26         Plaintiff has also unduly delayed his request to amend.  His request was filed
27   eighteen months after summary judgment was adjudicated and relates to evidence that
28   has been in his possession since the start of this case.  Plaintiff knew of the importance

of this evidence but has repeatedly changed his interpretation of the evidence. Undue delay exists when "a party has filed a motion for leave to amend long after it should have become aware of the information that underlies that motion." *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 WL 135861, at *4 (N.D. Cal. Jan. 22, 2004). When the moving party knew or should have known the facts and theories raised by amendment, but still delayed, this factor weighs against the moving party. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); *Haynes v. Hanson*, No. 11-cv-05021-JST, 2014 WL 1668904, *2 (N.D. Cal. Apr. 25, 2014) (denying leave to amend when plaintiff named the wrong defendant but offered no explanation for the delay in seeking to amend).

Allowing plaintiff to amend, would also prejudice Mendoza who was dismissed with prejudice eighteen months ago and has not been part of the litigation since that time. Discovery is closed and trial is set for July 2024. Courts have found prejudice when discovery is closed or nearly closed, dispositive motions have been ruled on, or trial is imminent. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (finding defendant would be prejudiced by new claims so close to trial where plaintiff did not move to amend until after discovery was closed, four and a half months before trial, "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint"); *Jacobsen v. People*, No. 1:14-cv-00108-JLT (PC), 2015 WL 5732586, at *4 (E.D. Cal. Sept. 29, 2015) ("Defendants would be prejudiced if the Court were to allow Plaintiff to add new parties more than 18 months after initiation of the lawsuit where the vast majority of discovery with two of the three current Defendants is (or should be) nearly completed.").

Finally, it would be futile to allow plaintiff to amend to recall Mendoza. Mendoza's initials and badge number appear in other places on the arrest card and do not match the initials and badge number in the section at issue. Dkt. No. 70-11 at 2-3. The motion to

amend is denied.

Plaintiff's last motion is for a "court appointed deposition of a medical doctor trial preparation expert," in which plaintiff seems to request that the court appoint a medical expert for him and order the expert to review his medical records and to sit for a deposition about those records.  Dkt. No. 161.  Plaintiff appears to be laboring under the belief that the court can appoint or approve the expenditure of funds for an expert for him as might be appropriate in the case of an indigent criminal defendant.  However, in private civil litigation, such as this, there are no such public funds available, nor is there authority for the court to financially support the litigation of one party.  Rather, a civil litigant is responsible for funding their own costs of litigation including discovery expenses.  Accordingly, the motion is denied.

**Conclusion**

1. Plaintiff's motions (Dkt. Nos. 154, 155) are **DENIED**.  Mendoza will not be recalled and remains dismissed with prejudice.  The court will not entertain any more motions regarding recalling Mendoza.

2. Defendant previously sought additional discovery and leave to file an additional dispositive motion.  Dkt. No. 119.  The court allowed discovery regarding plaintiff's injuries but was not inclined to grant leave for another dispositive motion.  *Id*.  Due to plaintiff's recent admissions withdrawing many of the allegations concerning defendant Gutierrez's actions at the jail, the court has reconsidered and hereby permits defendant to file an additional summary judgment motion.  Defendant may address the events concerning Gutierrez at the library and the jail.

3. The court previously permitted additional discovery on the issue of plaintiff's injuries.  It is unclear whether that discovery was completed given plaintiff's incarceration following his arrest on February 14, 2024, to his anticipated release on June 14, 2024.  Accordingly, this discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.  The parties have 60 days from the

date of this order to complete discovery.

4.  Given the further motion practice and defendant and his counsel's unavailability for the scheduled trial date, defendant's motion to continue the trial date (Dkt. No. 159) is **GRANTED** in part. The trial date of July 29, 2024, is **VACATED**, and the court will set a new pretrial and trial date, if necessary, after any summary judgment motion is filed and adjudicated. The pending motions in limine (Dkt. No. 144) are **DENIED** without prejudice; the motion for a court appointed expert deposition (Dkt. No. 161) is **DENIED** with prejudice.

5.  To expedite the resolution of this case, the court orders:

   a.  No later than ninety days from the date of this order, defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56 and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the court prior to the date his summary judgment motion is due. All papers filed with the court will be promptly served on the plaintiff.

   b.  At the time the dispositive motion is served, defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   c.  Plaintiff's opposition to the dispositive motion, if any, will be filed with the court and served upon defendant no later than thirty days from the date the motion is served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING,"

which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

        d.      If defendant wishes to file a reply brief, he will do so no later than fifteen days after the opposition is served upon him.

        e.      The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by plaintiff with the court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel.

7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 14, 2024

                                        /s/ Phyllis J. Hamilton
                                        PHYLLIS J. HAMILTON
                                        United States District Judge