DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
EDMUND T. WANG, State Bar #278755
JOHN H. GEORGE, State Bar #292332
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3857 [Wang]
              (415) 554-4223 [George]
Facsimile:    (415) 554-3837
E-Mail:       edmund.wang@sfcityatty.org
              john.george@sfcityatty.org

Attorneys for Defendants
EDWARD GUTIERREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LANDON LUCKERT,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>O. SMITH #2275; GUTIERREZ #1928; BRULE #2005; ESPIRITU #1952; MENDOZA #2324; ANTHONY P. OCHOA,<br><br>　　　Defendants. | Case No. 19-cv-08204-PJH<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:　TBD<br>Time:　　　　　TBD<br>Place:　　　　 Court 3 – 3rd Floor<br>　　　　　　　　Oakland Courthouse<br><br>Date Action Filed:　December 17, 2019<br>Trial Date:　　　　　Not Set |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... 3

I. INTRODUCTION ................................................................................................ 5

II. ARGUMENT AND AUTHORITY ...................................................................... 6

    A. Plaintiff Confirms He Has No Claims Against Deputy Gutierrez. .............. 6

    B. Deputy Gutierrez's Use of *De Minimis* Force Was Reasonable Regardless Of The Disposition of The Charges Against Plaintiff. .............. 8

    C. Deputy Gutierrez's Use of *De Minimis* Force Was Reasonable Regardless Of Whether Plaintiff Refused To Answer If He Was Suicidal At Some Point. ............................................................................................. 10

    D. Plaintiff's Medical Records Fail To Create A Trial Issue Of Fact. ........... 11

    E. Plaintiff's Employment Records Are Also Irrelevant. ............................... 12

    F. Deputy Gutierrez Is Entitled To Qualified Immunity. ............................... 13

    G. The Library Security Surveillance Video Is A Red Herring And Immaterial. ................................................................................................. 14

III. CONCLUSION ................................................................................................... 15

Deft's. Reply ISO MSJ  
Luckert v. Smith, et al. CASE NO. 19-cv-08204-PJH  
2  
n:\lit\li2020\210347\01795541.docx

# TABLE OF AUTHORITIES

**Federal Cases**

*Arpin v. Santa Clara Valley Transp. Agency*
   261 F.3d 912 (9th Cir. 2001) ................................................................................5, 9, 14

*Bearchild v. Cobban*
   947 F.3d 1130 (9th Cir. 2020) ......................................................................................13

*Blue Ridge Ins. Co. v. Stanewich*
   142 F.3d 1145 (9th Cir. 1998) ........................................................................................6

*Brosseau v. Haugen*
   543 U.S. 194 (2004)......................................................................................................14

*Burleson v. Samson*
   2007 WL 2688840 (E.D. Cal. Sept. 13, 2007)..............................................................11

*Dirks v. Cnty. of Los Angeles*
   2008 WL 11355528 (C.D. Cal. Dec. 10, 2008) .............................................................8

*Donovan v. Phillips*
   2015 WL 993324 (N.D. Cal. Mar. 4, 2015),
   *aff'd*, *Donovan v. Phillips*, 685 Fed. App'x 611, 61 (9th Cir. 2017).........................5, 10, 12, 14

*F.T.C. v. Publishing Clearing House, Inc.*
   104 F.3d 1168 (9th Cir. 1997) ........................................................................................5

*Forrester v. City of San Diego*
   25 F.3d 804 (9th Cir. 1994) ..........................................................................................12

*Garvey v. Gibbons*
   2008 WL 4500011 (C.D. Cal. Oct. 5, 2008).................................................................11

*Gilmore v. Lockard*
   2017 WL 11604670 (E.D. Cal. Feb. 17, 2017).............................................................11

*Graham v. Connor*
   490 U.S. 386 (1989).......................................................................................................8

*Hamilton v. Brown*
   630 F.3d 889 (9th Cir. 2011) ........................................................................................14

*Hansen v. U.S.*
   7 F.3d 137 (9th Cir. 1993) .............................................................................................6

*Hope v. Pelzer*
   536 U.S. 730 (2002)......................................................................................................14

*Jackson v. City of Bremerton*
   268 F.3d 646 (9th Cir. 2001) ........................................................................................12

*Lawson v. Lawson*
  2015 WL 5474763 (D. Nev. Sept. 17, 2015) ................................................................. 11

*Luong v. City & Cnty. of San Francisco*
  2012 WL 5869561 (N.D. Cal. Nov. 19, 2012),
  aff'd sub nom. Luong v. City & Cnty. of San Francisco Police Dep't, 630 Fed. App'x 691 (9th Cir. 2015) ....................................................................................................................... 12

*M.M. v. Cty. of San Mateo*
  2020 WL 109229 (N.D. Cal. Jan. 9, 2020) ..................................................................... 9

*Miller v. Clark Cnty.*
  340 F.3d 959 (9th Cir. 2003) ........................................................................................ 13

*Moran v. State of Wash.*
  147 F.3d 839 (9th Cir. 1998) ........................................................................................ 13

*Mullenix v. Luna*
  577 U.S. 7 (2015) .......................................................................................................... 13

*Rivas-Villegas v. Cortesluna*
  142 S. Ct. 4 (2021) ........................................................................................................ 13

*Robinson v. York*
  566 F.3d 817 (9th Cir. 2009) ........................................................................................ 13

*Tatum v. City and County of San Francisco*
  441 F.3d 1090 (9th Cir. 2006) ....................................................................................... 9

*United States v. Hensley*
  469 U.S. 221 (1985) ....................................................................................................... 8

*United States v. Robinson*
  536 F.2d 1298 (9th Cir. 1976) .................................................................................. 8, 9

*White v. Pauly*
  137 S. Ct. 548 (2017) .................................................................................................... 13

*Wilkins v. Gaddy*
  559 U.S. 34 (2010) ........................................................................................................ 14

*Williamson v. City of Nat'l City*
  23 F.4th 1146 (9th Cir. 2022) ....................................................................................... 12

Deft's. Reply ISO MSJ
Luckert v. Smith, et al. CASE NO. 19-cv-08204-PJH
4
n:\lit\li2020\210347\01795541.docx

## I. INTRODUCTION

Plaintiff Michael Luckert's opposition papers fail to create a genuine dispute as to the facts set forth in Defendant Deputy Edward Gutierrez's motion. Deputy Gutierrez responded to a request for assistance with an individual resisting arrest, who turned out to be Plaintiff, and then held Plaintiff's wrists with one hand while he pat-searched him for weapons and contraband with his other hand, finding a knife. He then used the same one-handed control hold while pat-searching Plaintiff again before placing Plaintiff in a holding cell in jail to await the booking process. It is also undisputed Plaintiff tried to "straighten" his wrists as Deputy Gutierrez held them, and that Plaintiff neither complained about nor exhibited any injury during his medical clearance for intake into the jail.

Given these facts, any force used during Deputy Gutierrez's pat-searches, if any, was objectively reasonable; at the very least, Plaintiff cannot show clearly established law in this Circuit that Deputy Gutierrez's conduct was unconstitutional under the circumstances. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001) ("twist[ing] [a woman]'s left arm behind her with enough force to lift her off the ground and break her watch band" because the 60-year-old "refused to hand over her purse" and "stiffened her arm" when the officer "grabbed [her] right hand" to handcuff her was objectively reasonable); *Donovan v. Phillips*, No. 3:14-cv-00680-CRB, 2015 WL 993324, at *5-7 (N.D. Cal. Mar. 4, 2015), *aff'd*, *Donovan v. Phillips*, 685 Fed. App'x 611, 61 (9th Cir. 2017) (gripping a woman's wrist, applying pressure, and twisting her arm, causing her to roll onto the ground and "sustain[] a sprained rotator cuff" when she did not comply with orders to get back into a car and took a non-aggressive "inquisitive stance" was objectively reasonable).

Plaintiff's opposition papers consist of little more than his own conclusory assertions, unsupported by any admissible evidence, as well as speculative, and inadmissible, interpretations of various unauthenticated medical and employment records;[1] this is insufficient to save this case from summary judgment. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (citations omitted). "If the factual context makes the

---

[1] It does not appear Plaintiff even submitted the vast majority of the documents he cites as "exhibits." *See* ECF No. 175; ECF No. 176.

non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show that there is a genuine issue for trial." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998) (citation omitted). "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993) (citation omitted).

Plaintiff's opposition papers fail to provide any facts or supporting evidence that create a triable issue of material fact. The Court should grant Deputy Gutierrez summary judgment.

## II.   ARGUMENT AND AUTHORITY

### A.   Plaintiff Confirms He Has No Claims Against Deputy Gutierrez.

Plaintiff's opposition papers confirm he has no basis for his excessive force claims against Deputy Gutierrez. This case now only concerns two alleged uses of force by Deputy Gutierrez—first, when Deputy Gutierrez pat-searched Plaintiff in the library security office, and second, when Deputy Gutierrez pat-searched Plaintiff upon arriving at the jail. *See* ECF No. 89, MSJ Order at 7.

With respect to the library security office, Plaintiff's opposition papers confirm his only evidence Deputy Gutierrez made any physical contact with him is Deputy Gutierrez's declaration; he admits he otherwise has no idea who "was responsible for applying pressure to [his] handcuffed hands." ECF No. 175 at 2-3. And Deputy Gutierrez's declaration establishes Deputy Gutierrez made physical contact with Plaintiff only while he pat-searched Plaintiff. As explained in Defendant's motion, however, Plaintiff does not contend—and has no evidence—that excessive force was used during the pat-search. At his deposition, Plaintiff testified officers "went in my pockets and everything and tried to find ID and stuff like that" *after* officers had "jumped on [him]" and "kept bending [his] wrists in ways they shouldn't be for"; he was pat-searched "*after* they went away and weren't beating me up anymore." ECF No. 170-8, Want Ex. F, Luckert Depo. 72:21-77:3 (emphasis added).

With respect to the force allegedly used at the jail, Plaintiff's opposition papers confirm the only force at issue "happened in the safety cell" after the triage screening by Nurse Chan—not in the holding cell before the triage screening. ECF No. 175 at 7. And the evidence establishes Deputy

Gutierrez did not make any physical contact with Plaintiff during his safety cell placement. ECF No. 170-3, Wang Ex. A, Gutierrez Decl. ¶ 11.

In his opposition papers, Plaintiff makes the conclusory assertion that Deputy Gutierrez pat-search Plaintiff in the safety cell, rather than the holding cell. But it is clear Plaintiff has no knowledge of whether Deputy Gutierrez had anything to do with the force allegedly used during his safety cell placement. Indeed, just recently, Plaintiff stated Deputy Gutierrez "will be getting dismissed" because his claims were against Deputy Mendoza only because it was Deputy Mendoza who used force during Plaintiff's safety cell placement—not Deputy Gutierrez. ECF No. 155 at 6-7, Pl. Mot. for Required Joinder of Parties (requesting "the substitutee Brian Mendoza #2324 [ ] takes Gutierrez #1928 place."); *see also* ECF No. 150, Pl. Mot. to Substitute ("Brian Mendoza #2324 is to be substituted as a defendant. From Officer Gutierrez #1928 to Brian Mendoza #2324"); ECF No. 155 at 3, Pl. Mot. for New Trial (requesting the Court "substitute Gutierrez #1928 for substitutee Mendoza #2324").[2]

Plaintiff's conclusory assertion that Deputy Gutierrez used force against him in the safety cell is apparently based on the Sheriff's Office's incident report concerning his arrest in the library, specifically, the statement therein that Deputies Gutierrez and Mendoza transported Plaintiff from the library to the jail. *See, e.g.*, ECF No. 20, Am. Compl. ¶ 3. But the incident report provides no factual or evidentiary support for Plaintiff's allegations about what happened *in* the jail; it establishes only who took Plaintiff to the jail. *See* ECF No. 170-5 at 5-11, Smith Decl. Ex. A. Plaintiff's contention that the holding cell and safety cell were actually one cell has even less evidentiary or factual support. But even if the same jail cell was used as both a holding cell, initially, and a safety cell, subsequently, that would not change the fact that Deputy Gutierrez made no physical contact with Plaintiff when he was placed in the cell after the triage screening (when the cell was a safety cell)—only before the triage screen (when the cell was a holding cell). And Plaintiff has no evidence any force used to pat-search Plaintiff in the holding cell, before the triage screening, was excessive.

---

[2] Deputy Mendoza has already been dismissed with prejudice.

### B. Deputy Gutierrez's Use of *De Minimis* Force Was Reasonable Regardless Of The Disposition of The Charges Against Plaintiff.

Plaintiff points out in his opposition papers that the charges against him were eventually dropped. But the fact that the charges were dropped is immaterial. As an initial matter, "prosecutors decline cases on numerous grounds having nothing to do with the merits of the case." *Dirks v. Cnty. of Los Angeles*, No. CV 07-2664 GAF (FMOx), 2008 WL 11355528, at *1 (C.D. Cal. Dec. 10, 2008). And there is no evidence suggesting the reason the charges were dropped had anything to do with the "merits of the case." Indeed, the evidence shows the charges were dropped for reasons having nothing to do with the merits. *See* ECF No. 170-4 at 11, Ochoa Ex. C ("The staff member who was attacked was unharmed and refused to press charges against Luckert"). That charges against Plaintiff were dropped is thus not only immaterial, it is inadmissible. *See, e.g.*, *Dirks*, 2008 WL 11355528, at *1 ("[T]he admission of such evidence [of a determination not to prosecute] would create a significant risk of prejudice, jury confusion and the undue consumption of court time.").

And in any event, the disposition of the charges against Plaintiff says nothing about the objective reasonableness of Deputy Gutierrez's alleged uses of force—which is all that is at issue. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted). When Deputy Gutierrez arrived at the library's security office, where he first encountered Plaintiff, he was responding to Deputy Smith's request for assistance "for a '148,' an individual resisting arrest." ECF No. 170-3, Gutierrez Decl. ¶ 2; *see also* ECF No. 170-5, Smith Decl. ¶ 7; ECF No. 170-5, Smith Ex. A, Incident Rep. And Deputy Gutierrez was entitled to rely on information communicated to him by Deputy Smith. *See United States v. Hensley*, 469 U.S. 221, 231 (1985); *see also United States v. Robinson*, 536 F.2d 1298, 1299 (9th Cir. 1976) ("[E]ffective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another and that officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information.").

That the charge against Plaintiff for violating California Penal Code § 148(a) was later dropped has no bearing on Deputy Gutierrez's perspective "on the scene" at the time, which was, undisputedly,

having to pat-search an arrestee who had reportedly assaulted someone and already resisted arrest—a not insignificant and legitimate government interest. *See United States v. Robinson*, 414 U.S. 218, 234 (1973) ("The justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody"); Cal. Penal Code § 4030(d)(1) ("Notwithstanding any other law . . . if a person is arrested and taken into custody, that person may be subjected to patdown searches . . . in order to discover and retrieve concealed weapons and contraband substances prior to being placed in a booking cell."); ECF No. 116, Papenfuhs Decl., Ex. B, POST L.D. 33, Ch. 2 at 2-1, 2-8 (training officers that "[c]onducting a person search can be dangerous for peace officers" and ""Every search carries an element of danger to the peace officer").[3]

Plaintiff also admits he was trying to "straighten" his wrists as Deputy Gutierrez held them (ECF No. 20, FAC ¶ 3), which constitutes resistance, albeit a low level of resistance, and thus supports some level of government force. *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1097 (9th Cir. 2006) ("[E]ven accepting . . . [arrestee] sought to escape [the officer]'s grasp to shift into a less painful position, [arrestee] still resisted arrest, which justified [the officer]'s continued application of the control hold."); *Arpin*, 261 F.3d at 922 (rejecting arrestee's "conclusory statement that she 'did not resist arrest in any way' " where "she stiffened her arm and attempted to pull it away" when the officer grabbed her hand to handcuff her, "which was impermissible"); *M.M. v. Cty. of San Mateo*, No. 18-cv-05396-YGR, 2020 WL 109229, at *10 (N.D. Cal. Jan. 9, 2020) ("Passive resistance alone can support some level of government force if necessary to attain compliance." (citation omitted)).

Under those circumstances, Deputy Gutierrez used even less intrusive force than what the Ninth Circuit has found reasonable in less tense and less threatening situations. *See Arpin*, 261 F.3d at 921-22 (finding reasonable force where officer grabbed 60-year-old woman's right hand, and twisting her "left arm behind her with enough force to lift her off the ground" when she refused to hand over her purse upon request and "stiffened her arm and attempted to pull it away" when the officer grabbed

---

[3] Plaintiff filed a document entitled, "Opposition and Objections to Defendant Edward Gutierrez Expert Disclosure," but nothing in said document appears to be a challenge to the qualifications or opinions or admissibility of Defendant's law enforcement practices expert, Steve Papenfuhs. *See* ECF No. 176. To the extent Plaintiff is seeking to exclude Mr. Papenfuhs, the Court should deny the request because he has provided no grounds for doing so.

her hand to handcuff her); *Donovan*, 2015 WL 993324, at *5-7, *aff'd*, *Donovan*, 685 Fed. App'x 611 (gripping a woman's wrist, applying pressure, and twisting her arm, causing her to roll onto the ground and "sustain[] a sprained rotator cuff" when she did not comply with orders to get back into a car and took a non-aggressive "inquisitive stance" was reasonable force).

### C. Deputy Gutierrez's Use of *De Minimis* Force Was Reasonable Regardless Of Whether Plaintiff Refused To Answer If He Was Suicidal At Some Point.

In his opposition papers, Plaintiff argues Deputy Gutierrez "lied" when he stated in his declaration Plaintiff "refus[ed] to answer whether he was suicidal" during the triage screening because the record of the triage screening contains the notations, "Patient Suicidal: No." *See* ECF No. 175 at 7; *see also* ECF No. 170-3, Gutierrez Decl. ¶ 10; ECF No. 170-13, Chan Ex. A. As an initial matter, Deputy Gutierrez's recollection of the triage screening is not inconsistent with Nurse Chan's record of said triage screening. Plaintiff could have refused to answer a question about whether he was suicidal and Nurse Chan still could have determined Plaintiff was not suicidal—both can be true. Indeed, Nurse Chan's record of the triage screening is consistent with Deputy Gutierrez's recollection that "[d]uring the medical triage component of the booking process, Plaintiff continued to be resistive" (ECF No. 170-3, Gutierrez Decl. ¶ 10), confirming Plaintiff was resistive during the triage screening. *See* ECF No. 170-13, Chan Decl. Ex. A ("resistive with custody . . . got agitated after triage . . . .").

And in any event, whether Plaintiff ever refused to answer if he was suicidal during the triage screening is immaterial to the reasonableness of Deputy Gutierrez's alleged uses of force, which occurred *before* the medical triage screening—in the library security office, before being transported to the jail; and when Deputy Gutierrez pat-searched Plaintiff before leaving him in the holding cell to await the medical triage screening. Even drawing all inferences in favor of Plaintiff—*i.e.*, assuming for this motion that Plaintiff never refused to answer whether he was suicidal—the level of force used by Deputy Gutierrez, which was *de minimis*, and the countervailing government interest at stake, of maintaining safety while pat searching an arrestee who had reportedly physically assaulted someone and resisted arrest (and finding a knife), would remain the same. Indeed, Plaintiff's endorsement of the veracity and accuracy of Nurse Chan's contemporaneous record of the triage screening (ECF Nos. 170-12, 170-13) only confirms Plaintiff was "resistive with custody" and that he did not

complain of or exhibit any pain or injury—which facts only show Deputy Gutierrez's use of force was reasonable.

### D.  Plaintiff's Medical Records Fail To Create A Trial Issue Of Fact.

Plaintiff's medical records merely show that Plaintiff complained about pain in his left hand on various dates *subsequent to* the subject incident. They do not, however, suggest Plaintiff suffered any injury as a result of the subject incident. None of Plaintiff's medical records are from the day of, or even day after, the incident. There is, rather, no evidence of any complaint of injury in the records from the day of the incident, February 26, 2019. Plaintiff's first complaint of injury is not until March 1, 2019. And nothing connects Plaintiff's complaint of injury on March 1, 2019, let alone his subsequent intermittent complaints through June 13, 2020, to the subject incident on February 26, 2019. Rather, as evidenced by Nurse Chan's contemporaneous record of the triage screening, Plaintiff had no complaints of pain or injury and did not exhibit any signs of pain or injury on February 26, 2019. *See* ECF No. 170-12, Chan Decl.; ECF No. 170-13, Chan Ex. A.

The only thing connecting Plaintiff's "swelling" on March 1, 2019 to the subject incident is Plaintiff's own opinion that it was caused by Deputy Gutierrez three days earlier. This cannot create a genuine dispute of fact. Plaintiff's opinion is inadmissible. "Plaintiff has not demonstrated that he qualifies as a medical expert and cannot provide a medical opinion, such as his interpretation of medical test results, medical records, and diagnoses." *Gilmore v. Lockard*, No. 1:12-cv-00925-SAB (PC), 2017 WL 11604670, at *1 (E.D. Cal. Feb. 17, 2017); *see also Lawson v. Lawson*, No. 3:14-CV-00345-WGC, 2015 WL 5474763, at *3 (D. Nev. Sept. 17, 2015) (excluding lay witness testimony regarding medical diagnoses or causation); *Burleson v. Samson*, No. 2:00-CV-01591-JKS, 2007 WL 2688840, at *2 (E.D. Cal. Sept. 13, 2007) (plaintiff not allowed to "interpret or otherwise explain in medical or diagnostic terms the nature or extent of his injuries or the medical records").

Even if there were evidence from which a jury could infer Plaintiff suffered any injury from Deputy Gutierrez's two alleged uses of force on February 26, 2019 (there is not), Plaintiff's medical records—which show only some "swelling" of the hands—only confirm that any injury, if any at all, was *de minimis* and any force was minimal. *See Garvey v. Gibbons*, No. CV 03-6043-GPS (JTL), 2008 WL 4500011, at *11 (C.D. Cal. Oct. 5, 2008) (finding that minor soreness and bruising shows

the force was not excessive); *Luong v. City & Cnty. of San Francisco*, No. C11–5661 MEJ, 2012 WL 5869561 (N.D. Cal. Nov. 19, 2012), *aff'd sub nom. Luong v. City & Cnty. of San Francisco Police Dep't*, 630 Fed. App'x 691 (9th Cir. 2015) (granting summary judgment for officers where only evidence of injury was slight bruising and cuts).

Moreover, the extent of any injury is only one factor, within the totality of the circumstances, to be considered when analyzing whether a use of force was constitutional. Considering the totality of the circumstances, Deputy Gutierrez's use of control holds—even accepting Plaintiff's hyperbolic characterizations of them as "bending" his wrists, hands, and fingers with one hand—while Plaintiff tried to "straighten" his wrists as he was pat-searched for weapons and contraband was objectively reasonable. *See, e.g.*, *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1152 (9th Cir. 2022) (holding protester "by her arms and lift[ing] her so they could pull her" was "minimal" "despite a "sprained wrist, mild swelling, and a torn rotator cuff"); *Forrester v. City of San Diego*, 25 F.3d 804, 806-07 (9th Cir. 1994) (using "pain compliance techniques" to inflict pain on protesters was "less significant than most claims" despite "varying degrees of injury to hands and arms, including bruises, a pinched nerve, and one broken wrist"); *Jackson v. City of Bremerton*, 268 F.3d 646, 650, 652 (9th Cir. 2001) (finding "nature and quality of the alleged intrusions were minimal" during "a normal handcuffing procedure" where "three officers pushed her to the ground to handcuff her and roughly pulled her up to her feet during her arrest," despite "pain and swelling in her fifth finger," requiring "immediate medical attention," and "a fractured finger"); *Donovan*, 2015 WL 993324, at *5, *aff'd*, 685 Fed. App'x 611 (9th Cir. 2017) (finding "low level of force was used" even though it allegedly caused "a sprained rotator cuff" where "no evidence in the record suggests that the force used caused, or was capable of causing, grave physical injury" (citation omitted)). Even if the Court were to infer the minor "swelling" allegedly shown by the Valley Care records was caused by Deputy Gutierrez's actions three days prior, that would only confirm the force used was minimal.

### E. Plaintiff's Employment Records Are Also Irrelevant.

Plaintiff's alleged lost wages are immaterial to the summary judgment proceedings; they have no bearing on any of the factors the Ninth Circuit considers when evaluating the reasonableness of a use of force—not on "the type and amount of force inflicted," "the importance of the government

interests at stake," nor "the balance" between "the gravity of the intrusion on the individual against the government's need for that intrusion." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003). Plaintiff appears to contend he missed work in March 2019 because he was in the custody of Alameda County as a result of his arrest during the subject incident in San Francisco. Plaintiff's March 2019 stint at Santa Rita Jail, however, had nothing to do with any force Deputy Gutierrez allegedly used on February 26, 2019. Further, Plaintiff's contention that the subject incident caused him to be unemployed is specious. Plaintiff's employment records (previously submitted as exhibits) show he had been out of work for months *before* the subject incident. ECF No. 169-1 at 46. employment records further show that Plaintiff was similarly out of work February through April the year prior, in 2018. *Id.* Plaintiff's contention his inability to find work in March and April 2019 was related to the subject incident is not only baseless speculation, it is implausible.

### F.     Deputy Gutierrez Is Entitled To Qualified Immunity.

Deputy Gutierrez did not violate Plaintiff's constitutional rights; but even if he had, Plaintiff still has not and cannot "identify a case that put [Deputy Gutierrez] on notice that [his] specific conduct was unlawful." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021). "The plaintiff 'bears the burden of proving that the rights [he] claims were "clearly established" at the time of the alleged violation.'" *Robinson v. York*, 566 F.3d 817, 826 (9th Cir. 2009) (quoting *Moran v. State of Wash.*, 147 F.3d 839, 844 (9th Cir. 1998)). Plaintiff has not met his burden.

Clearly established law "must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017). And "specificity is especially important in the Fourth Amendment context, where . . . it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam)).

Plaintiff cites a few Supreme Court and Ninth Circuit cases in his opposition papers.[4] But each of those cases involved completely different conduct. Plaintiff cites *Bearchild v. Cobban*, 947 F.3d 1130, 1135 (9th Cir. 2020), which "involved rubbing, stroking, squeezing, and groping in intimate

---

[4] Although it is not apparent for what purpose they are cited, out of an abundance of caution, Defendant explains why these cases are inapposite and do not "clearly establish" any applicable law.

areas" and "star[ing] at [plaintiff's] penis." Plaintiff cites *Wilkins v. Gaddy*, 559 U.S. 34, 38(2010), where the inmate "was punched, kicked, kneed, choked, and body slammed 'maliciously and sadistically' and '[w]ithout any provocation." Plaintiff cites *Hope v. Pelzer*, 536 U.S. 730, 738 (2002), where the inmate "was handcuffed to [a] hitching post" outside. Plaintiff also cites *Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011), where an inmate was "handcuffed and then restrained in a chair" for a "blood draw against his will" (which was in any event found constitutional). Here, in contrast, Deputy Gutierrez allegedly "bent" Plaintiff's wrists with one hand while he pat-searched him with the other. None of these cases gave Deputy Gutierrez "fair notice that [his] conduct was unlawful." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Rather, as set forth in Defendant's motion, clearly established law in this Circuit confirms the reasonableness of Deputy Gutierrez's conduct. *See Arpin*, 261 F.3d at 918 (grabbing 60-year-old woman's right hand, and twisting her "left arm behind her with enough force to lift her off the ground" when she refused to hand over her purse upon request); *Donovan*, 2015 WL 993324, at *5-7, *aff'd* 685 Fed. App'x at 613 (9th Cir. 2017) (gripping a woman's wrist, applying pressure, and twisting her arm, causing her to roll onto the ground and "sustain[] a sprained rotator cuff" when she did not comply with orders to get back into a car and took a non-aggressive "inquisitive stance"). Plaintiff fails to distinguish this Ninth Circuit precedent. Deputy Gutierrez is entitled to qualified immunity.

**G.    The Library Security Surveillance Video Is A Red Herring And Immaterial.**

Plaintiff also appears to argue for an adverse inference that the "surveillance video" from the library, which had been burned to a DVD-R, would have shown unreasonable force. No such inference is warranted here. Plaintiff has no evidence of spoliation. The Summons for Defendants were not issued until September 4, 2020 (ECF No. 22), while the "surveillance video" was disposed of months prior on February 1, 2020. *See* Wang Ex. J, SFPD Memorandum. There is no evidence that litigation was reasonably foreseeable to any Defendants before then, let alone evidence of any intent to deprive anyone of the use of the video. Deputy Gutierrez did not have anything to do with the disposal of the video. *See id.* In addition, the "surveillance video" of the library would not show anything material to Deputy Gutierrez's alleged uses of force, which occurred in the library security office and at the jail. The library "surveillance video" and its disposal are immaterial.

### III. CONCLUSION

For the foregoing reasons, Defendant Edward Gutierrez is entitled to summary judgment.

Dated:  December 30, 2024

                                                    DAVID CHIU
                                                    City Attorney
                                                    JENNIFER E. CHOI
                                                    Chief Trial Deputy
                                                    EDMUND T. WANG
                                                    JOHN H. GEORGE
                                                    Deputy City Attorneys

                                     By: */s/ Edmund T. Wang*
                                                    EDMUND T. WANG
                                                    JOHN H. GEORGE

                                                    Attorneys for Defendants
                                                    EDWARD GUTIERREZ

# PROOF OF SERVICE

I, CELENA SEPULVEDA, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On December 30, 2024, I served the following document(s):

**DEFENDANT'S REPLY IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**REPLY DECLARATION OF EDMUND T. WANG IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

on the following persons at the locations specified:

Michael Landon Luckert
391 Ellis Street
San Francisco, CA  94102
Tel:
Email: michaelluckert703@gmail.com

*Plaintiff in Pro Per*
(Updated 7/2/24)

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY ELECTRONIC MAIL:** I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: celena.sepulveda@sfcityatty.org in portable document format ("PDF") Adobe Acrobat format.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed December 30, 2024, at San Francisco, California.

_____
CELENA SEPULVEDA

Deft's. Reply ISO MSJ
Luckert v. Smith, et al. CASE NO. 19-cv-08204-PJH

16

n:\lit\li2020\210347\01795541.docx