1  Michael Landon Luckert
2  125 6th Street
3  San Francisco, CA 94103
4  APt. 414
5  Phone: 628-223-9481
6  E-Mail: MLpro.seattorney@gmail.com
7  Pro-se

**FILED**

DEC 22 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

put in
drop box
- no envelope

9         UNITED STATES COURT OF APPEALS
10            FOR THE NINTH CIRCUIT

11  Michael Landon Luckert      | Case No. 19-CV-08204-PJH
12            Plaintiff,
13            V.                | Motion to APPEAL
14  San Francisco Police. Dept. | AS OF Right
15  AND Officer's: O.Smith #
16  2275, LENA #56, Gutierrez
17  #1928, Brule #2005, Espiritu | F.R.A.P Rule 3
18  #1952, Mendoza #2324,
19  Mercado #1982, ANTHONY P.
20  Ochoa.
21            Defendant's

22  (1). The Plaintiff is a Pro-se attorney
23  representing on behalf of himself. And
24  According to the Federal Rule of Appellate
25  Procedure For a Notice of APPEAL (F.R.A.P)
26  Rule (3)(c)(2): A pro-se notice of appeal is
27  considered Filed on behalf of the signer and
28  the signer's spouse and minor children (if they are

Motion to appeal as of Right / case No. 19-CV-08204-PJH
Page 1 of 14

parties), unless the notice clearly indicates otherwise.

(2) The Plaintiff in Case 19-CV-08204-PJH has never recieved notice from the Courts about a appeal.

(3) F.R.A.P Rule (4)(a)(7)(A)(ii), Federal Rule of Civil Procedure 58(a) requires a seperate document, when the Judgment or order is entered in the Civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the Judgment or order is set forth on a seperate document, OR

• 150 days have run from entry of the Judgment or Order in the Civil docket, under Federal Rule of Civil Procedure 79(a).

(4) In this Case 19-CV-08204-PJH the appellate court will see in the forgoing exhibit that this is a separate ORDER,

(A) 150 days has not yet passed from time of Filing of Document 182, Filed 07/25/25, Page 1 of 1, of ORDER OVERRULING OBJECTIONS. to the Filing date of _____
For a MOTION TO APPEAL (as of right).

(1). (EXHIBIT, A), ORDER OVERRULING OBJECTIONS. which shows a Filed date of: 07-25-25. Which means that for a Pro-se litigant the Plaintiff Still has time to File appeal (for Justice

parties), unless the notice clearly indicates otherwise.

(2) The Plaintiff in Case 19-CV-08204-PJH has never recieved notice from the courts about a appeal.

(3) F.R.A.P Rule (4)(a)(7)(A)(ii), Federal Rule of civil Procedure 58(a) requires a seperate document, when the Judgment or order is entered in the civil docket under Federal Rule of civil Procedure 79(a) and when the earlier of these events occurs:

• the Judgment or order is set forth on a seperate document, OR

• 150 days have run from entry of the Judgment or ORDER in the civil docket, under Federal Rule of civil Procedure 79(a).

(4) In this case 19-CV-08204-PJH the appellate court will see in the Forgoing exhibit that this is a separate ORDER,

(A) 150 days has not yet passed from Time of Filing of Document 182, Filed 07/25/25, Page 1 of 1, OF ORDER OVERRULING OBJECTIONS. to the Filing date of _____
For a MOTION TO APPEAL (as of right).

(1). (EXHIBIT, A), ORDER OVERRULING OBJECTIONS. which shows a Filed date of: 07-25-25. Which means that for a pro-se litigant the Plaintiff still has Time to File appeal (for Justice

From (F.R.a.p) Rule (4)(a)(7)(A)(ii) that says that the Plaintiff has 150 days from last order.

## STATEMENT OF FACTS
## AND EVIDENTIARY LAWS AND
## DOCUMENTS

In the general guidelines it says that You must go by the (F.R.C.P) that were in Place at the time of the incident. Unless it benefits the Plaintiff. Otherwise Corrupt Authority figures Could mold the case, into what they would want the outcome of a civil case to be.

(1). I, Michael Luckert, did get back from the defendant's Attorney during discovery a letter that said in:

(2). (EXHIBIT: B), Letter from defendant's attorney of Video Surveillance / body Cameras were erased or destroyed. AND disposed of on February, 1, 2020. W/body surveillance video was disposed of months prior of February 1, 2020.

(2.A). So that means that if Plaintiff filed a Conit-int of Excessive force in case No. 19-CV-08204-PJH on Date: December 17, 2019 the defendants and their attorney Know that this Video/Body Camera Surveillance should of been Preserved. This means that from the time of incident on February 26, 2019 to February 1, 2020, the date of disposal, was under a year for preserving of the Video/Body camera Surveillance.

1    Please refer to the original copy of exhibit B that
2    Michael Lockert submitted when Filing these documents
3    to the United States District Court, Northern District
4    of California. Because you can barely read exhibit B.
5    I suspect because of fraud by the defence.

7    (3). (EXHIBIT C) (F.R.C.P 37(e)). Failure to preserve
8    electronically stored information. Electronically stored
9    information that should have been preserved in anticipation
10   or conduct of litigation is lost because a party failed to
11   take responsible steps to preserve it, and it cannot be
12   restored or replaced through additional discovery, the
13   court:
14       (1) upon finding prejudice to another party from
15   loss of the information, may order measures no greater
16   than necessary to cure the prejudice: OR
17       (2) Only upon finding that the party acted with
18   intent to deprive another party of the informations
19   use in the litigation may:
20       (A). Presume that the lost information was unfavorable
21   to the party;

23       (B). Instruct the jury that it may or must presume
24   the information was unfavorable to the party; OR

26       (C). Dismiss the action or enter a default Judgment.

28              PLAINTIFF RESPONSE

[TITLE/CASE NO.] Motion to Appeal As of Right/Case: No. 19-CV-08204-PJH

1

2

3  (1). Since they did not preserve the video/

4  body cameras surveillance and destroyed them.

5  The Plaintiff Filed a Default; Default Judgment for Failure

6  to preserve electronically stored information is in (EXHIBIT

7  R), But instead of going by the preserving standard that

8  Plaintiff wrote in (EXHIBIT. R), Default Judgment, in Summary

9  Judgment. The United States District Court must go by

10  California law to preserve and retain video/body camera surveillance.

11  (2.A) The San Francisco County Police Department AND the not

12  Defence Broke Maliciously and Sadistically these two rules.

13  F.R.C.P 37(e)(2) Only Upon Finding that the party acted with the

14  intend to deprive another party of the information's use in the

15  litigation. AND

16  (1.B). F.R.C.P. 37(e), Failure to preserve Electronically stored

17  information.

18

19  (1.C)        SUMMARY.

20  The United States District Court Must go by the

21  Standards of State law when it comes to setting

22  minimum standard For the length of time to preserve

23  video/body camera surveillance footage. Because the

24  (F.R.C.P) do not have any set minimum standard AND The

25  Federal Government must have some kind of standard. California

26  law in this case the United States District Court must

27  match or surpass California laws on preserving video/body

28  camera surveillance footage. And Retaining video/body camera

[TITLE/CASE NO.] Motion to Appeal as of Right/case NO. 19-CV-08204-PJH

JDC TEMPLATE, UPDATED 11/2024

1  surveillance footage.

3  (#). (Exhibit D), Federal law governing Body
4  Camera/video surveillance. In (exhibit A) the Appeals
5  court for the Federal laws and policies of Body
6  cameras/video surveillance will see that since
7  their is no broad federal laws governing body
8  camera video preservation for all law enforcement;
9  however, some federal agencies have specific
10 policies, and a pending bill (H.R. 843) purposes a
11 3 year minimum retention period for federal body
12 camera footage in specific situations. Retention
13 periods vary by state, with many state laws
14 mandating longer storage for footage involving use
15 of force, arrests or complaints.
16   (EXHIBIT D1) State and local laws,
17 state-level regulations: most regulations on body
18 camera video preservation are made at the state
19 or local level, as states have their own specific
20 laws.

22        CALIFORNIA LAW

24  (5). (EXHIBIT E), page 1, California, AB69 (2015) rules
25 for downloading and storing body-worn camera data.
26 A minimum of two years in situations where force
27 is used, an arrest is made, or where a complaint
28 has been made against an officer agency. Storage

procedures should ensure evidentiary chains
of custody are Preserved, records of access and
deletion of data are retained Permanetly and identify where
body Camera data should be stored.

M4 (EXHIBIT E)   AB 1953 (2016), An agency may keep
data for more than 60 days to have it available in case
of a civilian complaint and to preserve transparency. Body
Camera data should be kept for two years if; it involves
use of force by a Peace office or an officer-involved
shooting, the recording is of an incident that leads to the
detention or arrest of an individual; or the recording
is relevant to a formal or informal complaint against
a law enforcement officer or a (continued in EXHIBIT-E)
(page 2), law enforcement agency.

(6) (EXHIBIT F) preservation of body camera/video
surveillance/Retention periods.

   While records from significant events like use of force
or arrests are kept for longer durations, sometimes for
several years, to serve as evidence. It's crucial to
retain records of access and deletion, ensure data
ownership remains with the agency, and handle public
access according to specific policies.
       Retention periods
• Evidentiary footage: Retained for a longer duration,
often several years or indefinitely, Particularly if
it involves use of force, arrests, or a complaint.

(7)(EXHIBIT. 6), California Code, Penal code.
PEN§ 832.18.

(a) it is the intent of the Legislature to establish
policies and procedures to address issues related to
the downloading and storage data recorded by a body
worn camera worn by a peace officer. These policies
and procedures shall be based on best practices.

(8) (EXHIBIT (6.1), Establish specific measures
to prevent data tampering, deleting, and copying,
including prohibiting the unauthorized use,
duplication, or distribution of body-worn camera
data.

(9).(EXHIBIT·H), Evidentiary data including
video and audio recorded by a body-worn camera
under this section should be retained for a
minimum of two years under any of the following
circumstances:
(1). The recording is of an incident involving the use of
force by a peace officer or an officer involved shooting.
(II). the recording is of an incident that leads to the
detention or arrest of an individual.
(III). The recording is relevant to a formal or informal
complaint against a law enforcement officer or a law
enforcement agency.

(10). (EXHIBIT. H.1), In determining a retention Schedule,

1  the agency should work with it's legal counsel to determine
2  a retention schedule to ensure that storage polices and
3  practices are in compliance with all relevant laws and
4  adequately preserve evidentiary chains of custody.
5
6  (11). (EXHIBIT-H.2), Consulting with internal legal counsel
7  to ensure the method of data storage meets legal
8  requirements for chain of custody concerns.
9
10  (12). (EXHIBIT-I), ORDER DENYING Plaintiff MOTION For
11  SUMMARY Judgment. Plaintiff responded with (EXHIBIT-J)
12
13  (13). (EXHIBIT-J), Objection to a ruling or order / Filed
14  March 19, 2025, Page's 1-11.
15
16      (a). To read the F.R.C.P RULE 37(e) failure to preserve
17  electronically stored Information please Refer to
18  (EXHIBIT.C).
19
20      (b). The Plaintiff objected to the Judge Not holding
21  the Defendant's Counsel and San Francisco County
22  Jail Responsible for not preserving Video/body camera
23  Surveillance footage. The Plaintiff covers this subject
24  in (EXHIBIT. B - H.2).
25
26      (c). Disposition Sheet of All charges dropped is in (EXHIBIT-L).
27      (d). ALL Other Objections to (Objection to a ruling or
28  order) are referenced. Please look them up.

# MEDICAL DOCUMENTATION

(14). (EXHIBIT-K). <u>Valley Care Medical</u> <u>Pleasanton</u>. The Plaintiff submitted to the U.S. District Court, NORTHERN DISTRICT of California of how Plaintiff's Injuries with Physical Thearpy lasted 15/16 months. after inital injury on February 26, 2019. The day of Plaintiffs False incarceration. Physical Thearpy being one of the tops in Pain. Proof of the False incarceration is in (15). (exhibit-L) <u>Disposition of ALL CHARGES DROPPED</u>, (in highlighted area). Please read all of these Medical Documents AND the appeals court will see that these injuries where,

(1). Not D-min.imus because the swelling of the hands did not go down for 2½ weeks. AND,

(2). The Plaintiff had to do Physical Thearapy FOR 15/16 month for injury to Fingers.

ML

(3).     <u>PLAINTIFF RESPONSE</u>
These officers of the law maliciously and sadistically caused Plaintiff Injury by way of excessive force as shown in the MEDICAL Documentation in EXHIBIT-K. And since they broke

1  The law by injuring Plaintiff HANDS AND Finger's
2  Maliciously and Sadistically Therefore losing
3  there immunity because they broke the law.

5  (17).(EXHIBIT-M) Notice to United States
6  officer's to be added as defendant's by Amendment
7  AND Amended Statement of Claim Complaint.

8     (1). These Document's in (Exhibit-M) is how the
9  Plaintiff wanted case 19-CV-08204-PJH to go to
10 Trial with all of these 8 defendant's on
11 Document 7. Filed 01/27/20, Page's 1-21. I asked
12 the Judge before trial to change it back to the
13 Format of this EXHIBIT-M, But she would not
14 let me, AND I said that I had come across some
15 Initial's (P M) that toward the end of discovery
16 and in the interest of Justice that the
17 (18). (EXHIBIT-N), San Francisco Field Arrest Card
18 with the initials (BM) actually stand for
19 Brian Mendoza. I mean after all this
20 (San Francisco Field arrest Card) came
21 From Brian Mendoza Declaration. So where
22 is his printed Name or initials on this ———
23 (San Francisco Field Arrest card) does it say Brian
24 Mendoza intials (P M) or officer Brian, Mendoza name to
25 make this Declaration Officer Brian Mendoza!

26   (A). So With the initials (P M) the Plaintiff
27 also submitted a Document to get a
28 Court appointed Hand writing Forensic Expert.

1  But it does not show up on the docket
2  sheet. I do not know if the court clerk
3  erased it or what. Please check on the
4  Handwriting Forencic Expert document that I
5  Submitted.

6  (B). The San Francisco Field arrest card that
7  Brian Mendoza sent in as his Declaration must
8  have his name on it yet Brian Mendoza says no
9  those are not his initials (P.M). I highly doubt
10 that. There is not a officer on this arrest card with
11 the initials (BM) or (PM). So those Initials must
12 be Brian Mendoza # 2324.

13 (19). (EXHIBIT-O), Notice of Motion For a New
14 Trial explains what happened with the Declaration
15 of Brian Mendoza and his initials (P.M).

16 (20)(EXHIBIT-P) Motion For a New trial with Brian
17 Mendoza #2324 as a Defendant in his Official and
18 Individual Capacity. Explains what the Plaintiff
19 wanted done with Brian Mendoza #2324. And
20 Explains the excessive force.

21 (21). (EXHIBIT-Q), Opposition and Objections to
22 Defendant Edward Gutierrez's EXPERT Disclosure.
23    In this opposition and Objection to Defendant
24 Edward Gutierrez Expert Disclosure (Document 176)
25 (Filed: 12/16/24). The Plaintiff is aware that this
26 EXPERT Disclosure was mostly about using the charges
27 that were dropped as a defence. Which Is not right.
28 Please read all of my Objection's to Defendant Edward

1  Gutierrez EXPERT Disclosure. Because the
2  Plaintiff sustained injuries as documented
3  in the Medical documentation on 02/26/2019
4  in Exhibit K. As the Forgoing Documentation
5  explain's. For excessive Force charges against
6  these officers in Exhibit M. These injuries
7  are also consistant with handcuff injuries.
8  (22).(EXHIBIT R), Default; Default Judgment FoR
9  Failure to Preserve Electronically Stored Information
10    (a). In this (Exhibit R) the plaintiff Filed it with
11  summary Judgment. But the only Difference Now is that
12  the plaintiff have State law to back me up in
13  (Exhibit's D — H.2). These are California laws in which
14  the UNITED STATES DISTRICT COURT DO Not have law's For
15  Preserving Video/body camera Surveillance Footage OR law's
16  For Retention time laws. So the UNITED STATES DISTRICT
17  Court must go by State and local laws.
18  (23).(EXHIBIT-5), pleading Special Matters of Fraud
19  explains the Fraud of the defence and San Francisco
20  Police Department when they fraudulently try to
21  Cover up Brian Mendoza #2324 Initials P.M on
22  the San Francisco Field Arrest Card to Cover up
23  What Brian Mendoza #2324 did that day on February
24  26,2019. Strip searching Plaintiff with out no Warrent.
25  Injuring Plaintiff's Hand, wrist, Fingers and raping Plaintiff
26  with his fingers.
27
28

## REQUESTED RELIEF

(1). The Plaintiff wants $ 100,000.00 dollars for the excessive force these's officer's Committed. And Failing to Preserve electronically stored Information like Video/ Body Camera Surveillance Footage. AND For Brian Mendoza #2324 Raping Plaintiff with his finger's.

(2). The Plaintiff wants $ 10,000.00 dollar's For the excessive legal work The Plaintiff had to do for fraudulantely trying to cover up Brian Mendoza #2324 initials (BM). during the discovery process.

(3). The Plaintiff wants $ 40,000.00 dollar's for all the legal documents that I had to prepare from the beginning of this case Filed 12/17/2019 with the document ORIGINAL complaint under civil rights act. 42/ U.S.C.S 1983,

(4). The Plaintiff added up SUM that Plaintiff is Requesting Relief For is: 150,000.00 in United States dollars.

Date: 12-19-2025

Signature of Attorney in Pro-se: Michael Luckert

# (EXHIBIT-A)

ORDER overruling Objections

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L LUCKERT,<br><br>        Plaintiff,<br><br>        v.<br><br>GUTIERREZ,<br><br>        Defendant. | Case No. 19-cv-08204-PJH<br><br>**ORDER OVERRULING OBJECTIONS**<br>Re: Dkt. 181 |

On March 3, 2025, the court issued an order denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment. See Dkt. 179. On the same day, the court also entered judgment. See Dkt. 180.

Plaintiff has subsequently filed objections, seeking to challenge the court's rulings, styled as an objection under Federal Rule of Civil Procedure 46. See Dkt. 181.

The court finds no merit in the arguments raised by plaintiff's objections, and the purported objections are overruled. The court will not entertain any further filings from plaintiff.

**IT IS SO ORDERED.**

Dated: July 25, 2025

               /s/ Phyllis J. Hamilton
               PHYLLIS J. HAMILTON
               United States District Judge

United States District Court
Northern District of California

(EXHIBIT·A) ORDER OVERRULING OBJECTIONS

# (EXHIBIT-B)

Letter From defendants Attorney of Video/Body
Camera Surveillance Were Erased or destroyed.



CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

Edmund T. Wang
Deputy City Attorney

Direct Dial:    (415) 554-3857
Email:    edmund.wong@sfcityatty.org

April 17, 2024

**VIA U.S. MAIL AND EMAIL**

Michael Landon Luckert
PFN: ULW-491
Santa Rita County Jail
5325 Broder Blvd.
Dublin, CA 94568
michaelluckert703@gmail.com

Re:    *Michael Landon Luckert v. O. Smith, et al.*
        Northern District Court Case No. 19-cv-08204-PJH

Dear Mr. Luckert:

This letter responds to your "Meet and Confer Letter on Document Production," which is dated April 8 2024, but which we did not receive until April 11, 2024.

With respect to your request for "the documented date that the video surveillance/body cameras were erased or destroyed," it is not clear what you claim has not been provided to you. You previously requested, "a copy of the documents that you filed about the day in January of 2020 the the defence erased, destroyed or did not preserve the video surveillance." (ECF No. 125.) And we agreed to re-produce "copies of documents previously exchanged by the parties and/or submitted to the Court, . . . , as well as subpoenaed documents." (ECF No. 130.) These documents were produced to you on March 15, 2024, in paper copies, except for the subpoenaed radiology records.

The March 15, 2024 document production included each defendant's responses to your discovery requests, as well as the following:

- Reply In Support of Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment, which explained that "The surveillance video of Plaintiff's assault on library staff was transferred to the San Francisco Police Department on December 10, 2019, and it lapsed or on February 9, 2020 . . . well before this lawsuit was ordered to be served on September 30, 2020" (ECF No. 57, at 3, n.2);

- Reply in Support of Defendants' Motion for Summary Judgment, which explained "[t]he Summons for Defendants were not issued until September 4, 2020 (ECF No. 22) after the surveillance video was disposed of on months prior on February 13, 2020 (ECF No. 79-2 at 3-4 (citing Wang Ex. E))"; and

- Exhibit E to the Declaration of Edmund T. Wang in Support of Reply in Support of Defendants' Motion for Summary Judgment, which is the "Memorandum" which concerned the handling of the surveillance video (ECF No. 79-2).

---

FOX PLAZA · 1390 MARKET STREET, 7TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3837

n:\lit\li2020\210347\01751198.docx

(EXHIBIT B), Letter From defendant's Attorney of Video Surveillance/
Body Camera Surveillance Footage destroyed.
before A year was up.

EXHIBIT 10

# (EXHIBIT-C)

F.R.C.P 37 (e), Failure to preserve electronically stored information

(2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(e) FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

(f) FAILURE TO PARTICIPATE IN FRAMING A DISCOVERY PLAN. If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Mar. 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Pub. L. 96–481, §205(a), Oct. 21, 1980, 94 Stat. 2330, eff. Oct. 1, 1981; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 16, 2013, eff. Dec. 1, 2013; Apr. 29, 2015, eff. Dec. 1, 2015.)

## TITLE VI. TRIALS

### Rule 38. Right to a Jury Trial; Demand

(a) RIGHT PRESERVED. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.

(b) DEMAND. On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and

(2) filing the demand in accordance with Rule 5(d).

(EXHIBIT. C) Failure to preserve electronically Stored Information.

# (EXHIBIT-D) AND (D.1)

(D). Federal law governing body camera/video Surveillance

(D.1). STATE-level regulations

AI Mode    All    News    Videos    Images    Shopping    Short videos    More ▾    Tools ▾

These are results for federal laws *on preservation* of body camera /video surveillance

Search instead for federal laws onpreservation of body camera /video surveillance

✦ AI Overview      *EXHIBIT. D*



There are no broad federal laws governing body camera video preservation for all law enforcement; however, some federal agencies have specific policies, and a pending bill (H.R. 843) proposes a 3-year minimum retention period for federal body camera footage in specific situations. Retention periods vary by state, with many state laws mandating longer storage for footage involving use of force, arrests, or complaints, while non-evidentiary footage is often retained for shorter periods, such as 60 to 90 days. ⬨

## Federal laws and policies

- **No comprehensive federal law:** There is no single, comprehensive federal law mandating how all body camera video must be preserved.

- **Agency-specific policies:** Individual federal agencies, such as the Department of Homeland Security (DHS), have their own policies. For example, DHS policy requires officers to activate their body cameras during specific interactions, like motor vehicle stops or searches, and to upload footage as soon as feasible.

- <u>**H.R. 843:**</u> A proposed bill, H.R. 843, would mandate a minimum 3-year retention period for federal body camera footage if a longer period is requested by an officer or their supervisor who asserts the footage has evidentiary or exculpatory value, or if the footage is used for training purposes. ⬨

## State and local laws      *EXHIBIT - D.1*

- **State-level regulations:** Most regulations on body camera video preservation are made at the state or local level, as states have their own specific laws.

- **Varying retention periods:** Retention periods differ by state. For example, some states have different requirements for non-evidentiary footage versus footage involving arrests or use of force.

- **Examples of state rules:**

  - **California:** Requires non-evidentiary footage to be retained for at least 60 days, and footage involving use of force or arrests to be kept for a minimum of two years.

  - **Other states:** Some states have shorter minimums for routine footage, like 30 to 90 days, but may require longer storage for evidentiary footage. ⬨

## Key differences

- **Evidentiary vs. non-evidentiary footage:** Most jurisdictions have different retention rules for footage that is considered evidence in an investigation versus footage from routine, non-evidentiary interactions.

- **Incident-based storage:** Footage is often categorized by incident. For example, a recording of a routine traffic stop may be erased after a shorter period, while a recording of a use-of-force incident will be preserved for a longer time. ⬨

(EXHIBIT-D), Federal laws Governing body camera video preservation.
(EXHIBIT-D.1) STATE LEVEL REGULATIONS

(EXHIBIT-E), Page 1 AND 2

Page 1, (California, AB69 (2015) rule's AND AB 1953 (2016).

Page 2, (AB 1953 (2016) (Continued)

California   (EXHIBIT.E)   

**AB 69** (2015) requires police departments to consider certain best practices when developing rules for downloading and storing body-worn camera data. Practices to consider include: establishing protocols and temporal standards for downloading data, developing measures to prevent misuse or tampering of the data, categorizing the nature of incidents at the time of download and stating the length of time the data must be stored. The guidelines recommend storing data from "non-evidentiary incidents" for 60 days and a minimum of two years in situations where force is used, an arrest is made, or where a complaint has been made against an officer or agency. Storage procedures should ensure evidentiary chains of custody are preserved, records of access and deletion of data are retained permanently and identify where body camera data should be stored. It also requires certain elements to be considered if third-party data storage vendors are used. In addition, the law requires police departments to retain ownership of body cameras, which shall not be accessed or released for any unauthorized purpose, and are explicitly prohibited from being uploaded onto public and social media Internet Web sites.

**AB 93** (2015) appropriates $10 million to the Board of State and Community Corrections to administer grants that strengthen police-community relations, including grants to address any one time body-worn camera program costs.

**SB 424** (2015) provides that provisions prohibiting eavesdropping and recording or intercepting certain communications do not prohibit officers from using or operating body-worn cameras.

**SB 85** (2015) requires the California Highway Patrol, on or before Jan. 1, 2016, to develop a plan for implementing a body-worn camera pilot program. The pilot program shall explore: which officers should be assigned to wear a body camera and the circumstances under which the cameras should be worn, the minimum specifications for body-worn cameras, the practicality of an officer using a privately owned body camera, the best locations on the officer's body where the camera should be worn, best practices for officers to notify members of the public that they are being recorded, who should retain body camera data and how they should do it, best practices for officer review of recorded body-worn camera data and body-worn camera data's use for training.   (EXHIBIT.E).

**AB 1953** (2016) requires police departments that are establishing body camera policies and procedures to consider enumerated best practices. Best practices include (1) designating a person responsible for downloading the recorded data from the body-worn camera. (If the storage system does not have automatic downloading capability, the officer's supervisor should take immediate physical custody of the camera and be responsible for downloading the data in the case of an incident involving the use of force by an officer, an officer-involved shooting, or other serious incident.) (2) Establishing procedures for when data should be downloaded and how it should be tagged and categorized. (3) Establish specific measures to prevent data tampering, deleting, and copying, including prohibiting the unauthorized use, duplication, or distribution of body-worn camera data. (4) Specifically state the length of time that recorded data is to be stored. Non-evidentiary data should be retained for a minimum of 60 days, after which it may be erased, destroyed, or recycled. An agency may keep data for more than 60 days to have it available in case of a civilian complaint and to preserve transparency. Body camera data should be kept for two years if: it involves use of force by a peace officer or an officer-involved shooting, the recording is of an incident that leads to the detention or arrest of an individual; or the recording is relevant to a formal or informal complaint against a law enforcement officer or a

law enforcement agency. If evidence that may be relevant to a criminal prosecution is obtained from a recording made by a body-worn camera under this section, the law enforcement agency should retain the recording for any time relevant to a criminal prosecution. (5) Records or logs of access and deletion of data from body-worn cameras should be retained permanently. (6) Specify where the body-worn camera data will be stored. (7) If using a third-party vendor to manage the data storage system, consider using a reputable third-party vendor. Do this by entering into contracts that govern the vendor relationship and protect the agency's data, using a system that prevents data tampering and unauthorized access and has a reliable method for automatically backing up data for storage.

Requires that all body-worn camera data be the property of a law enforcement agency. Data cannot be used for personal use and prohibits data from being uploaded onto public and social media internet websites. Sanctions must be included for violations. Nothing in this section shall be interpreted to limit the public's right to access recorded data under the California Public Records Act.

**AB 459** (2017) specifies that the California Public Records Act does not require disclosure of a video or audio recording that was created during the commission or investigation of the crime of rape, incest, sexual assault, domestic violence or child abuse that depicts the face, intimate body part, or voice of a victim of the incident depicted in the recording. The law also requires a law enforcement agency to justify withholding such a video or audio recording by demonstrating that the public interest served by not disclosing the recording clearly outweighs the public interest served by disclosure of the recording. The law authorizes a victim who is a subject of such a recording to be permitted to inspect the recording and to obtain a copy of the recording.

## Colorado

**HB 1285** (2015) created a body-worn camera grant program, a body-worn camera fund and a body-worn camera study committee. The grant program will be administered by the Division of Criminal Justice and funded by the body-worn camera fund. The fund will be in the state treasury and financed by annual legislative appropriations, as well as, any grants and donations received. The body-worn camera study group will examine best practices and submit a written report of its recommendations to the House and Senate Judiciary committees before March, 1 2016. The leg

(EXHIBIT.E), page 2



(EXHIBIT-F)

preservation of body camera/video surveillance Retention



preservation of body camera/video    ✕   🎤   📷   🔍    ⚙   ⋮⋮⋮   Sign in

AI Mode   All   Videos   News   Images   Shopping   Short videos   More ▾   Tools ▾

✦ AI Overview    *(EXHIBIT.F)*    ⋮

Preserving body camera and video surveillance records involves secure storage, clear retention policies, and maintaining the chain of custody. Shorter retention periods, like 30 to 90 days, are often used for non-evidentiary footage, while records from significant events like use of force or arrests are kept for longer durations, sometimes for several years, to serve as evidence. It's crucial to retain records of access and deletion, ensure data ownership remains with the agency, and handle public access according to specific policies. 🔗

## Retention periods

- **Routine footage:** Typically kept for a shorter period, ranging from 30 to 90 days.

- **Evidentiary footage:** Retained for a longer duration, often several years or indefinitely, particularly if it involves use of force, arrests, or a complaint.

- **Active investigations:** Footage can be withheld from public release for a period (e.g., up to 60 days) while an investigation is active to avoid interference. 🔗

## Data management and security

- **Chain of custody:** Procedures must be in place to preserve the chain of custody for all video evidence.

- **Access and deletion records:** A permanent record of all access and deletion of data must be maintained.

- **Data ownership:** Police departments must retain ownership of the cameras and data, and unauthorized access or release to social media is prohibited.

- **Third-party vendors:** Policies must consider the requirements for data storage by third-party vendors, including the vendor's ability to maintain chain of custody and security. 🔗

## Public access and disclosure

- **Varying policies:** Public access varies by jurisdiction and is often handled through the Freedom of Information Act (FOIA) or similar state laws, but specific restrictions can

# $(EXHIBIT - G) AND (G.1)$

(G), California Code, Penal Code - PEN § 832.18

(G.1), Establish SPECIFIC MEASURES

FindLaw.

Find a Lawyer | Legal Forms & Services ∨ | Learn About the Law ∨ | Legal Professionals ∨ | Blogs | 🔍

*(EXHIBIT. 6)*

# California Code, Penal Code - PEN § 832.18

Current as of January 01, 2023 | Updated by Findlaw Staff

(a) It is the intent of the Legislature to establish policies and procedures to address issues related to the downloading and storage data recorded by a body-worn camera worn by a peace officer. These policies and procedures shall be based on best practices.

(b) When establishing policies and procedures for the implementation and operation of a body-worn camera system, law enforcement agencies, departments, or entities shall consider the following best practices regarding the downloading and storage of body-worn camera data:

(1) Designate the person responsible for downloading the recorded data from the body-worn camera. If the storage system does not have automatic downloading capability, the officer's supervisor should take immediate physical custody of the camera and should be responsible for downloading the data in the case of an incident involving the use of force by an officer, an officer-involved shooting, or other serious incident.

(2) Establish when data should be downloaded to ensure the data is entered into the system in a timely manner, the cameras are properly maintained and ready for the next use, and for purposes of tagging and categorizing the data.

*EXHIBIT, (6.1)*

(3) Establish specific measures to prevent data tampering, deleting, and copying, including prohibiting the unauthorized use, duplication, or distribution of body-worn camera data.

(4) Categorize and tag body-worn camera video at the time the data is downloaded and classified according to the type of event or incident captured in the data.

(5) Specifically state the length of time that recorded data is to be stored.

(A) Unless subparagraph (B) or (C) applies, nonevidentiary data including video and audio recorded by a body-worn camera should be retained for a minimum of 60 days, after which it may be erased,

# (EXHIBIT-H) (H.1) (H.2)

(H) EVIDENTIARY DATA INCLUDING VIDEO AND AUDIO RECORDED

(H.1) Determining a retention schedule

(H.2) Consulting with internal legal Counsel

destroyed, or recycled. An agency may keep data for more than 60 days to have it available in case of a civilian complaint and to preserve transparency.

*(EXHIBIT·H)*

(B) Evidentiary data including video and audio recorded by a body-worn camera under this section should be retained for a minimum of two years under any of the following circumstances:

(i) The recording is of an incident involving the use of force by a peace officer or an officer-involved shooting.

(ii) The recording is of an incident that leads to the detention or arrest of an individual.

(iii) The recording is relevant to a formal or informal complaint against a law enforcement officer or a law enforcement agency.

(C) If evidence that may be relevant to a criminal prosecution is obtained from a recording made by a body-worn camera under this section, the law enforcement agency should retain the recording for any time in addition to that specified in subparagraphs (A) and (B), and in the same manner as is required by law for other evidence that may be relevant to a criminal prosecution.

*(EXHIBIT-H·1)*

(D) In determining a retention schedule, the agency should work with its legal counsel to determine a retention schedule to ensure that storage policies and practices are in compliance with all relevant laws and adequately preserve evidentiary chains of custody.

(E) Records or logs of access and deletion of data from body-worn cameras should be retained permanently.

(6) State where the body-worn camera data will be stored, including, for example, an in-house server that is managed internally, or an online cloud database that is managed by a third-party vendor.

(7) If using a third-party vendor to manage the data storage system, the following factors should be considered to protect the security and integrity of the data:

(A) Using an experienced and reputable third-party vendor.

(B) Entering into contracts that govern the vendor relationship and protect the agency's data.

(C) Using a system that has a built-in audit trail to prevent data tampering and unauthorized access.

(D) Using a system that has a reliable method for automatically backing up data for storage.

*(EXHIBIT-H·2)*

(E) Consulting with internal legal counsel to ensure the method of data storage meets legal requirements for chain-of-custody concerns.



(EXHIBIT - I)

ORDER DENYING PLAINTIFF MOTION FOR
SUMMARY JUDGMENT AND GRANTING DEFENDANT
MOTION FOR SUMMARY JUDGMENT.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LANDON LUCKERT,

Plaintiff,

v.

EDWARD GUTIERREZ,

Defendant.

Case No. 19-cv-08204-PJH

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 169, 170

Plaintiff, a former county detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. He alleges that defendant Deputy Gutierrez used excessive force during two separate pat down searches. Plaintiff filed a motion for summary judgment and defendant filed a second motion for summary judgment. Dkt. No. 169, 170. For the reasons set forth below, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

## PRIOR PROCEEDINGS

On September 3, 2020, the court ordered service of plaintiff's amended complaint (Dkt. No. 20) on several claims of excessive force against multiple defendants regarding plaintiff's arrest at the public library and placement in a cell at the county jail. Dkt. No. 21. Many claims and defendants were later dismissed but what is relevant for the instant motions were the allegations that defendant Gutierrez injured plaintiff's wrist at the library and Gutierrez and former defendant Mendoza injured plaintiff while placing him in a cell at the county jail. Dkt. No. 20 at 3-6. Plaintiff stated that Mendoza bent his wrist back and pulled the wrist out of the joint and injured plaintiff's hand when he removed plaintiff's soiled pants at the county jail. Id. at 6-7.

(EXHIBIT·I)

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

1    Defendants filed a summary judgment motion which included various

2    declarations and exhibits.  Plaintiff filed several oppositions (Dkt. Nos. 77, 81, 85) and

3    generally argued that he was not resisting but he presented very few arguments

4    regarding the actions of the individual defendants. The operative amended complaint

5    had presented specific allegations against Mendoza, but in opposition to summary

6    judgment plaintiff stated that this was a mistake because he confused Mendoza and

7    Gutierrez.  Dkt. No. 77 at 9-10.  Plaintiff asked that the allegations against the defendants

8    be switched.  *Id.*

9    In light of plaintiff proceeding pro se and at times being incarcerated or homeless,

10    he was permitted to switch the allegations.  The summary judgment motion included a

11    declaration submitted by Mendoza and exhibits describing the amount of force that was

12    used, which he argued was minimal.  Plaintiff did not even attempt to refute this

13    assertion, and most of his opposition to summary judgment focused on Gutierrez.

14    On December 28, 2022, the court granted summary judgment to Mendoza, who

15    was dismissed with prejudice.  Dkt. No. 89 at 7-11.  Summary judgment was denied to

16    Gutierrez and the case continued with claims of excessive force against Gutierrez for the

17    events at the library and at the county jail.  *Id.*

18    This case was originally scheduled for trial against Gutierrez in May 2024, but was

19    continued to July 29, 2024, because of plaintiff's arrest, sentencing and subsequent

20    incarceration in a federal case in this district.  In April 2024, plaintiff filed several motions,

21    one of which sought to recall Mendoza and substitute him for Gutierrez and dismiss

22    Gutierrez and call him as a witness.  Dkt. Nos. 147, 150, 154, 155.  Plaintiff once again

23    sought to switch the allegations regarding Mendoza and Gutierrez.  He argued that it was

24    Mendoza who used excessive force at the county jail.  Dkt. No. 155 at 1-2.  To further

25    confuse the issue, plaintiff also stated in an additional filing that Gutierrez should in fact

26    not be dismissed but kept as a defendant for injuring plaintiff's wrist at the library while

27    Mendoza was responsible for the excessive force at the jail.  Dkt. No. 160 at 2-4.

28

Case 4:19-cv-08204-PJH    Document 183-79    Filed 03/03/25    Page 36 of 145

1    The court construed plaintiff's motions as a motion for relief from a judgment or

2    order under Rule 60 and a motion to amend under Rule 15. On June 14, 2024, plaintiff's

3    motions were denied. Dkt. No. 162. Mendoza was not recalled and remained dismissed

4    with prejudice. *Id.* at 8. The trial date was vacated, and defendant was permitted to seek

5    additional discovery. In light of plaintiff's changing positions on who used excessive force

6    against him, defendant Gutierrez was permitted to file a second motion for summary

7    judgment regarding events at the library and the jail. *Id.* Plaintiff was not given

8    permission to file a motion for summary judgment as the dispositive motion deadline had

9    long since expired and because plaintiff's prolific filings simply reargued the same and

10   different facts over and over. Nonetheless, plaintiff did file a motion/opposition and it has

11   been considered by the court.

**MOTION FOR SUMMARY JUDGMENT**

12

13   **Legal Standard**

14   Summary judgment is proper where the pleadings, discovery and affidavits show

15   that there is "no genuine dispute as to any material fact and the movant is entitled to

16   judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may

17   affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

18   (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a

19   reasonable jury to return a verdict for the nonmoving party. *Id.*

20   The moving party for summary judgment bears the initial burden of identifying

21   those portions of the pleadings, discovery and affidavits which demonstrate the absence

22   of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

23   *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When

24   the moving party has met this burden of production, the nonmoving party must go beyond

25   the pleadings and, by its own affidavits or discovery, set forth specific facts showing that

26   there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough

27   evidence to show a genuine issue of material fact, the moving party wins. *Id.*

28

United States District Court
Northern District of California

3

**Facts**

A review of the record indicates that the following facts are undisputed unless otherwise noted:

On February 26, 2019, at approximately 4:15 p.m., Library Patrol Officer Ochoa was on duty at the San Francisco Main Library and received a call that a library staff member had been physically assaulted on the sixth floor. Motion for Summary Judgment 2 ("MSJ2") Wang Ex. B, Ochoa Decl. ¶ 3.[1] Ochoa responded to the sixth floor, and library staff identified plaintiff as the assailant, who was still in the area. *Id.* at ¶ 4. Ochoa approached plaintiff, who was visibly agitated and acting erratically and took up an aggressive stance. *Id.* at ¶¶ 4, 5.

After attempting to speak with plaintiff, Ochoa radioed for assistance to the San Francisco deputy sheriffs who were assigned to the library. *Id.* at ¶ 5. Deputy Smith arrived and tried to speak with plaintiff. Wang Ex. C, Smith Decl. ¶¶ 3-5. Smith observed that plaintiff was still visibly agitated. *Id.* at ¶ 4.

After trying to speak with plaintiff, Smith, with Ochoa's assistance, handcuffed plaintiff for everyone's safety as they continued to investigate. Smith Decl. ¶ 5. Once plaintiff was handcuffed, Smith told plaintiff that he was under arrest for willfully resisting, delaying or obstructing a peace officer. *Id.*

Smith then escorted plaintiff from the sixth floor to the security office on the first floor. *Id.* at ¶ 6. Smith radioed his partner, defendant Deputy Gutierrez, and informed him about the incident and asked him to meet him at the security office. *Id.* at ¶ 7.

Gutierrez and other deputies met Smith, Ochoa, and plaintiff at the security office. Brule Decl. ¶ 3; Wang E. A, Gutierrez Decl. ¶ 3. Prior to searching plaintiff, who was still handcuffed, Gutierrez asked him if he had anything on his person that could harm Gutierrez. Gutierrez Decl. ¶ 4. Plaintiff did not respond but was verbally hostile and aggressive. *Id.* ¶ 3. Gutierrez applied a bent wrist-lock on plaintiff with one hand and pat

---

[1] Many of the declarations are the same declarations from the first summary judgment motion.

4

1  searched with the other. *Id.* ¶ 5  Gutierrez applied minimal pressure and found a knife

2  concealed in plaintiff's pocket. *Id.* at ¶¶ 4-5.  Nobody made any physical contact with

3  plaintiff in the security office other than when Gutierrez searched him. *Id.* at ¶ 5.

4      Plaintiff generally disputes Gutierrez assertions, though his allegations differ in

5  various filings.  In the amended complaint, plaintiff stated that at the security office

6  multiple officers pushed him onto the bench and on the floor and twisted his wrists

7  causing severe pain. Dkt. No. 20 at 5.  In his opposition to the first summary judgment

8  motion, he alleged that multiple officers used excessive force on him. Dkt. No. 77 at 7.

9      At his deposition, plaintiff stated that upon entering the security office, he was

10  immediately pushed to the floor, officers got on top of him, and then jumped on him and

11  were bending his wrists.  Wang Ex. F, Luckert Depo at 72-73.

12      In his summary judgment motion and opposition to the second summary judgment

13  motion, plaintiff states that he was brought to the security office and one officer applied

14  pressure to his handcuffed hand.  Dkt. No. 169 at 9-10; Dkt. No. 175 at 2-3.  He did not

15  know which officer was responsible for applying pressure to his handcuffed hand until he

16  read the declaration from each officer and determined it was Gutierrez. *Id.* In these

17  sections of his filings, plaintiff does not address his original assertions that multiple

18  officers jumped on him, pushed him to the ground, and twisted his wrists. *Id.* Later in

19  these filings, plaintiff quotes his earlier filings and states several people pushed him to

20  the bench and floor and twisted his wrists. Dkt. No. 169 at 18; Dkt. No. 175 at 11.

21      In his deposition, plaintiff stated that at the security office the incident with multiple

22  officers jumping on him and knocking him to the ground occurred before "[t]hey went in

23  [his] pockets and everything and tried to find ID and stuff like that." *Id.* at 76-77.  Plaintiff

24  testified that "after they were done" using force—"after they went away and they weren't

25  beating me up anymore, they weren't around me, I ended up trying to get up"—and that

26  was when "[t]hey went in my pockets too. They went in my pockets and everything and

27  tried to find ID and stuff like that." *Id.*  Plaintiff did not argue that the force used during the

28  search of his pockets in the security office was excessive. *Id.* at 72-77.

United States District Court
Northern District of California

1    Gutierrez and others then escorted plaintiff to the transport van outside of the

2    library and secured him in the back.  Gutierrez Decl. ¶ 6  Deputy Mendoza arrived and

3    drove plaintiff to San Francisco County Jail with Gutierrez.  Gutierrez Decl. ¶ 7; Wang Ex.

4    E, Mendoza Decl. ¶ 3.  Upon arriving at the jail, plaintiff was placed into a holding cell.

5    Gutierrez Decl. ¶ 9.  Before, being placed in the holding cell, Gutierrez again searched

6    plaintiff by applying à rear wrist-lock on plaintiff with minimal pressure.  Gutierrez Decl. ¶

7    9. This claim against Gutierrez was already dismissed in the prior summary judgment

8    motion.  Dkt. No. 89 at 4, 7.

9    During the booking process at the jail, plaintiff refused to answer some questions

10   from Jail Medical Services, including refusing to answer whether he was suicidal.

11   Gutierrez Decl. ¶ 10.  When asked if he was injured or had any wounds, plaintiff

12   answered in the negative.  Chan Decl. ¶ 11.  Plaintiff disputes this and states that when

13   he began to tell medical staff about his injuries, he was taken to a cell.  Dkt. No. 175 at 8.

14   Plaintiff was then placed in a safety cell for being combative and presenting an

15   imminent danger to himself and others.  Mendoza Decl. ¶ 6.  Plaintiff was ordered to his

16   stomach so that his handcuffs could be removed, and his clothes were removed because

17   he had soiled them.  Id.; Gutierrez Decl. ¶ 12.  Other deputies removed plaintiff's

18   handcuffs and clothes.  Mendoza Decl. ¶ 7.  Gutierrez states he did not make physical

19   contact with plaintiff while in the safety cell.  Gutierrez Decl. ¶ 11.  Plaintiff has stated that

20   it was not Gutierrez who was involved in removing his clothes or handling his wrists while

21   in the safety cell.  Dkt. No. 150 at 1-7.  Plaintiff alleged that the removal of his clothes and

22   handling of his wrist caused him a great deal of pain and suffering.  Dkt. No. 20 at 7.

23   Plaintiff was released from custody the following day, February 27, 2019.

24   Mendoza Decl. Ex. A at 2.  Medical reports from March 1, 2019, indicated that plaintiff's

25   hand had no visible fractures or malalignment, but there was regional soft tissue swelling

26   and there was a punctate hyperdensity in the distal left thumb and some excoriations on

27   the fingers.  Dkt. No. 169-1 at 15, 18.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

# ANALYSIS

## Legal Standard

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

"To determine whether officers used excessive force during an arrest, courts balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (quoting *Graham*, 490 U.S. at 396). In the Ninth Circuit, evaluation of an excessive force claim under *Graham* involves three steps: (1) assessment of the severity of the intrusion on Fourth Amendment rights by evaluating the type and amount of force used; (2) evaluation of the government's interest in the use of force; and (3) balancing the gravity of the intrusion on the individual with the government's need for the intrusion. *Glenn v. Washington Cnty*, 673 F.3d 864, 872 (9th Cir. 2011). "The operative question in excessive force cases is 'whether the totality of the circumstances justifie[s] a particular sort of search or seizure.'" *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1542 (2017) (alteration in original) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)).

With respect to the events at the county jail, defendant is entitled to summary judgment. It is undisputed that the allegation involving plaintiff being subject to a rear-wrist lock while being patted down upon arrival at the jail was already dismissed in the prior summary judgment motion. It is also undisputed that defendant was not involved in

1    the removal of plaintiff's clothes or handling of his wrists while in the safety cell.

2         In his motion for summary judgment and opposition to defendant's second

3    summary judgment motion, plaintiff attempts to alter his allegations regarding events at

4    the jail. He argues that the initial search at the holding cell of the jail by defendant

5    actually occurred later during the incident in the safety cell and that both cells are actually

6    the same. Dkt. No. 169 at 16-17. Plaintiff argues that defendant's declaration discussing

7    the events and different cells is a lie. Id. at 17. Plaintiff provides no support for his

8    allegations, nor does he address why he is only now altering or clarifying his allegations.

9         Regardless, plaintiff's conclusory allegations with no support are insufficient to

10   survive summary judgment. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984

11   (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is

12   insufficient to raise genuine issues of fact and defeat summary judgment."). It is

13   undisputed and plaintiff has previously conceded that defendant was not involved in the

14   events in the safety cell. The court previously dismissed the claim that excessive force

15   was used during the initial search upon arrival at the jail. Because it is undisputed that

16   defendant was not involved in the relevant incident at the jail, he is entitled to summary

17   judgment.

18        The court now addresses the incident at the library security office. In the amended

19   complaint and original summary judgment motion, plaintiff argued that multiple people

20   were involved in assaulting him that led to his wrists being injured. In the first summary

21   judgment motion, plaintiff only presented specific facts and arguments regarding

22   Gutierrez and it was undisputed that he was the only defendant involved in searching

23   plaintiff at the library security office. Based on those facts and the disputed facts

24   presented by the parties, the court denied summary judgment for Gutierrez.

25        However, in plaintiff's summary judgment motion and opposition to defendant's

26   second summary judgment motion, he presents different allegations and arguments.

27   While he does briefly reference the prior allegations from his amended complaint

28   regarding multiple people assaulting him, he also states that he was brought to the

United States District Court
Northern District of California

1  security office, and he did not know which officer was responsible for applying pressure

2  to his handcuffed wrists until he read the declaration from each officer and determined it

3  was defendant.

4      It is difficult to discern plaintiff's specific allegations and arguments. Defendant's

5  second summary judgment motion specifically focuses on the incident at the library

6  security office, but plaintiff only briefly addresses it. In plaintiff's deposition testimony,

7  plaintiff stated that at the security office the incident with multiple officers jumping on him

8  and knocking him to the ground occurred before "[t]hey went in [his] pockets and

9  everything and tried to find ID and stuff like that." Wang Ex. F, Luckert Depo at 76-77.

10  Plaintiff stated that "after they were done" using force—"after they went away and they

11  weren't beating me up anymore, they weren't around me, I ended up trying to get up"—

12  and that was when "[t]hey went in my pockets too. They went in my pockets and

13  everything and tried to find ID and stuff like that." *Id.* Plaintiff's own deposition testimony

14  does not contend that any force was used when his pockets were searched, and it is

15  undisputed that defendant was the individual who searched plaintiff's pockets.

16      Looking to all of this evidence, defendant has met his burden in demonstrating the

17  absence of any genuine issue of material fact. Defendant has shown that the only force

18  used at the security office was when he used a one-handed bent wrist-lock on plaintiff,

19  using minimal pressure in order to pat search plaintiff with his other hand and this did not

20  constitute excessive force.

21      Plaintiff has not met his burden in showing that there is a genuine issue for trial.

22  In the second summary judgment motion, defendant noted plaintiff's deposition testimony

23  and argued that it demonstrated there was no excessive force when defendant searched

24  him. Plaintiff did not address this in his filings, nor does he meaningfully challenge

25  defendant's other assertions.

26      Plaintiff presents very few allegations or arguments regarding how excessive force

27  was used at the security office. Plaintiff argues that defendant applied pressure to his

28  handcuffed wrist at the security office. Dkt. No. 175 at 2-3. He separately argues that

United States District Court
Northern District of California

defendant was hell bent on injuring his hand. Dkt. No. 176 at 8-8. However, he provides no other details or arguments for this particular statement, and it is not clear which incident this statement is referencing. While plaintiff repeats the allegations from his amended complaint that multiple people were involved in assaulting him, he does not present sufficient arguments regarding defendant's involvement, nor does he clarify his allegations and arguments in response to the contentions in defendant's second summary judgment motion.

Plaintiff is proceeding pro se and has at times been incarcerated; therefore, the court has liberally construed his filings. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("We have, therefore, held consistently that courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly."). However, while *Ponder* relieves pro se inmates from strict compliance with summary judgment rules, it does not entirely release them from any obligation to identify or submit at least some competent evidence in support of their claim. *Soto v. Sweetman*, 882 F.3d 865, 873 (9th Cir. 2018) (plaintiff not entitled to equitable tolling because he failed to allege in his complaint that he could not proceed with grievance process until after an investigation was completed; failed to submit any declaration, affidavit or other competent evidence in his opposition to summary judgment; and failed to raise the issue until responding to the district court's show cause order). Moreover, it is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *See id.*; *see, e.g.*, *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001) (even if there is evidence in the court file which creates a genuine issue of material fact, a district court may grant summary judgment if the opposing papers do not include or conveniently refer to that evidence).

United States District Court
Northern District of California

1    Plaintiff's brief and conclusory arguments are insufficient to overcome summary

2    judgment. He now argues that multiple people assaulted him and that defendant was

3    involved, but the evidence as reflected by his deposition testimony is that there was no

4    force used at this time. Thus, he has not met his burden by setting forth specific facts to

5    show that this occurred and there is a genuine issue for trial. Plaintiff has not presented

6    arguments or evidence for the court to determine if there is a factual dispute sufficiently

7    material to warrant denial of defendant's second summary judgment motion. Nor has

8    plaintiff met his burden in showing that defendant's brief pat down in the library security

9    office constituted excessive force when he stated at the deposition that the force was

10   used before his pockets were searched. Plaintiff's argument regarding the pat down

11   seem to chiefly rely on defendant's statement that he applied a bent wrist-lock with

12   minimal pressure. However, simply because defendant applied some pressure to

13   plaintiff's wrist does not automatically result in a finding of excessive force. Defendant

14   argues that it was a de minimis use of force and plaintiff has not met his burden in

15   showing that there are disputed facts regarding the use of force. Much of defendant's

16   second summary judgment motion focused on the incident at the library security office.

17   Despite the importance of this claim, plaintiff only presented cursory arguments in his

18   filings.

19    The court notes that unreasonable force claims are generally questions of fact for

20   a jury. *See Headwaters Forest Defense v. Cnty. of Humboldt*, 240 F.3d at 1185, 1198

21   (9th Cir. 2000) *overruled on other grounds*; *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.

22   1995) (citing *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). Although excessive

23   force cases can be decided as a matter of law, they rarely are because the Fourth

24   Amendment test for reasonableness is inherently fact specific. *See Headwaters*, 240

25   F.3d at 1198; *see, e.g., Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 605-06 (9th Cir.

26   2016) (although plaintiffs presented substantial evidence that force was unreasonable,

27   judgment as a matter of law inappropriate because defendants also presented substantial

28   evidence to support their position; jury entitled to choose between both positions based

United States District Court
Northern District of California

11

1    on their weighing of the evidence and witnesses' credibility).

2         Here, it is difficult for the court to determine the exact nature of plaintiff's

3    allegations, and he has ultimately failed to meet his burden in demonstrating disputed

4    facts to show excessive force during the search at the library office. He has not

5    sufficiently shown specifically which defendant used excessive force or that the minimal

6    pressure Gutierrez used during the search was excessive. *See Donovan v. Phillips*,

7    Case No. 14-cv-0680-CRB, 2015 WL 993324, at *5-7 (N.D. Cal. Mar. 4, 2015), aff'd,

8    *Donovan v. Phillips*, 685 Fed. App'x 611 (9th Cir. 2017) (gripping a woman's wrist,

9    applying pressure, and twisting her arm, causing her to roll onto the ground and injuring

10   her rotator cuff when she did not comply with orders to get back into a car was objectively

11   reasonable). While it is undisputed that plaintiff was diagnosed with some injuries to his

12   wrist three days after these events, he has not shown that the injury was from this search

13   conducted by defendant. Summary judgment is granted to defendant for this claim.

14        **Qualified Immunity**

15        The defense of qualified immunity protects "government officials . . . from liability

16   for civil damages insofar as their conduct does not violate clearly established statutory or

17   constitutional rights of which a reasonable person would have known." *Harlow v.

18   Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the

19   plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S.

20   194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can

21   have a reasonable, but mistaken, belief about the facts or about what the law requires in

22   any given situation. *Id.* at 205. A court considering a claim of qualified immunity must

23   determine whether the plaintiff has alleged the deprivation of an actual constitutional right

24   and whether such right was clearly established, such that it would be clear to a

25   reasonable officer that his conduct was unlawful in the situation he confronted. *See

26   Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part

27   test that required determining a deprivation first and then deciding whether such right was

28   clearly established, as required by *Saucier*). The court may exercise its discretion in

United States District Court
Northern District of California

12

deciding which prong to address first, considering the particular circumstances of each

case. *Pearson*, 555 U.S. at 236. ~~CONSTITUTIONAL AMENDMENT~~

AND 4th Amendment

Here, the court found that defendant did not deprive plaintiff of a constitutional

right. Defendant is entitled to qualified immunity because the undisputed facts

demonstrate that defendant did not utilize excessive force during the two separate

searches. With respect to the search at the library security office, it would not be clear to

a reasonable deputy that the minimal pressure used to search plaintiff would violate his

constitutional rights.

## CONCLUSION

1. For the reasons set forth above, defendant's motion for summary judgment

(Dkt. No. 170) is **GRANTED** and plaintiff's motion for summary judgement (Dkt. No. 169)

is **DENIED**.

2. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: March 3, 2025

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge

*Left margin (rotated): By committing excessive force the Defendants lost their immunity. Because the committed*

*Top handwritten: AND 4th Amendment*

*Bottom handwritten:*

*as shown through out my entire civil case Documents AND medical Exhibits. It was a Injury that lasted 16 MONTHS. WHICH IS ALSO IN THE PLAINTIFF SUMMARY Judgment.*

*The Documented Medical documents show that I needed physical Therapy for 15/16 months. That is not a de minimus injury*

13

(EXHIBIT-J)

OBJECTION TO A RULING OR ORDER

FILED

MAR 19 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1  Michael Luckert
2  391 ELLIS STREET
3  San Francisco, CA 94102
4  Michaelluckert1@gmail.com
5  Attorney in Pro-se: Michael Luckert
6

7  UNITED STATES DISTRICT COURT
8  NORTHERN DISTRICT Of California
9  Michael Luckert, Plaintiff    Case No. 19-CV-08204-
10     .VS                        PJH
11  San Francisco County
12  Police : Police oFFicer      Objections to a ruling
13  Gutierrez                    OR ORDER
14          .defendant's         F.R.C.P. Rule 46
15
16     A Formal exception to a ruling or order is
17  unnecessary. When the ruling or order is
18  requested or made, a party need only state
19  the action it wants the courts to take or
20  object to, along with the grounds for the
21  request or object. failing to object does
22  not prejudice a party who had no opportunity
23  to do so when the ruling or order was made.
24
25  (a). In General, Judges and attorneys in Federal
26  civil procedure cases should Follow the Federal
27  Rules of Civil Procedure (FRCP) as they stand
28  in 2019, Which includes amendments made
   objections to a ruling or order
                                    page 1 of 11

* plaintiff
and written
mistake bidsay 2025

(EXHIBIT J) objections to a ruling or order
Pages 1-11

1 effective in 2019 and any subsequent
2 changes. rather than relying solely on
3 the rules as they existed in 2019.
4   (b). Failure to Preserve Electronically
5 Stored Information that should have been
6 preserved in the anticipation or conduct
7 of litigation is lost because a party fails
8 to take reasonable steps to preserve it,
9 and it can not be restored or replaced through
10 additional discovery. the court :
11   (1) upon finding prejudice to another party
12 from loss of the information, may order
13 measures no greater than necessary to cure
14 the prejudice; or
15  (2) Only upon finding that the party acted
16 with the intent to deprive another party of
17 the information's use in the litigation may :
18   (A) presume that the lost information
19 was unfavorable to the party;
20   (B) instruct the jury that it may or must
21 presume the information was unfavorable to
22 the party ; or
23   (C) dismiss the action or enter a default
24 judgment .
25
26   (c). OBJECTIONS
27
28   (1). I, michael Luckert, have a Objection
   Objection to a Ruling or order          page 2 of 11

1 that are of a Federal Rule of Civil
2 Procedure. (Rule 37(e). In which the defence and
3 Police officer: Gutierrez and the
4 San Francisco Police department broke.
5 Because all of rule 37(e) applies when it
6 came to the Defendant Officer Gutierrez and
7 the San Francisco Police and Gutierrez Counsel.
8 Destroying/Erased Body Camera and Video
9 Surveillance of this incident before a year was
10 up, which that is the minimum standard that
11 even State Law must abide by for preserving
12 Electronically Stored Information. strike out
13
14 (d). The Federal Rules of Civil Procedure: Rule 37(e)
15 was made for a Purpose. So the preservation of
16 Electronically Stored Information Can Stand up against
17 the lies of old school law. Where it was the
18 Policemans Word against the People of the
19 United States. I believe Transparency is
20 What this rule 37(e) has in mind.
21 (e). Under the Federal Rules of Civil
22 Procedure, a defendant's duty to preserve    *Handwritten
23 electronically stored information (ESI) begins    ERROR Page
3 line 26
24 when they reasonably anticipate litigation.    Should say
25 Even before a lawsuit is Filed. Under Common    Amended
26 law and as expressly referenced in amended complaint    Complaint
27 Federal Rule of Civil Procedure (FRCP) 37(e).
28 19-cv-08204-PJH complaint is filed on: 12-17-2019.
objection to a ruling or order    Page 3 of 11

1  (F). The defendant, his counsel and the
2  San Francisco Police need to be held
3  accountable for braking F.R.C.P. 37(e).
4
5  (g). OBJECTION)
6  On page 2 lines 3-4 of (ORDER Denying
7  Plaintiff's Motion For Summary Judgment and
8  Granting Defendant's Motion For Summary
9  Judgment) it says: "He" (as in Plaintiff), presented
10 very few argument regarding the actions of the
11 individual defendant.
12  (g.1). In Plaintiff's (Declaration of Michael Luckert
13 for Opposition to Summary Judgment) page 2 lines 20-
14 28 and Page 3 lines 1-28 the Plaintiff is stating
15 that Officer Gutierrez charged Plaintiff on
16 February 26, 2019 with resisting arrest, obstructing/
17 Delaying a peace officer/EMT, Interfering with a
18 Public agency, Disturbing the peace, Possession of a
19 Weapon at the Courthouse/public building.
20  (g.2). All charges got dropped "MEANING" I
21 Michael Luckert, did not (1). Resist/obstruct/delay
22 Peace Officer/EMT. (2). Interfer with Public
23 Agency. (3). Disturb the peace. (4). Possession
24 of a Weapon at the Courthouse/Public Building.
25  What the Plaintiff wants done is for the Judge
26 to "STRIKE" any documents that talk about the
27 above charges that got dropped. Another words
28 if the defence and it's counsel use any of the
   objection to a ruling or order
                              page 4 of 11

1  ———— dropped charges to try and defend
2  themselves. Or Just trying to make me,
3  Michael Luckert, Look bad with Case's ————
4  that are not even true And did not get
5  convicted of. So how you going to make a case
6  ———— built off of things I never got
7  convicted of.
8  (h).            O B J E C T I O N
9       on page 2 of Document 179, Lines 3-4 it
10 says "He presented very few arguments regarding
11 the actions of the individual defendant" Specifically
12 about switching defendants when we were
13 in the discovery Phase.
14    (h.1). The reason I Switched Police
15 officers in this law suit (19-08240-PJH),
16 was because my Face was always in the
17 ground and or pushed forward so I could not
18 see what officer did what to me.
19    So when I got The police incident report
20 I match it up with what police officer
21 I felt did the excessive force. Because
22 from the way the incident report went
23 I could tell what officers was around me,
24 Michael Luckert. ——————————————— Plus
25 This one document called Amended Complaint
26 (Document 7 Filed 01-27-20, page 10, Lines
27 2-8, it says: At all times in the Amended
28 Statement of claim Complaint any Deputy/

objection to a ruling or order
                              page 5 of 11

1  sheriff / building grounds Patrol may take the
2  Place of any other Deputy / Sheriff / building grounds
3  Patrol in this amended statement of claims (complaint),
4  OR names may be added. Do to camera / video
5  Surveillance, discovery and in the interest of Justice.
6      Now I hope the Judge and the defence see
7  how important it is to preserve Body Camera's,
8  Video Surveillance. Which the defendant.
9  Police officer Gutierrez and the San Francisco
10 Police department need to be brought to
11 Justice For destroying, writing over Body
12 Cameras.
13
14      O B J E C T I O N
15
16  (1). document 179, Filed 03/03/25, Page 1,
17 Line 23-24. It says "but what is relevant for
18 the instant motion were the allegations that
19 defendant Gutierrez injured plaintiff's wrists
20 at the library." Plaintiff's left and right hand,
21 wrist, Finger's.
22  (1.a).  Document 175 Filed 12/16/24 (Declaration
23 oF Michael Luckert For Opposition To Summary
24 Judgment), page's 2 and 3). As far as the
25 Court Clerk's stamp is on top. This
26 Declaration of Michael Luckert is all about
27 Defendant Gutierrez injuring plaintiff's
28 wrist at the library. Specially Page 2,
    objection To a ruling or order
                              page 6 oF 11

1 Lines 26-26, AND page 3, Lines 1-10, were
2 it says "I was brought to the San Francisco
3 county main library security Building
4 ground Patrol office. I did not Know exactly
5 what officer at the building grounds
6 security office at the main library was
7 responsible for applying pressure to my
8 handcuffed hands until I read the
9 Declaration's of each officer at the scene
10 of this particular incident. Only (1) officer
11 in the building grounds security office
12 applied pressure to my hand cuffed wrists.
13 And in (officer Gutierrez Declaration) he is
14 admitting to applying pressure to my wrist
15 at the building grounds security office
16 at the main library in San Francisco."
17 Lines 20-21 "These officers that applied
18 pressure to my hand cuffed wrists
19 injured me
20  (1.b) These injury's were not deminimous.
21 The police officer Gutierrez put to much pressure
22 on my right wrist. pushing it passed what it
23 will bend. Injuring Plaintiff. And according to
24 the medical documents my right and left
25 wrist's fingers, hand were still injured and was not
26 Deminius. on 3/1/19 in Document 175-1, filed
27 12/16/24, page 19 it states "Contusion of hand,
28 unspecified laterality.
objection to a ruling or order

page 7 of 11

1  (1.C) Document 175-1, Filed 12-16-24, Page 37,
2  EXHIBIT 1.I, page 326 of the medical
3  report says "soft tissue injury/sprain on
4  bilateral hands. This was on 3-1-2019.
5
6  (1.D) 3-15-19 In Document 175-1, Filed 12-16-24,
7  page 37 it also states after 2½ week that
8  finally my right hand swelling went down "No
9  noted swelling on R hand" but I was still
10  in pain. (This is a lot of pain and suffering).
11
12  (1.E) Officer Gutierrez have caused me
13  pain and suffering from the incident at the
14  library injuring both right and left hand.
15  Finger, wrist. Causing me pain and suffering
16  for months, as the Exhibit -(1.J), Zuckerberg
17  San Francisco General Hospital will show.
18
19  (1.F) in Document 179 Filed 03/03/25, page
20  4, Lines 8 - 10 it states "Ochoa approached
21  plaintiff, who was visibly agitated and acting,
22  erratically and took up an aggressive stance."
23  I, michael Luckett, did not take up a aggressive
24  stance, which is irrelavent because Gutierrez
25  is the defendant not Ochoa and smith. And
26  the time were are talking about is the time
27  at the Main library in the Building grounds Patrol
28  office that Officer Gutierrez injured me the

Objection to a ruling or ORDER                    page 8 of 11

1  First time.

2

3  (1.G). Document 179, Filed 03/03/25, page 5,
4  Line 1, it states "Gutierrez applied minimal
5  pressure and Found a knife."
6      Gutierrez is lying. The officers did not
7  Find a Knife on me until I, Michael Luckett,
8  was in the transportation Vam. The Officer
9  asked me if I had anything else in my Pockets
10 and I said "yes". And I reached in my Pocket
11 and gave the legal Knife to the Officer.
12

13  (1.H). Document 179, Filed 03/03/25, page 6,
14 Line 5 and 6 it states "Gutierrez Decl. 99.
15 Before, being placed in the holding cell, Gutierrez
16 again searched plaintiff by applying a rear wrist
17 lock on plaintiff with minimal pressure."
18     This incident when Gutierrez again injures
19 Michael Luckert was in the safety cell with
20 Deputy Mendoza. This rear wrist lock was not
21 Deminimus. Gutierrez push My wrist Post the
22 point that it moves injuring plantiff.
23 Please refer to this Document, Objection
24 to a ruling or ORDER, page 7, Lines 20-28
25 and page 8, lines 1-17. With the Sprained
26 wrist's, And swelling of both hands until
27 2 1/2 week later. Then For month I still
28 was in pain as the medical documents will

Objection to a ruling or ORDER    Page 9 of 11

1  Explain.
2
3    (1.I). Document 179 Filed 03/03/25,
4  page 6, line 11,12. it states "when asked if he was
5  injured or had any wounds, plaintiff answerd
6  in the negative.
7    This is not how the question above was
8  asked. The Question the Police asked me
9  was. Do I have any life threatening injuries?
10 Which I said "no". The questions are
11 not the same.
12
13   (1.J) Document 179 Filed 03/03/25,
14 page 8, line 3-5 says "plaintiff attempted to
15 alter his allegations regarding events at the
16 Jail. He argues that the initial search at
17 the holding cell of the Jail by defendant
18 actually occured later during the incident in
19 the safety cell.
20    IF you read my Documents From the
21 beginning Amended complaint till now the
22 Judge and defendant will see I have
23 been saying this whole time that it happens
24 in the Safety cell. These incident like
25 this is way Body Camera's and video surveillance
26 are so important. So that we can tell a lie
27 from the truth. Lines 15,16 it says "undisputed
28 that defendant was not involved in the relevant
   objection to a ruling or order        Page 10 of 11

1  if ... at the jail.
2
3  (1.K) The burden, is on Officer Gutierrez
4  to show that Gutierrez did not use
5  excessive force on me, Michael Luckett, by
6  presenting the body camera footage.
7  And the immunity thing is off the table
8  because Officer Gutierrez broke the law
9  and committed excessive force.
10  (1.K) I also object to Brian Mendoza for commiting
11  excessive force also on with appeal

RELIEF

13  (1). The remaining Defendant officer
14  Gutierrez should at least get a (default
15  Judgment in my favor.
16  Date: 3-17-2025
17
18  Signature of Attorney in Pro-se:
19           Michael Luckett
20
21
22
23
24
25
26
27
28

Objection to a ruling or order          page 11 of 11



(EXHIBIT-K)

VALLEY CARE MEDICAL PLEASANTON

Official Copy

**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

VALLEYCARE PLEASANTON
5555 W Las Positas Blvd
Pleasanton CA 94588-4000

Luckert, Michael
MRN: 75861773; DOB: 7/12/1969, Sex: M
Visit date: 3/1/2019

## 03/01/2019 - Appointment in VCP Diagnostic Radiology

### Visit Information

#### Appointment Information

XR8INPATIENT
3/1/2019  1:00 PM                                    Completed

| Time | Provider | Department | Length |
|------|----------|------------|--------|
| 1:00 PM | VCP XR 04 | VCP DIAGNOSTIC RADIOLOGY | 5 min |

Referral Provider:    TJOE, ANDREAS              Arrival Time:    12:51 PM

#### History

| Made On: | 3/1/2019 12:51 PM | By: | Gill, Italo, RT | RIS |
| Checked In: | 3/1/2019 12:51 PM | By: | Gill, Italo, RT | ES |
| EOD Status: | 3/5/2019 12:11 AM | By: | Eod, Processing | ES |

### Medication List

#### Medication List

Cannot display patient medications because the patient has not yet been checked in.

### Imaging

#### Imaging

**XR Hand 3 Views Right (Final result)**

XR Hand 3 Views Right
Resulted: 03/01/19 1821, Result status: Final result
Ordering provider: Tjoe, Andreas, MD  03/01/19 1236
Resulted by: Ye, Xin, MD
Order status: Completed
Filed by: Sho, In-Radiant Results Multiple Systems  03/01/19 1324
Performed: 03/01/19 1251 - 03/01/19 1311
Resulting lab: RADIOLOGY
Accession number: VC14336050
Narrative:
RADIOGRAPHIC EXAMINATION OF THE BILATERAL HANDS: 3/1/2019 12:55

CLINICAL HISTORY: 49 years of age, Male, pain and swelling following trauma.

COMPARISON: None.

PROCEDURE COMMENTS: 3 views of the bilateral hands.

FINDINGS:

There is no visible fracture or malalignment. The joint spaces are preserved. There is regional soft tissue swelling. There is a punctate hyperdensity in the distal left thumb.

Impression:
IMPRESSION:

1. No fracture or malalignment.
2. Punctate hyperdensity in the distal left thumb may represent external artifact versus foreign body.

Physician to Physician Radiology Consult Line: (650) 736-1173

EXHIBIT-K

000006



Official Copy

**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

VALLEYCARE PLEASANTON    Luckert, Michael
5555 W Las Positas Blvd      MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000    Visit date: 3/1/2019

## 03/01/2019 - Appointment in VCP Diagnostic Radiology

### Visit Information

#### Appointment Information

XR5INPATIENT                                     Completed
3/1/2019 12:55 PM

| Time | Provider | Department | Length |
|------|----------|------------|--------|
| 12:55 PM | VCP XR 04 | VCP DIAGNOSTIC RADIOLOGY | 5 min |

Referral Provider:    TJOE, ANDREAS          Arrival Time:        12:51 PM

#### History

| Made On: | 3/1/2019 12:51 PM | By: | Gill, Italo, RT | RIS |
|----------|-------------------|-----|------------------|-----|
| Checked In: | 3/1/2019 12:51 PM | By: | Gill, Italo, RT | ES |
| EOD Status: | 3/5/2019 12:11 AM | By: | Eod, Processing | ES |

### Medication List

#### Medication List

Cannot display patient medications because the patient has not yet been checked in.

### Imaging

#### Imaging

XR Hand 3 Views Left (Final result)

XR Hand 3 Views Left                                  Resulted: 03/01/19 1321, Result status: Final result

Ordering provider: Tjoe, Andreas, MD 03/01/19 1236      Order status: Completed
Resulted by: Ye, Xin, MD                                Filed by: Shc, In-Radiant Results Multiple Systems 03/01/19
                                                        1324
Performed: 03/01/19 1251 - 03/01/19 1311                Accession number: VC14336047
Resulting lab: RADIOLOGY
Narrative:
RADIOGRAPHIC EXAMINATION OF THE BILATERAL HANDS; 3/1/2019 12:55

CLINICAL HISTORY: 49 years of age, Male, pain and swelling following trauma.

COMPARISON: None.

PROCEDURE COMMENTS: 3 views of the bilateral hands.

FINDINGS:

There is no visible fracture or malalignment. The joint spaces are preserved. There is regional soft tissue swelling. There is a
punctate hyperdensity in the distal left thumb.

Impression:
IMPRESSION:

1. No fracture or malalignment.
2. Punctate hyperdensity in the distal left thumb may represent external artifact versus foreign body.

Physician to Physician Radiology Consult Line: (650) 736-1173

Official Copy

**Stanford**
HEALTH CARE
STANFORD MEDICINE

VALLEYCARE PLEASANTON    Luckert, Michael
5555 W Las Positas Blvd      MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000     Adm: 3/1/2019

### 03/01/2019 - ED in VCP Emergency Department

## Reason for Visit

### Chief Complaint

- Hand Swelling (Pt reports injury to bilateral hands by PD, both hands are swollen and unable to palpate any radial or ulnar pulses.)

### Visit Diagnoses

| Name | In ED? |
|---|---|
| Contusion of hand, unspecified laterality, initial encounter (primary) | Yes |
| Contusion, shoulder and upper arm, multiple sites, unspecified laterality, initial encounter | Yes |
| Rib contusion, left, initial encounter | Yes |

## Visit Information

### Admission Information

| | | | | | |
|---|---|---|---|---|---|
| Arrival Date/Time: | 03/01/2019 1215 | Admit Date/Time: | 03/01/2019 1217 | IP Adm. Date/Time: | |
| Admission Type: | Emergency | Point of Origin: | Home | Admit Category: | |
| Means of Arrival: | Police-other | Primary Service: | Emergency | Secondary Service: | N/A |
| Transfer Source: | | Service Area: | STANFORD HEALTH CARE | Unit: | VCP Emergency Department |
| Admit Provider: | | Attending Provider: | Tjoe, Andreas, MD | Referring Provider: | |

### Discharge Information

| Discharge Date/Time | Discharge Disposition | Discharge Destination | Discharge Provider | Unit |
|---|---|---|---|---|
| 03/01/2019 1412 | Jail Or Prison | Jail | None | VCP Emergency Department |

### Follow-up Information

| Follow-up With | Details | Why | Contact Info |
|---|---|---|---|
| Your doctor | | | |

## Treatment Team

| Provider | Service | Role | Specialty | From | To |
|---|---|---|---|---|---|
| Tjoe, Andreas, MD | Emergency Medicine | Attending Provider | Emergency Medicine | 03/01/19 1223 | 03/01/19 1412 |
| Maher, Shannon, RN | — | Registered Nurse | — | 03/01/19 1219 | — |

## Events

### ED Arrival at 3/1/2019 1215

Unit: VCP Emergency Department

### Admission at 3/1/2019 1217

Unit: VCP Emergency Department          Room: ED16          Bed: 16
Patient class: Emergency Services        Service: Emergency

### ED Roomed at 3/1/2019 1217

Unit: VCP Emergency Department          Room: ED16          Bed: 16
Patient class: Emergency Services        Service: Emergency

### Discharge at 3/1/2019 1412

Unit: VCP Emergency Department          Room: ED16          Bed: 16
Patient class: Emergency Services        Service: Emergency

### Discharge at 3/1/2019 1412

Unit: VCP Emergency Department          Room: ED16          Bed: 16
Patient class: Emergency Services        Service: Emergency

Printed on 3/10/21  8:39 AM

Page 10

Official Copy

**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

VALLEYCARE PLEASANTON
5555 W Las Positas Blvd
Pleasanton CA 94588-4000

Luckert, Michael
MRN: 75861773, DOB: 7/12/1969, Sex: M
Adm: 3/1/2019

ED in VCP Emergency Department (continued)

Events (continued)

## Medication List

### Medication List

This report is for documentation purposes only. The patient should not follow medication instructions within.
For accurate instructions regarding medications, the patient should instead consult their physician or after visit summary.

**Prior To Admission**
None

**Discharge Medication List**
None

**Stopped In Visit**
None

## ED Provider Note

ED Provider Notes by Tjoe, Andreas, MD at 3/1/2019 1:29 PM

Author: Tjoe, Andreas, MD
Filed: 3/1/2019 1:51 PM
Editor: Tjoe, Andreas, MD (Physician)

Service: —
Date of Service: 3/1/2019 1:29 PM

Author Type: Physician
Status: Signed



**Stanford**
**HEALTH CARE**   **ValleyCare**
STANFORD MEDICINE

# Emergency Department
# Provider Note

| Name: Michael Luckert<br>MRN: 75861773 | ED Arrival: 3/1/2019 12:17 PM<br>Room #: 16 |

**History & Physical**

Triage:
Chief Complaint
Patient presents with
• Hand Swelling
  Pt reports injury to bilateral hands by PD, both hands ae swollen and pt reporting pain
  diffusely, +csm, +pulses.

HPI
49 Y male here for medical clearance. Patient said that he was assaulted by the police
officers on Tuesday. He said he was beat up. Now has swollen hands bilaterally and
right shoulder pain. Denies chest pain. He does have a visible bruise to the left lower rib.
No shortness of breath.
No fevers, cough.

Stanford
HEALTH CARE
STANFORD MEDICINE

VALLEYCARE PLEASANTON Luckert, Michael
5555 W Las Positas Blvd
Pleasanton CA 94588-4000

MRN: 75861773, DOB: 7/12/1969, Sex: M
Adm: 3/1/2019

## 03/01/2019 - ED In VCP Emergency Department (continued)

ED Provider Note (continued)

Physical Exam
**VITAL SIGNS:**
Visit Vitals:

|  | 03/01/19 1221 |
| --- | --- |
| BP: | 120/68 |
| Pulse: | 67 |
| Resp: | 20 |
| Temp: | 36.9 °C (98.5 °F) |
| TempSrc: | Oral |
| SpO2: | 98% |

CONSTITUTIONAL: Well appearing male in NAD, non toxic appearing.
EYES: EOMI, normal conjunctiva, PERRLA
ENT: normal oropharynx with no exudates, moist oral mucosa, normal external ears
NECK: Supple, no vertebral tenderness
CARDIOVASCULAR: Normal S1, S2. Regular rate and rhythm, no murmurs, rubs, or gallops.
RESPIRATORY: normal respiratory effort, clear to auscultation, no wheezing, rales or rhonchi
ABDOMEN: non-distended, soft, non tender, no guarding, no rebound.
MSK: Full range of motions in all extremities, normal gait. Both hands are swollen and the dorsal aspect. Has some excoriations on the fingers
NEURO: normal sensory, motor, normal speech and follows commands appropriately
SKIN: Warm and dry. No rash, lesions.

Procedures

**Expand/Collapse Notes**

**Labs & Imaging**

**ED Physician and Radiology interpertations:**
(For Limited US, complete procedure note)
XR Shoulder 2 Views Right
Final Result
IMPRESSION:

1. No acute fracture or malalignment.

Physician to Physician Radiology Consult Line: (650) 736-1173

Signed

Official Copy


**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

VALLEYCARE PLEASANTON  Luckert, Michael
5555 W Las Positas Blvd      MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000     Adm: 3/1/2019

**03/01/2019 - ED In VCP Emergency Department (continued)**

**ED Provider Note (continued)**

XR Hand 3 Views Left
Final Result
IMPRESSION:

1. No fracture or malalignment.
2. Punctate hyperdensity in the distal left thumb may represent external artifact versus foreign body.

Physician to Physician Radiology Consult Line: (650) 736-1173

Signed

XR Hand 3 Views Right
Final Result
IMPRESSION:

1. No fracture or malalignment.
2. Punctate hyperdensity in the distal left thumb may represent external artifact versus foreign body.

Physician to Physician Radiology Consult Line: (650) 736-1173

Signed

**Medical Decision Making**
Initial Ddx, assessment and plan: 49-year-old male here for medical clearance status post physical artery locations with police. Hands do show some swelling however x-rays obtained and they are negative. Right shoulder Xray also negative. Motrin for pain. Stable for discharge. Medically cleared

**ED Treatment:**
Labs ordered:
None

Medications
Ibuprofen (MOTRIN) tablet 600 mg (600 mg Oral Given 3/1/19 1336)

Consults ordered:
None

**Clinical Decision Rules**

Case 4:19-cv-08204-PJH   Document 183   Filed 12/22/25   Page 66 of 145
Official Copy   Case 4:19-cv-08204-PJH   Document 175-1   Filed 12/16/24   Page 23 of 98

Stanford
HEALTH CARE
STANFORD MEDICINE

VALLEYCARE PLEASANTON   Luckert, Michael
5555 W Las Positas Blvd
Pleasanton CA 94588-4000   Adm: 3/1/2019

MRN: 75861773, DOB: 7/12/1969, Sex: M

03/01/2019 - ED In VCP Emergency Department (continued)

**ED Provider Note (continued)**

**ED Course, Data Review & Interpretation:**

**Disposition:**
Diagnosis:
Contusion of hand, unspecified laterality, initial encounter
Contusion, shoulder and upper arm, multiple sites, unspecified laterality, initial
encounter
Rib contusion, left, initial encounter
Disposition: Discharge
   Admitting Attending: No admitting provider for patient encounter.
   OR
   Follow up: Your doctor

**New Prescriptions**
No medications on file

**Expand/Collapse Notes**
**Critical Care**
Not applicable

Electronically signed by Tjoe, Andreas, MD at 3/1/2019 1:51 PM

**ED Notes**

ED Notes by Montano, Briana, RN at 3/1/2019 2:07 PM

| Author: Montano, Briana, RN | Service: --- | Author Type: Registered Nurse-ED |
| Filed: 3/1/2019 2:08 PM | Date of Service: 3/1/2019 2:07 PM | Status: Signed |
| Editor: Montano, Briana, RN (Registered Nurse-ED) | | |

Discussed with case management, patient cleared for discharge.

Electronically signed by Montano, Briana, RN at 3/1/2019 2:08 PM

**ED Care Timeline**

Patient Care Timeline (3/1/2019 12:15 to 3/1/2019 14:12)



Official Copy
**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

VALLEYCARE PLEASANTON    Luckert, Michael
5555 W Las Positas Blvd    MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000    Adm: 3/1/2019

03/01/2019   ED in VCP Emergency Department (continued)

### ED Care Timeline (continued)

| 3/1/2019 | Event | Details | User |
|---|---|---|---|
| 12:15 | Patient arrived in ED | | Achaigua, Jenesis |
| 12:15:28 | Emergency encounter created | | Achaigua, Jenesis |
| 12:15:55 | Arrival Complaint | medical clearance | |
| 12:17:23 | Patient roomed in ED | To room ED16 | Koon, Donna, RN |
| 12:19 | Triage Start | Triage Start<br>Triage Start: STARTING TRIAGE | Maher, Shannon |
| 12:19:28 | Assign Nurse | Maher, Shannon, RN assigned as Registered Nurse | Maher, Shannon |
| 12:19:46 | Triage Started | | Maher, Shannon |
| 12:21 | Initial Questions | Treatment PTA<br>Treatment PTA: Ice | Maher, Shannon |
| 12:21 | Vitals | **Pain Assessment**<br>Pain Scale Instruction: Yes<br>Pain Level - 1st Site: 7<br>Does Patient have Chronic Pain: No<br>Pain - 1st Site<br>Pain Level - 1st Site: 7<br>Pain Orientation - 1st Site: R<br>Pain Location - 1st Site: Hand<br>Pain Description - 1st Site: At Rest; Aching<br>Pain Intervention - 1st Site: Ice/Cold Pack<br>Does the patient have an additional pain location?: Yes<br>Pain - 2nd Site<br>Pain Orientation - 2nd Site: L<br>Pain Location - 2nd Site: Hand<br>Pain Description - 2nd Site: At Rest; Aching<br>Pain Intervention - 2nd Site: Ice/Cold Pack<br>**Vitals**<br>BP: 120/68<br>Mean Arterial Pressure (Calculated): 85 mmHg<br>Temp: 36.9 °C (98.5 °F)<br>Temp Source: Oral<br>Pulse: 67<br>Resp: 20<br>SpO2: 98 %<br>O2 Delivery: RA | Maher, Shannon |
| 12:21 | Custom Formula Data | Relevant Labs and Vitals<br>Temp (in Celsius): 36.9<br>Pain 1st Site<br>(RN Documented) Pain Orientation: R<br>(RN Documented) Pain Location: Hand<br>Pain 2nd Site<br>(RN Documented) Pain Orientation 2nd Site : L<br>(RN Documented) Pain Location 2nd Site : Hand | Maher, Shannon |
| 12:21:07 | Chief Complaints Updated | Hand Swelling (Pt reports injury to bilateral hands by PD, both hands as swollen and pt reporting pain diffusely, +csm, +pulses.) | Maher, Shannon |
| 12:21:28 | Allergies Reviewed | | Maher, Shannon |

000016

Official Copy

## Stanford
### HEALTH CARE
STANFORD MEDICINE

VALLEYCARE PLEASANTON    Luckert, Michael
5555 W Las Positas Blvd          MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000      Adm: 3/1/2019

**03/01/2019 ED in VCP Emergency Department (continued)**

**ED Care Timeline (continued)**

| Time | | | |
|---|---|---|---|
| 12:52 | Infection Screening | Infection Screening<br>Have you had/ever had a previous infection?: No<br>Tuberculosis (TB) symptom(s) present: None<br>Current or recent tuberculosis diagnosis and/ or on TB medication : No or not applicable<br>Active diarrhea in the previous 48 hours: No or N/A<br>Skin problems on assessment: None<br>Influenza like symptoms: None<br>Within the preceeding 6 months patient traveled outside of the United States or immigrated to the United States: No | Maher, Shannon |
| 12:52 | Custom Formula Data | Pain 1st Site<br>(RN Documented) Pain Orientation: L<br>(RN Documented) Pain Location: Hand<br>Pain 2nd Site<br>(RN Documented) Pain Orientation 2nd Site: R<br>(RN Documented) Pain Location 2nd Site: Hand | Maher, Shannon |
| 12:52:01 | Imaging Exam Started | XR Hand 3 Views Right | Gill, Italo, RT |
| 12:52:11 | Imaging Exam Started | XR Shoulder 2 Views Left | Gill, Italo, RT |
| 12:53 | Triage Plan | Room Precaution<br>Patient Meets Criteria for Isolation: Not applicable<br>Triage Destination<br>Patient ESI Level: 4<br>Destination: Emergency Department | Maher, Shannon |
| 12:53 | Initial Questions | Treatment PTA<br>Treatment PTA: Ice<br>Domestic Abuse Screening<br>Because difficult relationships can cause health problems, we are asking all of our patients the following question: Does a partner, or anyone at home, hurt, hit, or threaten you or take advantage of you financially?: Patient answers "No"<br>Does RN have reason to believe a Social Work Consult is needed to assess abuse or neglect risk?: No<br>Risk of Suicide<br>Do you feel down depressed or hopeless?: Yes<br>(Retired) Suicide Rating Scale: Columbia-Suicide Severity Rating Scale (C-SSRS)<br>Do you wish you were dead or have you had thoughts of killing yourself?: No | Maher, Shannon |
| 12:53 | Intervention(s) | Intervention(s)<br>Intervention(s): Ice | Maher, Shannon |
| 12:53:03 | Pain reassessment completed | | Maher, Shannon |
| 12:53:08 | Allergies Reviewed | | Maher, Shannon |
| 12:54 | STAMP Assessment | STAMP Assessment<br>STAMP Assessment: None at present time | Maher, Shannon |
| 12:54:06 | Triage Completed | | Maher, Shannon |

Case 4:19-cv-08204-PJH    Document 175-1    Filed 12/16/24    Page 26 of 98

 **Stanford**
**HEALTH CARE**
STANFORD MEDICINE

Official Copy

VALLEYCARE PLEASANTON    Luckert, Michael
5555 W Las Positas Blvd        MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000      Adm: 3/1/2019

**03/01/2019 - ED in VCR Emergency Department (continued)**

**ED Care Timeline (continued)**

| Time | Type | Details | Provider |
|---|---|---|---|
| 13:24:14 | Imaging Result | XR Hand 3 Views Left | Shc, In-Radiant Results Multiple Systems |
| 13:31:30 | XR Shoulder 2 Views Right Resulted | Collected: 3/1/2019 13:29 Last updated: 3/1/2019 13:34 Status: Final result | Shc, In-Radiant Results Multiple Systems |
| 13:31:35 | Orders Acknowledged | New: Ibuprofen (MOTRIN) tablet 600 mg | Maher, Shannon |
| 13:31:45 | History Reviewed | Sections Reviewed: Medical, Surgical, Family, Tobacco, Alcohol, Drug Use, Custom | Tjoe, Andreas, MD |
| 13:34:35 | Imaging Result | XR Shoulder 2 Views Right | Shc, In-Radiant Results Multiple Systems |
| 13:35:08 | Home Medications Reviewed | | Maher, Shannon |
| 13:36 | Medication Given | Ibuprofen (MOTRIN) tablet 600 mg ; Dose: 600 mg ; Route: Oral ; Scheduled Time: 1317 | Maher, Shannon |
| 13:51 | Patient/CareGiver/ MSE | Medical Screen Exam  Medical Screen Exam: I have performed a medical screening examination on this patient and no emergency medical condition exists at this time | Tjoe, Andreas, MD |
| 13:51:46 | Discharge Disposition Selected | ED Disposition set to Discharge | Tjoe, Andreas, MD |
| 13:51:46 | Disposition Selected | | Tjoe, Andreas, MD |
| 13:51:50 | ED Provider Notes | Note filed at this time | Tjoe, Andreas, MD |
| 13:51:50 | ED Attending Note Signed | ED Prov Note filed by Tjoe, Andreas, MD | Tjoe, Andreas, MD |
| 14:01 | Homeless Discharge Checklist | Homeless Discharge Checklist - Nursing Documentation  The homeless patient has been offered a meal: Yes  The homeless patients has been offered weather-appropriate clothing: Yes | Maher, Shannon |
| 14:02:57 | AVS Printed | | Maher, Shannon |
| 14:02:58 | AVS Printed | | Maher, Shannon |
| 14:02:58 | AVS Printed | ED Additional Information  Jail/Medical Screening Examination Letter | Maher, Shannon |



Official Copy
**Stanford**
**HEALTH CARE**

VALLEYCARE PLEASANTON   Luckert, Michael
5555 W Las Positas Blvd        MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000       Adm: 3/1/2019

03/01/2019 • ED in the Emergency Department (continued)

### ED Care Timeline (continued)

| 14:04 | Homeless Discharge Checklist | **Homeless Discharge Checklist - Nursing Documentation** | Maher, Shannon |
|---|---|---|---|

The physician or designee has communicated post-discharge medical needs to the homeless patient.: Yes
The homeless patient has been provided with a prescription, if needed: N/A
The homeless patient has been offered or referred to screening for infectious disease : Yes
The homeless patient has been offered vaccinations appropriate to the homeless patient's presenting medical condition: N/A
**Homeless Discharge Checklist - Social Work Documentation**
The homeless patient has been referred to a source of follow-up care, if medically necessary: Yes
The hospital has offered the homeless patient transportation after discharge to a maximum travel time of 30 minutes or a maximum travel distance of 30 miles of the hospital: N/A
Reason patient was not offered transportation, or not applicable:: in custody
The homeless patient has been provided with a medical screening examination and evaluation. At this time, follow-up behavioral health care is:: Not clinically indicated
The homeless patient has been screened for, and provided assistance to enroll in, any affordable health insurance coverage for which he or she is eligible: Yes
The homeless patient has been referred to homeless shelters: N/A

| 14:07:41 | ED Notes | Discussed with case management, patient cleared for discharge. | Montano, Briana, RN |
| 14:09 | Transfer Disposition | E - Vitals (15 min before transfer)<br>Pulse: 70<br>Resp: 18<br>BP: 125/87 | Severance, Susan, RN |
| 14:09 | Custom Formula Data | Hemodynamics<br>Mean Arterial Pressure (Calculated): 100 mmHg | Severance, Susan, RN |
| 14:10 | Patient Discharge | **Patient Discharge**<br>Reassessment of Chief Complaint: discharged in US Marshall custody<br>Patient Teaching: Discharge Instructions reviewed<br>Discharge Mode: Ambulatory<br>Accompanied by: Law Enforcement<br>Discharge Transportation: Law Enforcement<br>**Patient Discharge**<br>Discharge AMA: No | Severance, Susan, RN |
| 14:12 | Patient discharged | | Severance, Susan, RN |
| 14:12:14 | Patient Summary Extract Created | | Severance, Susan, RN |

### Imaging

#### Imaging

**XR Hand 3 Views Left (Final result)**                    Resulted: 03/01/19 1321, Result status: Final result

XR Hand 3 Views Left
Ordering provider: Tjoe, Andreas, MD  03/01/19 1236      Order status: Completed
Resulted by: Ye, Xin, MD                                 Filed by: Shc, In-Radiant Results Multiple Systems  03/01/19 1324
Performed: 03/01/19 1251 - 03/01/19 1311                 Accession number: VC14336047
Resulting lab: RADIOLOGY
Narrative:

Page 21



Official Copy
**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

VALLEYCARE PLEASANTON
5555 W Las Positas Blvd
Pleasanton CA 94588-4000

Luckert, Michael
MRN: 75861773, DOB: 7/12/1969, Sex: M
Adm: 3/1/2019

03/01/2019 - ED in VCP Emergency Department (continued)

**Imaging (continued)**

RADIOGRAPHIC EXAMINATION OF THE BILATERAL HANDS 3/1/2019 1259

CLINICAL HISTORY: 49 years of age, Male, with pain and swelling following trauma.

COMPARISON: None.

PROCEDURE COMMENTS: 3 views of the bilateral hands.

FINDINGS:

There is no visible fracture or malalignment. The joint spaces are preserved. There is regional soft tissue swelling. There is a punctate hyperdensity in the distal left thumb.

Impression:
IMPRESSION:

1. No fracture or malalignment.
2. Punctate hyperdensity in the distal left thumb may represent external artifact versus foreign body.


Physician to Physician Radiology Consult Line: (650) 736-1173

Signed

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 13 - RIS | RADIOLOGY | Unknown | Unknown | 11/22/10 0854 - Present |

**XR Hand 3 Views Left**                                    Resulted: 03/01/19 1251, Result status: In process

Ordering provider: Tjoe, Andreas, MD  03/01/19 1236          Order status: Completed
Resulted by: Ye, Xin, MD                                     Filed by: Gill, Italo, RT  03/01/19 1251
Performed: 03/01/19 1251 - 03/01/19 1311                     Accession number: VC14336047
Resulting lab: RADIOLOGY


**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 13 - RIS | RADIOLOGY | Unknown | Unknown | 11/22/10 0854 - Present |

Signed
Electronically signed by Ye, Xin, MD on 3/1/19 at 1321 PST


**XR Hand 3 Views Right (Final result)**

**XR Hand 3 Views Right**                                   Resulted: 03/01/19 1321, Result status: Final result

Ordering provider: Tjoe, Andreas, MD  03/01/19 1236         Order status: Completed
Resulted by: Ye, Xin, MD                                    Filed by: Shc, In-Radiant Results Multiple Systems  03/01/19
                                                            1924
Performed: 03/01/19 1251 - 03/01/19 1311                    Accession number: VC14336050
Resulting lab: RADIOLOGY
Narrative:
RADIOGRAPHIC EXAMINATION OF THE BILATERAL HANDS 3/1/2019 1259
CLINICAL HISTORY: 49 years of age, Male, with pain and swelling following trauma.

Case 4:19-cv-08204-PJH    Document 175-1    Filed 12/16/24    Page 29 of 98

Stanford
HEALTH CARE
STANFORD MEDICINE

VALLEYCARE PLEASANTON
5555 W Las Positas Blvd
Pleasanton CA 94588-4000

Luckert, Michael
MRN: 75861773, DOB: 7/12/1969, Sex: M
Adm: 3/1/2019

**03/01/2019 - ED in VCP Emergency Department (continued)**

Imaging (continued)

COMPARISON: None.

PROCEDURE COMMENTS: 3 views of the bilateral hands.

FINDINGS:

There is no visible fracture or malalignment. The joint spaces are preserved. There is regional soft tissue swelling. There is a punctate hyperdensity in the distal left thumb.

Impression:
IMPRESSION:

1. No fracture or malalignment.
2. Punctate hyperdensity in the distal left thumb may represent external artifact versus foreign body.

Physician to Physician Radiology Consult Line: (650) 736-1173

Signed

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 13 - RIS | RADIOLOGY | Unknown | Unknown | 11/22/10 0854 - Present |

XR Hand 3 Views Right
Ordering provider: Tjoe, Andreas, MD  03/01/19 1236
Resulted by: Ye, Xin, MD
Performed: 03/01/19 1251 - 03/01/19 1311
Resulting lab: RADIOLOGY

Resulted: 03/01/19 1252, Result status: In process
Order status: Completed
Filed by: Gill, Italo, RT  03/01/19 1252
Accession number: VC14336050

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 13 - RIS | RADIOLOGY | Unknown | Unknown | 11/22/10 0854 - Present |

Signed

Electronically signed by Ye, Xin, MD on 3/1/19 at 1321 PST

XR Shoulder 2 Views Right (Final result)

XR Shoulder 2 Views Right
Ordering provider: Tjoe, Andreas, MD  03/01/19 1236
Resulted by: Ye, Xin, MD
Performed: 03/01/19 1252 - 03/01/19 1311
Resulting lab: RADIOLOGY
Narrative:

Resulted: 03/01/19 1331, Result status: Final result
Order status: Completed
Filed by: Shc, In-Radiant Results Multiple Systems  03/01/19 1334
Accession number: VC14336052

RADIOGRAPHIC EXAMINATION OF THE SHOULDER: 3/1/2019 13:05

CLINICAL HISTORY: 49 years of age, Male, pain following assault.

COMPARISON: None.

PROCEDURE COMMENTS: 3 views of the right shoulder.

Printed on 3/10/21  8:39 AM

Official Copy  Case 4:19-cv-08204-PJH    Document 176    Filed 12/16/24    Page 13 of 18

**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

VALLEYCARE PLEASANTON    Luckert, Michael
5555 W Las Positas Blvd    MRN: 75861773, DOB: 7/12/1969, Sex: M
Pleasanton CA 94588-4000    Adm: 3/1/2019

### 03/01/2019 - ED In VCP Emergency Department (continued)

**Medication Administrations (continued)**

Frequency: ONCE
Admin Instructions: Give with food or milk.

Rate/Duration: — / —
This drug is associated with a BLACK BOX WARNING. Click on the blue hyperlink below to review the details.

| Timestamps | Action | Dose | Route | Other Information |
|---|---|---|---|---|
| Performed 03/01/19 1336 | Given | 600 mg | Oral | Performed by: Maher, Shannon |
| Documented: 03/01/19 1336 | | | | |

---

**Other Orders**

**Medications**

**IBUPROFEN 200 MG PO TABS (Active)**

Electronically signed by: In-Medication Dispense From Medselect on 03/01/19 1332
Ordering user: In-Medication Dispense From Medselect 03/01/19    Ordering mode: Standard
1332
Frequency: 03/01/19 1332 - Until Discontinued
Admin Instructions: SHANNON MAHER: cabinet override
This drug is associated with a BLACK BOX WARNING. Click on the blue
hyperlink below to review the details.
Medication comments: SHANNON MAHER: cabinet override
Package: 0904-7914-61

Status: Active

**Ibuprofen (MOTRIN) tablet 600 mg (Completed)**

Electronically signed by: Tjoe, Andreas, MD on 03/01/19 1316
Ordering user: Tjoe, Andreas, MD 03/01/19 1316
Authorized by: Tjoe, Andreas, MD
Frequency: STAT Once 03/01/19 1317- 1 occurrence
Acknowledged: Maher, Shannon 03/01/19 1331 for Placing Order
Admin Instructions: Give with food or milk.
This drug is associated with a BLACK BOX WARNING. Click on the blue
hyperlink below to review the details.
Package: 0904-7914-61

Ordering provider: Tjoe, Andreas, MD
Ordering mode: Standard
Class: E-Prescribe

Status: Completed

---

**Flowsheets**

**Advance Directive and POLST**

| Row Name | 03/01/19 1238 |
|---|---|
| Advance Directive | |
| Does patient have an Advance Directive? | No |
| Would the patient like to establish an Advance Directive? | Patient offered information but not interested |

**Custom Formula Data**

| Row Name | 03/01/19 1409 | 03/01/19 1257 | 03/01/19 1252 | 03/01/19 1221 |
|---|---|---|---|---|
| Relevant Labs and Vitals | | | | |
| Temp (in Celsius) | — | — | — | 36.9 |
| Pain 1st Site | | | | |



(EXHIBIT-L)

Disposition of all charges dropped

```
REPORT 6789          O C X                    RUN 06/18/20 @ 10=26 PAGE    1
  SUCKERT/MICHAEL                           ) CTN 19003201 SCN
                                            ) SFNO S473075 INCN 191437788
                                            ) JAIL#19662795 W/M DOB 071269
                                 DEFSTATUS COJ1 ) MCN      STRKS    CELL
  ARREST DATE           JAILST      022719/1849 ) OPLIC
  ---------------------------- KEY DATES ----------------------------
  ARR 022619      REBOOK                        ) BRCN
             /                        /         ) BW  /          PSR
  PROBSTAT         -                            ) INTR               PCD
  SETBAIL $                                     )
  ---------------------- SCHEDULED ON CALENDAR ----------------------
  022719/0900 M97 AN
  -----------------------------------------------------------------------
  KK006845 BKD 148(A)1PC /M NOW 148(A)1PC /M RESIST/OBST/DLY PEACE OFCR/EMT
   COUNT    PLEA   /                     DISM  29
  KK006846 BKD 602,1(B)PC/M NOW 602,1(B)PC/M INTERFERE PUBLIC AGENCY
   COUNT    PLEA   /                     DISM  29
  KK006847 BKD 415PC    /M NOW 415PC     /M DISTURBING PEACE
   COUNT    PLEA   /                     DISM  29
  KK006848 BKD 171B(A)PC /M NOW 171B(A)PC /M POSS WEAPN COURTHOUSE/PUB BLDG
   COUNT    PLEA   /                     DISM  29
  -----------------------------------------------------------------------

  MSG WAITING
```

(EXHIBIT . L), Disposition sheet
OF all charges dropped

1  Michael Landon Luckert #JLW-491
2  Santa Rosa Jail
3  5325 Bright Line
4  Public # 3-768
5
6  Attorney For Plaintiff / In Pro Per; Michael Luckert
7

**FILED**
~~RECEIVED~~

JAN 27 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10  MICHAEL LANDON LUCKERT
                Plaintff,
11
12          VS.
13  San Francisco Police Department
14  Officers /Deputy Sheriffs; D. SMITH #
15  2275, FOX # 2224, LENA #56
16       Gutierrez #1938, Brule#
17  1200, Espiritu # 1952, Mendoza #
18  1300, Mercado # 1952, Barking
19  officer Patrol   Anthony P. rehoo
20                Defendants,

Case No. CV-19-8204 PJH
Notice to United states
officers to be added as
defendants by Amendment
FRCP. Rule 15(c)(2)
AND
Amended Statement
of claim Complaint
FRCP. Rule 15(c)(1)(A)(B)
(c)(i) and (ii)

21   1. Due to process and I, Michael Luckert just getting
22  the police incident report # 190-143-778. I Am putting
23  these officers on notice. To be Added as defendants. FRCP. Rule
24  15(c)(2). And Also the Relation back of Amendment. FRCP. Rule
25  15(c)(1). When I stated "other officers to be determined in my
26  original Complaint Under the ~~Civil Rights Act~~
27  02 U.S.C. § 1983 Filed on Dec 17 2019).
28

EXHIBIT NOTICE to united states officers to be added as
defendants by Amendment AND AMENDED STATEMENT OF claim
complaint

1   SAN FRANCISCO POLICE DEPARTMENT OFFICERS AND
2   PATROL / SECURITY TO BE ADDED AS DEFENDANTS
3   1. All defendants are being sued in there individual capacity
4   unless later on in discovery through policies and procedures
5   I find out that the officials/supervisors broke there
6   own policies and procedures. Then I will sue at that
7   time in the official capacity.
8   2. ALL defendants listed in this Notice to United States officers
9   to be added as defendants are in the police Incident report
10  # 190-143-778. Which I Now have in my possession and
11  is in (EXHIBIT A.B.C.D). At this time I would like to
12  proceed with me alledged excessive force.
13  3. These officers either were involved in the excessive
14  force or just stood around and watched the pain
15  and suffering continue.
16  4. with more discovery of evidence we will see
17  through Audio/video surveillance and body cameras,
18  photo's And documentation the perponderance of
19  evidence. Causing the Pain and suffering. Violating
20  the 8th Amendment.
21  5. All charges in incident Report # 190-143-778
22  that San Francisco police officers/security have charged
23  me with have been dropped/dismissed and is not even
24  a probation violation.
    PARTIES
25
26  1. Plaintiff, Name and present ADDRESS:
27  michael Landon Luckert, 5325 Broder Blvd, Dublin, CA 94568
28  2. Defendants, provide Full name, official position

PAGE 2 OF 9

Notice to united states officers to be Added as defendants
by Amendment.

1  and Place of employment:

2  | Full Name | Official Position | Place of Employment |
|---|---|---|
3  | LENA #56 | Deputy/Officer | San Francisco County |
4  | D. Smith #2275 | Deputy Sheriff | San Francisco County |
5  | Gutierrez #1928 | Deputy | San Francisco County |
6  | Brule #3005 | Deputy | San Francisco County |
7  | Espiritu #1952 | Deputy | San Francisco County |
8  | Mendoza #2324 | Deputy | San Francisco County |
9  | Mercado #1982 | Supervisor | San Francisco County |
10  | Anthony P. Ochoa | Officer / Building grounds Patrol | San Francisco County Main Library |
11  | Fox #2224 | Deputy/Officer | San Francisco County |

12        Amended Statement Of Claim

13      Complaint FRCP. 15(c)(1)(A)(B)(c)(i) And (ii)

14

15      1. On February 26, 2019, (Incident Report # 140-145-778,

16  I was arrested by San Francisco Police officer: D. Smith #

17  #2275. In (EXHIBIT A), page 2, and paragraph, D. Smith

18  #2275 stated "Building grounds Patrol officers and I

19  were able to secure Luckert into handcuffs". In (EXHIBIT

20  B), Highlighted area, I show that he, Anthony P Ochoa,

21  Building grounds Patrol, was responsible also for

22  escorting me to the Building grounds Patrol Office. By

23  his own statement when he states, "I began assisting

24  deputy Smith in detaining the Patron" and "Once under control,

25  the patron was brought to the security office to be

26  processed. Because of these statements I am lead to

27  believe that D. Smith #2275 and Building ground Patrol,

28  Anthony P. Ochoa escorted me from the time of arrest

Not to United States Officers to be added as defendants page 3 OF 9
by Amendment. And Amended Statement of Claim Complaint

1  on the 6th Floor of the main Library in San Francisco to
2  the Building grounds Patrol office. So at this time officer
3  D. Smith #2275 grabbed my hand and twisted it behind
4  my back, And hand cuffed me. Then building grounds
5  Patrol, Anthony P. Ochoa got on the other side of me
6  to escort me to the Building grounds Patrol office.
7  At this time D. Smith #2275 and building grounds patrol,
8  Anthony P. Ochoa twist my wrists. Bending them up. Then
9  they picked me up by my handcuffed hands and pulled me
10 Forward. So as I could not walk on my own. About this time
11 I started to scream ouch stop. This behavior by Anthony
12 P. Ochoa AND Deputy D. Smith #2275 continued all the way
13 down to the building grounds patrol office. Causing my wrist's
14 to be pulled out of Joint and my wrist's to swell. The only
15 resistance I gave was to my handcuffed wrist's in
16 straightening them out. So as these officers would not
17 brake my wrist's. This malicious and sadistic behavior by
18 these officer's has caused me extreme pain and suffering.
19 From the time of the arrest all the way to building grounds
20 Patrol office.
21    2. While in building grounds Patrol office at the main
22 library in San Francisco you will see in (EXHIBIT A) Page
23 2, 3rd Paragraph, when D. Smith #2275 states, I went
24 over the radio on 50-Aib to advise Deputy Gutierrez to
25 meet me in the office. Deputy Gutierrez #1928, Brule #
26 2005 and Espiritu #1952 arrived on scene, that these
27 were the officers Present. At this point in the excessive
28 Force while we were in the building grounds patrol office

Page 4 of 9

~~AMENDED statement of claim complaint~~

1  D. Smith #2275 was on one side of me. In (EXHIBIT B)
2  Second Paragraph, Highlighted area, Anthony P. Ochoa,
3  Building grounds Patrol/security, States," while the
4  Deputy's and security attemped to detain him to the
5  Bench. So with these statements, I am lead to believe
6  that, D. Smith #2275, Gutierrez #1928, Brule #2005,
7  Espiritu #1952 and Building ground Patrol/security;
8  Anthony P. Ochoa were the officers responsible for
9  the excessive force that took place in the building
10 grounds Patrol Office. These officers maliciously
11 and sadistically with Violence that was unnessesary,
12 pushed me to the bench and Floor twisting my wrists,
13 causing me pain and suffering. And my wrist's to
14 swell even more. At this point i am screaming such, stop.
15 Deputy's: D. Smith #2275, Gutierrez #1928, Brule #
16 2005, Espiritu #1952 and Building ground Patrol/security,
17 Anthony P. Ochoa either helped with the excessive force
18 or just stood around while other deputy's took there
19 Place. I hold them all responsible for the excessive
20 force because either they helped with the excessive
21 force or just stood around letting the pain and
22 suffering to continue. Through out this whole
23 incident I am handcuffed with my hands behind my
24 back.
25    3. In (EXHIBIT A), paragraph 5, D. SMITH #2275, states
26 Deputy Gutierrez and Deputy B. mendoza #2324
27 transported Luckert to County Jail #1. So Deputy
28 Gutierrez #1928 and Deputy B. mendoza #2324

page 5 of 9

AMENDED STATEMENT OF CLAIM complaint

1 tranported me to San Francisco County Jail. Deputy:
2 Gutierrez #1925 and Mendoza #2324 are responsible for
3 throwing me in a cell while handcuffed. Rolling me over
4 on my stomach and putting there full weight on my back and
5 grabbing my wrist's and bending them back. I told them
6 to stop, ouch, a few times; but they refused. And the
7 only resistance that I gave was to try and straighten
8 my already swollen and sprained wrist's, so as Gutierrez
9 #1928 and Mendoza #2324 would not brake my wrist's.
10 At this point any sheriff/Deputy would of known in there
11 right mind that my wrist's were injured pretty bad.
12 For you could visibly see my wrist's swollen from
13 previous excessive force that was applied earlier
14 that day. This behavior was malicious and sadistic,
15 with the intent of causing me harm.     .This
16 behavior that I have stated in this paragraph by
17 Mendoza #2324 and Gutierrez #1925 have
18 caused me a great deal of pain and suffering.
19     4.          (EXHIBIT. C)
20   , Highlighted area, were Deputy mendoza #2324 states
21 "subject clothing was discarded due to being soiled;"
22 This statement by Deputy mendoza #2324 tells me
23 that Deputy mendoza #2324 was the one that
24 bent my fingers back, pulling them out of joint and
25 the Deputy who ripped my soiled pants off. For they
26 were one and the same Deputy.
27     Since these officer were not giving me any
28 proper commands I had to ask Deputy Mendoza #2324

<div align="right">page 6 of 9</div>

1  what he wanted me to do, as I was lying on the cell
2  block floor handcuffed and already beat up. Deputy
3  Mendoza #2324 told me to roll over on my stomach.
4  I complied. Mendoza #2324 got on top of me again
5  bending and twisting my left wrist that was already
6  swollen and grabbed my fingers on my left hand, Bending
7  my fingers backwards. ... until I heard a loud pop. Sheriff
8  Deputy Mendoza #2324 keeped behaving in this excessive
9  way for a few seconds more. Then Deputy Mendoza
10 #2324 physically and violently ripped my soiled pants
11 off and with his hand violently wiped my butt
12 with my soiled pants. Deputy Mendoza #2324
13 applied this pressure so hard I felt like I
14 was getting roped by his fingers and my soiled
15 pants. By this time I was in so much pain
16 physically and emotionally I started to cry.
17 Finally, Deputy Mendoza #2324 took the hand-
18 cuffs off. This whole time I was already subdued
19 handcuffed and lying on the cell block floor.
20   This behavior by Mendoza #2324 is unexceptable.
21 This malicious and sadistic behavior was applied
22 for the very purpose of causing harm. These
23 actions by Mendoza #2324 has caused me to
24 suffer and be in pain physically, mentally, and
25 emotionally. These actions by Mendoza #2324 has
26 caused me pain and prolonged suffering in my left
27 hand's nerves, muscles, joints, and fingers. In my
28 left hand these nerves, muscles, joints and fingers

page 7 of 9

AMENDED STATEMENT OF CLAIM COMPLAINT

1  (Do not work right) and close all the way without pain
2  and suffering. And still to this present day there is
3  still pain and suffering that I am still going through.
4  Through this whole excessive force incident in the
5  cell block the only resistence that I applied was
6  just enough force on my handcuffed wrists so
7  that Gutierrez #1928 would not brake my wrists

8    5. This whole time while Deputy/Sheriffs Mendoza
9  #2324 AND Gutierrez #1928 were attacking me
10 with excessive force, there were officers at the
11 cell block door watching AND or participating in this
12 excessive force. I hold them responsible for the
13 pain and suffering; because they just stood there
14 and watched the pain and suffering continue.

15   6. I then sat in the cell for 2 to 3 days without no
16 kind of medical attention for my hands, wrists and
17 finger's. Causing me even more pain and suffing. I
18 hold the medical staff responsible for that 2 to 3 days
19 that they did not take me to a doctor or attend to
20 my visibly swollen wrists, hands and fingers. Causing
21 me prolonged pain and suffering for 2 to 3 days.
22 To me this is medical malpractice.

23   7. IN (EXHIBIT.D), Highlighted area, Deputy/Sheriff
24 Supervisor Mercado #1982, Fox #2224, And Lena #
25 56 are mentioned in this San Francisco Field arrest
26 card. Because of this I would like to do some
27 discovery on them and see if they played a part
28 in this excessive force incident # 190-143-778.

Page 8 of 9
AMENDED statement of Claim complaint

CONCLUSION

1. At all times in the Amended Statement of claim Complaint any Deputy/Sheriff/building grounds patrol may take the place of any other Deputy/Sheriff/building grounds patrol in this amended statement of claims(complaint). OR names may be added. Do to camera/video surveillance, discovery and in the interest of justice.

PRAYER FOR RELIEF

1. (1) That the honorable Judge of the court will ADD these Above defendants in the Amended complaint under the civil rights Act, 42 U.S.C § 1983 For added officers/building grounds patrol being summoned to this law suit Case No. CV-19 8204.

(2) $100,000 + dollars in monetary damages.

(3) Pay for my doctor bills (4) Pay for any possible limited disability that may keep me from performing my job as a established Union Journeyman Carpenter. (5) Pay for my Filling Fee.

(6) Pay for my Filling Fee's (7) Pay for any Attorney that I might acquire. (8) PAY FOR Any lost wages. (9) Restraining order's on the guilty defendant's that caused the excessive Force.

I declare under penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in a dismissal of my claims.

Date: 1-18-2020 / Signature of Applicant in Proper: Michael Luckett

Page 9 of 9
AMENDED Statement of claim COMPLAINT AND PRAYER FOR RELIEF

# EXHIBIT . A

SAN FRANCISCO POLICE REPORT. INCIDENT #
190-143-778 OF: D. SMITH #2275
PAGES 1 AND 2  CV-198204

(EXHIBIT.A) SAN FRANCISCO POLICE REPORT. INCIDENT #
190-143-778, PAGES 1 AND 2 OF D. SMITH #2275
CV-198204

Exhibit, A Case 4:19-cv-08204-PJH Document 7 Filed 01/27/20 Page 12 of 21

Police Report For Excessive Force Case.

**SAN FRANCISCO SHERIFF'S DEPARTMENT** — **INCIDENT REPORT HEADING**

INCIDENT NO. 190-143-778

ARREST MADE ☑ SUSP. KNOWN ☐ SUSP.UNK ☐ NON-SUSP. INCIDENT ☐ PAGE 1 OF 3

| | | | |
|---|---|---|---|
| TYPE OF INCIDENT: Resisting, Delaying, or Obstructing Peace Officer Duties | INITIAL ☑ SUPP. ☐ | CAD NO.: 190-572-589 | |
| REPORTING UNIT: 1Y20 IDA | DATE / TIME OF OCCURRENCE: 02/26/2019 @1625 hours | DATE / TIME REPORTED TO SHERIFF: 02/26/2019 @1630 hours | RELATED CASE NUMBERS: |
| LOCATION OF OCCURRENCE: 30 Grove Street, San Francisco Public Library | | TYPE OF PREMISES: Misc. building/store | LOCATION SENT TO: Same |
| REPORTED TO SFSD CIU/OPS CENTER (NAME / STAR / DATE / TIME): | DOMESTIC (TYPE OF WEAPON) VIOLENCE ☐ | ELDER ABUSE ☐ / GANG RELATED ☐ | JUVENILE SUBJECT ☐ / PREJUDICE BASED ☐ |

I DECLARE, UNDER PENALTY OF PERJURY, THIS REPORT OF 3 PAGES IS TRUE AND CORRECT, BASED ON MY PERSONAL KNOWLEDGE, OR IS BASED ON INFORMATION AND BELIEF FOLLOWING AN INVESTIGATION OF THE EVENTS AND PARTIES INVOLVED.

PROP 115 CERTIFIED: 5YRS ☐ POST TRAINED ☑

REPORTING DEPUTY (PRINT) D. Smith STAR #2275 SIGNATURE D Smith #2275

| | | |
|---|---|---|
| STATION: SPU CITY HALL PATROL | REPORT REVIEWED BY (PRINT NAME / STAR): Lt. M. Haskell #1374 | WATCH COMMANDER APPROVAL (PRINT NAME / STAR): Lt. M. Haskell #1374 |
| WATCH: 1500-2300 | | ASSIGNED BY (PRINT INITIAL / STAR): |
| ASSIGN TO: SFSD CIU | INCIDENT CODES: 27170 | |
| HOW CLEARED: | COPIES TO (NAME OF UNITS): | COPY TO ☑ ☐ ☐ — ICSB ENTRY: |

RP CODES: F – FOUND; N – NOTIFY; P – PARENT; R – REPORTEE; V – VICTIM; W – WITNESS — RACE CODES: A; B; F; H; I; O; U; W

| | | | | | |
|---|---|---|---|---|---|
| CODE: | NAME (LAST, FIRST, MIDDLE) / FIRM NAME IF BUSINESS: | RACE: | SEX: | DOB / AGE: | RESIDENCE PHONE (DAY / NIGHT): |
| RESIDENCE ADDRESS / CITY IF NOT SAN FRANCISCO: | | | | ZIP CODE: | BUSINESS PHONE (DAY / NIGHT): |
| BUSINESS ADDRESS / NAME OF SCHOOL IF JUVENILE / CITY IF NOT SAN FRANCISCO: | | | | ZIP CODE: | RP'S RELATIONSHIP TO SUBJECT: |
| EXTENT OF INJURY / TREATMENT: | VIOLENT CRIME NOTIFICATION YES ☐ NO ☐ N/A ☐ | STAR: | | FOLLOW-UP FORM YES ☐ | STATEMENT YES ☐ |
| OTHER INFORMATION / IF INTERPRETER NEEDED SPECIFY LANGUAGE: | | | | | |
| SIGNATURE OF PARTY REPORTING MISSING PERSON: | 293 PC NOTIFICATION (SEX OFFENSE CASE ONLY) YES | CONFIDENTIALITY REQUESTED RP'S YES ☐ NO ☐ | | STAR: | ADD'L ☐ |

SUBJECT CODES: A – ADMONISHED; B – BOOKED; C – CITED; D – DETAINED; E – EXONERATED; M – MISSING; S – SUSPECT; X – DIVERTED — RACE CODES: A; B; F; H; I; O; U; W

| | | | | | |
|---|---|---|---|---|---|
| CODE: S 1 | NAME (LAST, FIRST, MIDDLE) / FIRM NAME IF BUSINESS: Luckert, Michael | RACE: W | SEX: M | DOB / AGE: 7/12/1959 | ALIAS: |
| HEIGHT: 5'8 / WEIGHT: 155 | HAIR COLOR: BALD / EYE COLOR: HAZEL | RESIDENCE ADDRESS / CITY IF NOT SAN FRANCISCO: Transient | | | ZIP CODE: |
| HOME / CONTACT PHONE: | ID NO. (SOC.SEC. / OP. LIC. / FBI / CII): | | | | SF NO. / X NO.: 473075 |
| BOOKING SECTION / CHARGE #1: 148(a) PC | CHARGE #2: 602.1 (b) PC | CHARGE #3: 171b (a) PC | | CHARGE #4: 415 PC | WHERE BOOKED: CJ1 |
| WARRANT #: | COURT #: / ACTION #: | DEPT / ENROUTE TO: | | | CWB CHECK (PRINT NAME / STAR): |
| WARRANT VIOLATION(S): | | BAIL: | MIRANDIZED YES ☐ NO ☐ | STAR: | STATEMENT YES ☐ |
| CITATION#: | CITE VIOLATION(S): | | | DATE / TIME OF APPEARANCE: | LOCATION OF APPEARANCE: |
| SCHOOL NAME IF JUVENILE: | JN/O #: | | | BOOK / CITE APPROVED BY (PRINT NAME / STAR): | |
| M X-RAYS YES ☐ | MASS ARREST CODE: | OTHER INFORMATION: CITATION / WARRANT / BOOKING CHARGE(S) / MISSING PERSON – SUBJECT DESCRIPTION | | | |
| | | | | | ADD'L SUBJ'S ☐ |

PRIVATE PERSON ARREST: ON THIS DATE, "I ARRESTED THIS PERSON FOR THE PUBLIC OFFENSE(S) LISTED, COMMITTED IN MY PRESENCE IN SAN FRANCISCO, CALIFORNIA. I DELIVERED THIS PERSON TO THE SFSD AND WILL SIGN A WRITTEN COMPLAINT CHARGING THIS PERSON WITH THE COMMISSION OF THESE PUBLIC OFFENSES."

SEPARATE PRIVATE PERSONS ARREST FROM ATTACHED ☐

NAME (PRINT) ______ SIGNATURE ______

SFSD FORM P10A (12/14)

EXHIBIT. A

PAGE 1

EXHIBIT A  Page 2

## SAN FRANCISCO SHERIFF'S DEPARTMENT INCIDENT REPORT NARRATIVE

INCIDENT NO:190-143-778                                    PAGE 2 OF 3

D. SMITH # 2275

On February 26, 2019, I was assigned to the San Francisco Public Library located at 30 Grove Street. I was partnered with Deputy E. Gutierrez #1928. At approximately 1625 hours Building and Grounds Dispatcher advised me that an assault had occurred on the sixth floor. When I arrived on scene I identified myself as a Deputy Sheriff. Building and Grounds Patrol Officers where standing by with an unknown male adult who I later identified as Luckert, Michael SF#473075.

Building and Grounds Patrol Officers notified me that Luckert had assaulted a library staff member. I asked Luckert to explain what had happened and he stated, "To be honest I do not like black people!" I then asked Luckert again to tell me what happened. Luckert stated, "I don't like perverts, so I pinned the man against the wall and told him to sit down!" for Luckert's safety and my safety I told Luckert to turn around so I could place handcuffs on him. Luckert refused and stated, "fuck no!" Luckert had clenched fists and was sweating profusely. I stepped in towards Luckert to place him in handcuffs and he began to resist by attempting to pull away. Building and Grounds Patrol Officers and I were able to secure Luckert into handcuffs. I told Luckert that he was being placed under arrest.

*[handwritten margin note: DiD NOT SAY This]*
*[handwritten margin note: DiD NOT do this or SAY This]*

I escorted Luckert down to the Building and Grounds Patrol office. Luckert continued to try to pull away from us the entire way down to the office. I went over the radio on SO-A16 to advise Deputy Gutierrez to meet me in the office. Deputies Gutierrez #1928, Brule #2005 and Espiritu #1952 arrived on scene. While searching Luckert Deputy Gutierrez found a folding knife (E1) concealed in Luckert's left pant pocket. Deputies Espiritu #1952, Gutierrez #1928 and Brule #2005 escorted Luckert to the Sheriff's van parked on Grove street and secured him in the back. Deputy Gutierrez called CWB and spoke to Lena #56. She advised Gutierrez that Luckert was on Federal Probation. Deputy Gutierrez spoke to Luckert's probation officer Figueroa, Jose. Figueroa advised Gutierrez that Luckert would be placed on a Federal Probation Hold.

*[handwritten margin note: I statec fuck no which in inm head i was responding to Did you assault a libary employee]*

*[handwritten margin note: The off D smith grabbed my hand]*

I spoke to Building and Grounds Patrol Officer Ochoa, Anthony after the incident and he stated he would write a San Francisco Sheriff Department Incident Report Statement (E2). I also spoke to Building and Grounds Patrol Supervisor Ancheta, Walter who stated they had footage of the incident. Ancheta burned a copy of the footage on to a DVD-R (E3).

Deputy Gutierrez and Deputy B. Mendoza #2324 transported Luckert to County Jail #1. Where he was medically cleared and booked for the following: 148(a) PC, 602.1(b) PC, 171b(a) PC and 415 PC.

I took (2) photographs of the folding knife. I booked (E1, E2, and E3) in the City Hall Security Evidence Locker located at 1 Dr. Carlton B. Goodlett Place, Room 017.

*[handwritten note, lower left:]* In a attempt for the officer to not injury me I put just enough force on my wrist that were hand cuff behind me so that my wrist and Fingers would not brake.

*[handwritten note, lower right:]* I was already when I in the back of the transport van and the officer Ask me do you have any thing else in your pockets. I said Yes a knife and gave the officer took it out of my Left pocket. This was volintary and and I was cooperating.

EXHIBIT A / PAGE 2

# EXHIBIT. B

SAN FRANCISCO SHERIFF'S DEPARTMENT

INCIDENT REPORT # 190-143-778

OF ANTHONY P. OCHOA   PAGE 1 OF 1

CV-19 8204

(EXHIBIT. B) SAN FRANCISCO SHERIFFS DEPARTMENT
INCIDENT REPORT # 190-143-778 OF ANTHONY P. OCHOA
PAGES 1 OF 1 CV-19 8204

EXHIBIT B

| SAN FRANCISCO SHERIFF'S DEPARTMENT | INCIDENT REPORT STATEMENT |
|---|---|
| INCIDENT NUMBER _____ | CAD NUMBER _____ |

| NAME (LAST, FIRST, MIDDLE) OF PERSON GIVING STATEMENT | DOB/AGE | PERSONAL/CONTACT PHONE NUMBER | BUSINESS PHONE NUMBER |
|---|---|---|---|
| OCHOA, ANTHONY P. | 10/22/85 - 35 | (650) 291-0475 | (415) 557 - 4357 |

| RESIDENCE ADDRESS/CITY IF NOT SAN FRANCISCO | ZIP CODE | BUSINESS ADDRESS/CITY IF NOT SAN FRANCISCO | ZIP CODE |
|---|---|---|---|
| 227 BRUNSWICK ST. | 94112 | 100 LARKIN ST | 94102 |

| DATE OF STATEMENT | TIME STARTED | TIME COMPLETED | LOCATION WHERE STATEMENT TAKEN |
|---|---|---|---|
| 2/26/19 | 5:30 PM | | AT SCENE ☐ OTHER ☐ |

IN THE PRESENCE OF (IF APPLICABLE)

---

AT APPROXIMATELY 4:15 PM, I ANTHONY OCHOA RESPONDED TO A CALL ON THE 6TH FLOOR OF THE LIBRARY WITH TWO COLLEAGUES ABOUT ONE OF THE LIBRARY STAFF MEMBERS WHO GOT ASSAULTED. UPON ARRIVAL, WE NOTICED A SUSPICIOUS PERSON STILL IN THE AREA. WE APPROACHED THE PATRON AND HE BECAME IMMEDIATELY DEFENSIVE AND WAS TAKING AGGRESSIVE POSTURES TOWARDS MYSELF AND MY COLLEAGUES. WE THEN MADE A RADIO CALL TO HAVE THE SHERIFF DEPUTY COME ASSIST DUE TO THE AGGRESSIVE PATRON. DEPUTY SMITH RESPONDED TO THE SCENE. ONCE CONFIRMED THAT THE PATRON ASSAULTED OUR STAFF MEMBER, DEPUTY SMITH ATTEMPTED TO DETAIN THE PATRON. THE PATRON INSTANTLY BECAME MORE DEFENSIVE AND WAS RESISTING ARREST AND WAS ATTEMPTING TO FIGHT BACK. MY COLLEAGUES AND I BEGAN ASSISTING DEPUTY SMITH IN DETAINING THE PATRON.

ONCE UNDER CONTROL, THE PATRON WAS BROUGHT TO THE SECURITY OFFICE TO BE PROCESSED AND HE CONTINUED TO FIGHT BACK WITH SECURITY AND THE DEPUTY. MORE DEPUTY'S ARRIVED SHORTLY AFTER AND CONTINUED RESISTING COMMANDS AND WAS STILL BEING AGGRESSIVE. WHILE THE DEPUTY'S AND SECURITY ATTEMPTED TO DETAIN HIM TO THE BENCH. HE WAS THEN PROCESSED AND IDENTIFIED AS LUCKERT, MICHAEL. LUCKERT WAS THEN TAKEN AWAY TO BE PROCESSED BY SHERIFF DEPUTY'S.

NOTHING FURTHER TO REPORT.

---

I DECLARE UNDER THE PENALTY OF PERJURY, THAT THE STATEMENT OF __/__ PAGES IS TRUE AND CORRECT, BASED ON MY PERSONAL KNOWLEDGE.

SIGNATURE OF PERSON GIVING STATEMENT: _____

EXHIBIT . C

DEPUTY : MENDOZA # 2324
STATEMENT IN HIGHLIGHTED
AREA INCIDENT REPORT #
190-143-778 / PAGE 1 OF 1
CV- 19 8204

(EXHIBIT .C), DEPUTY: MENDOZA # 2324 /STATEMENT IN HIGHLIGHTED AREA INCIDENT REPORT # 190-143-778/PAGE 1 OF 1 CV-19 8204

DEPUTY B.
MENDOZA
#2324

Deputy that
twisted my already
swollen wrists
and fingers when
I was already
hand cuffed subdued
and lying on the
jail cell floor.

EXHIBIT. C

EXHIBIT. D

SAN FRANCISCO ARREST CARD
WITH OFFICER'S NAMES TO
BE ADDED TO CV-198204
FROM INCIDENT REPORT: 190-143-778

(EXHIBIT. D) SAN FRANCISCO ARREST CARD WITH
OFFICER'S NAMES TO BE ADDED TO CV-198204
FROM INCIDENT REPORT: 190-143-778

ADD to LAWsuit

Fox #2224
I ENA # 56
Mercado #1982

Check These Name with cAMERA Footage

# SAN FRANCISCO FIELD ARREST CARD

SFSD BOOKING #: 19667705
SFPD Booking #:

CASE #: 190-143-7798
Booking Last Name: Luckert
Booking First Name: Michael
Booking Middle Name:
DOB: 7/12/1969

Local ID # (SFNO): 473075
AKA -Last Name:
AKA -First Name:
Pref Pronoun: He( ) She( ) They( ) Other( ) None( )
Preferred Title: Mr. ( ) Ms. ( ) Other ( )

PID Hit: (X) Yes ( ) No
Name: Fox Star: 2224
Residence Address: Transient
Date of Arrest: 2/26/19
RACE: (Check One)
( ) American Indian/Alaskan
( ) Asian/Pacific Islander
( ) Black (X) White ( ) Unknown

CDL # / State
Location of Arrest: 30 Grove Street
Time of Arrest: 1635 Hrs

CII #
Prior to Booking: ( ) Combative ( ) Use of Force ( ) Medical Assessment
*If ANY are checked, provide explanation on the back of the card
Sex: Male (X) Female ( ) Non-Binary ( )
Ethnicity: White

FBI #
Agency: SFSD
Unit: 1Y20IDA
Reason NOT Cited:
Gender Identity
TGN
Jail Health-Medical Triage
(✓) Cleared for booking
( ) Refused for booking
JHS: 2/26/19 Time: 1744
JHS Remarks:

CWB Check: Name / Star #: I ENA #56
DV Related ( ) Yes ( ) No
Property Booked Into Evidence Y ( ) N ( )
Consular Notification ( ) Yes ( ) No *Penal Code 834(c)PC*
Deputy: Star#
Global Subject File#
Search Pref: __M __F
No Pref Star#

Print Legibly

| | Charge | Check If Attempted | Offense Type F/M/I |
|---|---|---|---|
| Arresting Officer AB/Star#: SMITH #2275 | Charge 1: ~~1203.2 PC~~ | ☐ | ~~F~~ |
| Arresting Officer AB/Star#: GUTIERREZ #1928 | Charge 2: 148(a) PC | ☐ | M |
| Supervisor AB/Star#: MERCADO #1982 | Charge 3: 602.1(b) PC | ☐ | M |
| Notifications Made | Charge 4: 171b(a) PC | ☐ | M |

Name:
Phone#
Relationship (check one)
( ) Officer ( ) Parole ( ) Probation
Remarks:
Last/First:
Sub Codes:
Class Level:

SEARCHES
Counter
By: Gutierrez
AB Star: 1928
SFSD
P&P: Strip (X) Pat ( )
Deputy: A9
Star: 1030
SEARCH COMPLETED
P&P: Strip ( ) Pat ( )
Time of Search
Deputy:
Star:

Photo Here

Find out what Deputy This is

EXHIBIT . D

<u>CERTIFICATE OF SERVICE</u>

1

2    I, Michael Luckert, certify under the penalty of

3   PERJURY, that I put in the Mail here at Santa Rita

4   Jail, 5325 Broder Blvd, Dublin, CA 94568 the

5   following documents: Notice to United States officers

6   to be added as defendants by Amendment

7

8              , AMENDED STATEMENT OF CLAIM

9   (COMPLAINT), (EXHIBIT. A.) SAN FRANCISCO

10  POLICE REPORT INCIDENT # 190-143-778 OF

11  D. SMITH #2275, (EXHIBIT.B) SAN FRANCISCO

12  SHERIFF'S DEPARTMENT INCIDENT # 190-143-778

13  OF ANTHONY P. OCHOA, (EXHIBIT.C) DEPUTY:

14  MENDOZA #2324 STATEMENT IN HIGHLIGHTED

15  AREA INCIDENT REPORT # 190-143-778, (EXHIBIT.D)

16  SAN FRANCISCO ARREST CARD WITH OFFICER'S

17  NAMES TO BE ADDED

18

19  ADDRESSED TO: ATTN: COURT CLERK, U.S. DISTRICT

20  COURT, NORTHERN DISTRICT OF CALIFORNIA, 450

21  GOLDEN GATE AVE. BOX 36060, SAN FRANCISCO,

22  CA 94102

23

24  EXECUTED ON THIS DAY OF January 22, 2020

25  CASE NO: CV-19 8204

26  Date: January, 18 2020          Respectfully Submitted,

27  IN Pro-Per: Michael Luckert, 5325 Broder Blvd, Dublin,

28  CA 94568              Signature: Michael Luckert

CERTIFICATE OF SERVICE

I, Michael Luckett, certify under the penalty of PERJURY, that I put in the Mail here at Santa Rita Jail, 5325 Broder, Blvd, Dublin, CA 94568 the following documents: Notice to United States officers to be added as defendant's by Amendment

, AMENDED STATEMENT OF CLAIM (COMPLAINT), (EXHIBIT, A) SAN FRANCISCO POLICE REPORT INCIDENT # 190-143-778 OF D. SMITH # 2275, (EXHIBIT, A) SAN FRANCISCO SHERIFF'S DEPARTMENT INCIDENT # 190-143-778 OF ANTHONY P. OCHOA, (EXHIBIT, C) DEPUTY: MENDOZA # 2324 STATEMENT IN HIGHLIGHTED AREA INCIDENT REPORT # 190-143-778, (EXHIBIT, D) SAN FRANCISCO ARREST CARD WITH OFFICERS NAMES TO BE ADDED.

ADDRESSED TO: ATTN: COURT CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, 450 GOLDEN GATE, AVE. BOX 36060, SAN FRANCISCO, CA 94102

EXECUTED ON THIS DAY OF January 22, 2020

CASE NO: CV-19 8204

Date: January, 18 2020                    Respectfully Submitted,

IN Pro-Per: Michael Luckett, 5325 Broder Blvd, Dublin, CA 94568                    Signature: Michael Luckett



(EXHIBIT-N)

SAN FRANCISCO FIELD ARREST CARD

ADD TO LAWSUIT

FOX #2224
LENA #56
MERCADO #1982

Check These name with CAMERA Footage

# SAN FRANCISCO FIELD ARREST CARD

SFSO BOOKING #: 1966 7705

SFPD Booking #:

CASE #: 190.143.7798

Booking Last Name: Luckert

Booking First Name: Michael

Booking Middle Name:

DOB: 7/12/1969

Local ID # (SFNO): 473075

AKA -Last Name:

AKA -First Name:

Pref Pronoun: He( ) She( ) They( ) Other( ) None( )

Preferred Title: Mr. ( ) Ms. ( ) Other ( )

PID Hit: ( ) Yes ( ) No — Name: [illegible] Star: [illegible]

Residence Address: Transient

Date of Arrest: 2/26/19

RACE: (Check One) ( ) American Indian/Alaskan ( ) Asian/Pacific Islander ( ) Black (X) White ( ) Unknown

CDL # / State:

Location of Arrest: 30 Grove Street

Time of Arrest: 1635 Hrs

CII #:

Prior to Booking: ( ) Combative ( ) Use of Force ( ) Medical Assessment — *If ANY are checked, provide explanation on the back of the card

Sex: Male (X) Female ( ) Non-Binary ( ) — Gender Identity

Ethnicity: White

FBI #:

Agency: SFSD

Unit: 1Y20 1DA

Reason NOT Cited:

Jail Health-Medical Triage: Cleared for booking / Refused for booking

CWB Check: Name / Star #: [illegible]

DV Related: ( ) Yes ( ) No

Property Booked into Evidence Y ( ) N ( )

TGN:

Consular Notification ( ) Yes ( ) No Penal Code 834(c)PC

Deputy:

Star#:

Search Pref: __M __F — No Pref Star#

JHS: 2/26/19 Time: 1744

JHS Remarks:

Global Subject File#:

| Arresting Officer / A#/Star# | Charge (Print Legibly) | Check if Attempted | Offense Type F/M/I |
|---|---|---|---|
| SMITH #2275 | Charge 1: ~~1203.2 PC~~ | ☐ | ~~F~~ |
| GUTIERREZ #1928 | Charge 2: 148(a) PC | ☐ | M |
| Supervisor: MERCADO #1982 | Charge 3: 602.1(b) PC | ☐ | M |
| Notifications Made | Charge 4: 171b(a) PC | ☐ | M |

Name:

Phone#:

Relationship (check one): ( ) Officer ( ) Parole ( ) Probation

Remarks:

Last/First:

Sub Codes:

Class Level:

SEARCHES

Counter By: Gutierrez A# Star: 1928

SFSD

P&P: Strip (X) Pat ( )

Deputy: [illegible]

Star: 1920

SEARCH COMPLETED

P&P: Strip ( ) Pat ( )

Time of Search:

Deputy:

Star:

Photo Here

Find out what Deputy This is

BRIAN MENDOZA

~~EXHIBIT - D~~ ML ML

EXHIBIT - N

# EXHIBIT-O

## NOTICE OF MOTION FOR A NEW TRIAL

1  Michael Luckert PFN: ULW-491
2  5325 Broder Blvd
3  Dublin, CA  94568
4  Attorney in Pro-Se: Michael Luckert

**FILED**

APR 26 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

5
6              UNITED STATES DISTRICT COURT
7         NORTHERN DISTRICT OF CALIFORNIA
8  Michael Luckert, Plaintiff   | Case No. 19-CV-08204-
9         VS.                    |        PJH
10 SAN FRANCISCO Police .Dept    | NOTICE OF MOTION FOR
11 AND OFFICERS: BRIAN           | A New TRIAL
12 MENDOZA #2324, Defendant      | F.R.C.P.  RULE 59
13

NC

14      Notice to the defendant AND the Judge
15 showing that good cause exist for a New Trial. During
16 pretrial the plaintiff, Michael Luckert, was sent
17 some previously exchanged Discovery documents. The
18 plaintiff, Noticed in a good black and white copy of
19 (EXHIBIT·A) to the Declaration of Brian Mendoza)
20 Document 70-11, Filed: 05/11/22, page 2 of 5, that
21 officer Brian Mendoza #2324 used his initials and
22 cursive style star Number to identify himself in
23 the searches/SFSD P&P STRIP (x) Search Box for
24 doing a strip search on plaintiff. Do to not getting
25 a good copy or from getting Fraudulant Filmed over
26 yellow copies to hide certain facts I am Now
27 Just discovering this New Evidence.
28      (1). The Plaintiffs case is Based on the fact

Notice of Motion For A New Trial           Page 1 of 2

       (EXHIBIT D  Notice of Motion For a New
                    Trial

1 | OF what San Francisco officer strip searched
2 | Plaintiff.

## RELIEF

4    (1). A NEW TRIAL WITH Officer Brian Mendoza
5  # 2324 as a Defendant in the Above case.

7  Date: 4-15-2024

9  signature of Attorney in pro-se: Michael Luckett

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  EDMUND T. WANG, State Bar #278755
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3857
6  Facsimile:    (415) 554-3837
   E-Mail:       edmund.wang@sfcityatty.org
7

8  Attorneys for Defendants
   DEVIN SMITH, EDWARD GUTIERREZ,
9  MATTHIEU BRULE, JONATHAN ESPIRITU,
   BRIAN MENDOZA, and ANTHONY P. OCHOA
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13  MICHAEL LANDON LUCKERT,              Case No. 19-cv-08204-PJH

14        Plaintiff,                     **DECLARATION OF BRIAN MENDOZA IN
                                         SUPPORT OF DEFENDANTS' MOTION FOR**
15        vs.                            **SUMMARY JUDGMENT**

16  O. SMITH #2275; GUTIERREZ #1928;     Date Action Filed:   December 17, 2019
    BRULE #2005; ESPIRITU #1952;         Trial Date:          Not Set
17  MENDOZA #2324; ANTHONY P. OCHOA,

18        Defendants.

19

20

21        I, Brian Mendoza, declare as follows:

22        1.      I am, and at all relevant times mentioned herein was, a Deputy Sheriff with the San

23  Francisco Sheriff's Office. I have personal knowledge of the contents of this declaration, except as to

24  those facts that I indicate are based on information and belief. If called upon to testify, I could and

25  would testify competently to the contents of this declaration.

26        2.      On February 26, 2019, I was assigned to provide law enforcement patrol and security

27  services at San Francisco City Hall located at 1 Dr Carlton B Goodlett Place. I responded to the San

28  Francisco Main Library (the "Main Library") located at 30 Grove Street in response to a "407" request

(EXHIBIT - O) Declaration of BRIAN MENDOZA

1   for prisoner transport. I responded to a Sheriff's Office transport van parked outside of the Main

2   Library on Grove Street. I did not enter the Main Library.

3       3.      I participated in transporting the individual who I now know is Plaintiff Michael

4   Luckert in the transport van from the Main Library to San Francisco County Jail #1, which is the

5   Intake Center and Release Center where the Sheriff's Office books people after they are arrested.

6       4.      Upon arriving at San Francisco County Jail #1, Plaintiff refused orders to exit the

7   vehicle and was verbally hostile and aggressive.

8       5.      During the booking process, Plaintiff continued to be verbally hostile and aggressive

9   and continued to be resistive and refused to follow orders. At times during the booking process, I

10  applied a control hold to gain compliance with the fingerprinting, photographing, and medical triage

11  components of the booking process. Plaintiff repeatedly tried to pull away from me during the booking

12  process. I applied only minimal pressure. I applied only enough pressure to be able to detect any

13  resistance and to maintain control of Plaintiff.

14      6.      Plaintiff was placed in a safety cell. A safety cell is a padded single cell used in certain

15  situations, including for prisoners who are physically combative or otherwise present an imminent

16  danger to others, or who are a danger to self. I participated in placing Plaintiff in a safety cell. On the

17  way to the safety cell, Plaintiff continued to be resistive and refused orders. Plaintiff continued to be

18  verbally hostile and aggressive. To escort and guide Plaintiff to the safety cell, I walked alongside

19  Plaintiff and had one hand on his shoulder and one hand on his wrist. Plaintiff repeatedly tried to pull

20  away from me. I applied only enough pressure to be able to detect any resistance and to maintain

21  control of Plaintiff.

22      7.      In the safety cell, it was necessary for Plaintiff to be on his stomach so that his

23  handcuffs could be removed. Plaintiff's clothes needed to be removed as well. Plaintiff soiled his

24  clothes. I smelled feces on Plaintiff's person and his clothes. In the safety cell, Plaintiff continued to

25  be resistive and refused orders. Plaintiff continued to be verbally hostile and aggressive. Plaintiff

26  continued to try to pull away from me. I did not remove Plaintiff's handcuffs. I did not remove

27  Plaintiff's clothes. Other deputies removed Plaintiff's handcuffs and clothes while I maintained control

28  of one of Plaintiff's shoulders and arms. I applied only enough pressure to be able to detect any

Decl. of Brian Mendoza ISO Defs.' MSJ                    2                        n:\lit\li2020\210347\01545209.docx
Luckert v. Smith, et al., Case No.. 19-cv-08204-PJH

1   resistance and to keep Plaintiff from rolling back over until his handcuffs and clothes could be
2   removed. I did not "put[] [my] full weight on [Plaintiff's] back" as alleged in Plaintiff's complaint. I
3   did not make any physical contact with Plaintiff's back at all.
4        8.     I did not threaten or use deadly force against Plaintiff at any time. I did not hit, kick,
5   strike, or otherwise deliver any physical blows to Plaintiff at any time. I did not threaten or deploy any
6   weapons against Plaintiff at any time.
7        9.     A true and correct copy of the Field Arrest Card related to Plaintiff's arrest on February
8   26, 2019 is attached hereto as **Exhibit A**. I wrote the notation on the second page of Exhibit A,
9   "2/26/19 SUBJECT RESISTED ARREST AND RESISTED EXITING THE VEHICLE; SUBJECT
10   WAS VERBALLY AGGRESSIVE; SUBJECT CLOTHING WAS DISCARDED DUE TO BEING
11   SOILED W/ FECES."

12      I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is
13   true and correct.

14      Executed this ⟨9⟩ day of August, 2021 at San Francisco, California.

16                           BRIAN MENDOZA

(EXHIBIT-P)

MOTION FOR A NEW TRIAL WITH BRIAN
MENDOZA #2324 As A DEFENDANT IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY

1  Michael Luckert PFN:ULW-491
2  5325 Broder Blvd
3  Dublin, CA 94568
4  Attorney in Pro-se: Michael Luckert

5
6          UNITED STATES DISTRICT COURT
7          NORTHERN DISTRICT OF CALIFORNIA

8  Michael Luckert, Plaintiff          CASE NO. 08204 -
9          .VS                          PJH
10  San Francisco Police dept      MOTION FOR A NEW
11  And Officer Brian Mendoza      TRIAL WITH BRIAN
12  #2324, Defendants              MENDOZA #2324 AS A
13                                 Defendant in HIS
14                                 OFFICIAL AND
15                                 INDIVIDUAL CAPACITY
16                                 F.R.C.P. Rule 59
17      TO The defendant Brian Mendoza #2324. AND
18  to the Judge of the Court. Because of the New
19  evidence that has been discovered Please substitute
20  Gutierrez #1928 For substitutee Mendoza #2324.
21  As the Courts May know in Plaintiffs (IN opposition
22  to summary Judgment), Document 77, Filed 06/29/22,
23  page 10 Lines 2-11 Explain the excessive force that
24  was done to plaintiff. IF you substitute Gutierrez #
25  1928 For substitutee Mendoza #2324.
26      Page 10 Lines 2-11 ALSO explains that the
27  Same officer that stripped my soiled clothes
28      off.    touching my butthole with his hand so

Motion For A NEW TRIAL WITH BRIAN
MENDOZA #2324 AS A Defendant        Page 1 of 3

(EXHIBIT.P), Motion For a New Trial
with Brian Mendoza #2324 as a Defendant
in his official and individual capacity.

1  hard it almost Felt Like rape
2  _____ is also the same officer that used
3  excessive force and bent my Fingers back until
4  they popped. Ripping my fingers out of joint causing
5  extreme pain etc...
6  → (1). (EXHIBIT.A), to the declaration of Brian

**Please refer to EXHIBIT O**

7  Mendoza) Document 70-11, Filed: 05/11/22, Page 2 of 5,
8  San Francisco Field Arrest Card. Officer Brian Mendoza
9  #2324 used his initials (BM) and cursive style star
10  number 2324 to identify himself in the searches/
11  SFSD P&P STRIP (X) Search Box For doing a strip
12  search on plaintiff.
13    Do to Not getting a good copy or
14   (EXHIBIT.1), San Francisco Field Arrest card, From
15  getting fraudulant filmed over yellow copies to
16  hide certain facts I am Now Just discovering this
17  New evidence in the san francisco field Arrest Card documents.
18   (2). (EXHIBIT.2), San Francisco Field Arrest card,
19  In this Exhibit the courts and the jury can see
20  if you hold it up to light that in the searches,
21  SFSD/P&P; STRIP (X) search box of this black and
22  white copy that the initials (BM), and cursive
23  style star Number of Brian Mendoza #2324 are
24  here to Authenticate and identify what officer
25  Brian Mendoza #2324 did that day. As in
26  strip search plaintiff.
27          RELIEF
28    (1). A New Trial with officer Brian Mendoza

#2324 As a defendant in the Above case.

(2). A New Trial date of July 20, 2024.

Dated: 4-16-2024

Signature of Attorney in Pro-se: Michael Luckett

(EXHIBIT .1)

SAN Francisco Field Arrest card
Fravaulent Filmed over Yellow Copy

motion FoR A New Trial with Brian
MENDOZA #2324 AS A Defendant

# SAN FRANCISCO FIELD ARREST CARD

SFSD BOOKING #: 19667705
SFPD Booking #:

CASE #: Redacted
Booking Last Name: Luckert
Booking First Name: Michael
Booking Middle Name:
DOB: Redacted

Local ID # (SFNO): Redacted
AKA -Last Name:
AKA -First Name:
Pref Pronoun: He( ) She( ) They( ) Other( ) None( )
Preferred Title: Mr. ( ) Ms. ( ) Other ( )

PID Hit (X) Yes ( ) No
Name: [illegible] Star: 2224
CDL # / State
Residence Address: Transient
Location of Arrest: 30 Grove Street
Date of Arrest: 2/26/19
Time of Arrest: 1635 Hrs

RACE: (Check One)
( ) American Indian/Alaskan
( ) Asian/Pacific Islander
( ) Black (X) White ( ) Unknown

CII #: Redacted
FBI #: Redacted
Prior to Booking: ( ) Combative ( ) Use of Force ( ) Medical Assessment
*If ANY are checked, provide explanation on the back of the card
Sex: Male (X) Female ( ) Non-Binary ( )
Ethnicity: White

Agency: SFSD
Unit: 1Y201DA
Reason NOT Cited:
Gender Identity
TGN

Jail Health-Medical Triage
☒ Cleared for booking
☐ Refused for booking
JHS: [illegible] Time: 1744
JHS Remarks: [illegible]

CWB Check: Name / Star #: LENA #560
DV Related ( ) Yes ( ) No
Property Booked Into Evidence Y ( ) N ( )
Consular Notification ( ) Yes ( ) No Penal Code 834(c)PC
Deputy: Star#
Search Pref: ___M ___F
___No Pref Star#

Global Subject File#

| Officers | Print Legibly | Check IF Attempted | Offense Type F / M / I |
|---|---|---|---|
| Arresting Officer A#/Star#: SMITH #2275 | Charge 1: ~~1203.2 PC~~ (initialed) | ☐ | ~~F~~ (initialed) |
| Arresting Officer A#/Star#: GUTIERREZ #1928 | Charge 2: 148(a) PC | ☐ | M |
| Supervisor A#/Star#: MERCADO #1982 | Charge 3: 602.1(b) PC | ☐ | M |
| Notifications Made | Charge 4: 171b(a) PC | ☐ | M |

Name:
Phone#
Relationship (check one)
( )Officer( )Parole( )Probation
Remarks:

SEARCHES
Counter
By: Gutierrez
A# Star# 1928
SFSD
P&P: Strip (X) Pat ( )
Deputy: [illegible]
Star: 1000
SEARCH COMPLETED
P&P: Strip ( ) Pat ( )
Time of Search ______
Deputy:
Star:

LUCKERT, MICHAEL

Last/First:
Sub Codes:
Class Level:

* See Back

Motion For a New trial with Brian MENDOZA #23324 AS A defendant

CCSF_Luckert_000018

(EXHIBIT .2)
SAN FRANCISCO Field Arrest
CARD
BLack AND WHITE copy

MOTION FOR A New trial with Brian
MENDOZA #2324 AS A Defendant

Brian Mendoza
Declaration of
Defendant
#2334 as a Defendant Brian Mendoza
Motion For A New Trial With Brian Mendoza
* See Back

Case 4:19-cv-08204-PJH   Document 70-11   Filed 05/11/22   Page 2 of 5

## SAN FRANCISCO FIELD ARREST CARD

SFPD Booking #

| SFSD BOOKING # | | | | |
|---|---|---|---|---|
| CASE # 010-143.7-7790 | Booking Last Name: Luckert | Booking First Name: Michael | Booking Middle Name: | DOB: |
| Local ID # (SFNO) | AKA -Last Name: | AKA -First Name: | Pref Pronoun: He( ) She( ) They( ) Other( ) None( ) | |
| | | | Preferred Title: Mr.( ) Ms.( ) Other( ) | |
| PID Hit ( )Yes ( )No | Residence Address: Transient | | Date of Arrest 2/10/19 | RACE: (Check One) |
| Name: Ray Star: 2304 | | | | ( ) American Indian/Alaskan |
| COL # / State | Location of Arrest: 30 Grove Street | | Time of Arrest 1625 Hrs | ( ) Asian/Pacific Islander |
| | | | | ( ) Black ( ) White ( ) Unknown |
| CII # | Prior to Booking: ( ) Combative ( ) Use of Force ( ) Medical Assessment | | Sex: | Ethnicity: White |
| | *If ANY are checked, provide explanation on the back of the card | | Male ( ) Female ( ) | |
| FBI # | Agency: SFSD   Reason NOT Cited: | | Non-Binary ( ) | Jail Health-Medical Triage |
| | Unit: 1YROIDA | | Gender Identity | Cleared for booking |
| CWB Check: Name / Star # | DV Related ( ) Yes ( ) No   Property Booked into Evidence Y ( ) N ( ) | | TGN: | Refused for booking |
| 1 PNA #510 | Consular Notification ( ) Yes ( ) No  Pen/Code 834/a/pc | Check if | Offense | Search Pref.__ M  __F | IHS: |
| Global Subject File# | Deputy:                    Star# | Attempted | Type | No Pref  Star# | IHS Remarks: |
| | | Attempt | F / M / I | SEARCHES | |
| Arresting Officer    A#/Star# SMITH   #22715 | Charge 1 [handwritten] | ☐ | | Counter: _____ | |
| | Print Legibly | | | By: _____ Star# ____ | |
| Arresting Officer    A#/Star# GUTIERREZ # 1928 | Charge 2  148(a) PC | ☐ | M | AM          SFSD | |
| Supervisor    A#/Star# MERCADO # 1982 | Charge 3  602.1(b) PC | ☐ | M | P&P-Strip ( ) Pat (-) | |
| Notifications Made | | | | Deputy: _____ Star# | |
| Name: | Charge 4  1716 (a) PC | ☐ | M | SEARCH COMPLETED | |
| Phone# | | | | P&P-Strip ( ) Pat ( ) | |
| Relationship (check one) | | | | Time of Search | |
| ( )Officer( )Parole( )Probation | | | | Deputy: | |
| Remarks: | | | | Star: | |
| Last/First: | | Sub Code# | | | Class Level: |

LUCKERT
MICHAEL

ML
COURT COPY

CERTIFICATE OF SERVICE

I, Michael Luckett, have mailed in the legal mail system here at: Santa Rita Jail, 5325 Broder Blvd Dublin, CA 94568 the following documents: (Notice of Motion for a New Trial), (Motion for a new Trial with Brian Mendoza #2324 As a Defendant in his Official and Individual Capacity) (Motion for Required Joinder of Parties Br. Brian Mendoza #2324 as a defendant).

ADDRESSED TO: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, 1301 Clay St., Suite 400s, Oakland, CA 94612.

Executed on this Day of: April 23, 2024.

Michael Luckett PFN:ULW-441
5325 Broder Blvd
Dublin, CA 94568
Case No. 4: 19-cv-08204-PJH

Signature of Attorney in pro-se: /Michael Luckett/

Case 4:19-cv-08204-PJH    Document 155    Filed 04/26/24    Page 2 of 131



(EXHIBIT-Q)

OPPOSITION AND OBJECTIONS TO DEFENDANT
EDWARD GUTIERREZ EXPERT DISCLOSURE

1  Michael Luckert

2  391 Ellis. St, San Francisco, CA 94102

3  707-803-3836

4  · Attorney in Pro-se; Michael Luckert

5

6       UNITED STATES DISTRICT COURT

7       NORTHERN DISTRICT of CALIFORNIA

8   Michael Luckert              CV-19-08204-PJH

i     Plaintiff,

10         vs,                  Opposition And objections

11  San Francisco Police Dept.  to Defendant Edward

12  And officer Gutierrez,      Gutierrez's Expert

13      Defendant               Disclosure.

14    I, Michael Luckert, am a carpenter by trade,

15  ~~but at this time I am a measter~~

16  At the time of this incident at the library on

17  February 26, 2019 I was a free man. On this

18  day I experienced Excessive Force with officer

19  Gutierrez assaulting me, Michael Luckert And

20  injuring me with Excessive force, Violating the

21  (4th Amendment) and also Medical Neglect which

22  I think should be added to the charges of

23  2 counts of Excessive Force. I am at this

24  time suing the San Francisco Police Dept. in

25  there official capacity.

26  Because the San Francisco Police dept. and

27  officer Gutierrez have erased, destroyed video

28  surveillance/body camera's And used Medical

opposition And objections to defendant Edward Gutierrez/Page 1 of 7
expert Disclosure.

( EXHIBIT· Q ) opposition and objections
to defendant Edward Gutierrez's Expert disclosure

neglect on Michael Luckert, Gutierrez should
be held responsible in his official capacity And
individual capacity for using excessive force on
me, Michael Luckert, And if the honorable
Judge will look at my original claim form I believe
that is what I asked for from the very
beginning.

## OPPOSITION

(1.A) From page 1-27 in defendant Edward Gutierrez's
Expert disclosure is nothing but a defense based on
if I, Michael Luckert, was resisting arrest, delaying
police etc...

(1.a) It has already been established that I did not
resist arrest, etc., Assault a librarian, or commit any
crime that day at the library on February 26, 2019.
All charges got dropped and video surveillance
has and would prove my innocent's that the
San Francisco Police dept. and officer Gutierrez
have destroyed or erased. This proof of destroyed
or erased video surveillance camera's is in
the defendant's reply to Michael Luckert's
motion to compel. Which I have requested through
a request for documents on March 18, 2024 but have
never been sent. And should be considered as a joint
undisputed fact of evidence at trial. Because of
established Documentation for trial.

Opposition And objection's to defendant Edward
Gutierrez expert disclosure.                    page 2 of 7

ML Case 4:19-cv-08204-PJH   Document 176   Filed 02/06/24   Page 3 of 10 ML

1  (2.A) In Page 28 line 15 26 of (Defendant
2  Edward Gutierrez's Expert Disclosure) the Doctor
3  is saying that I, Michael Luckert, have a open wound
4  on my right thumb that is swollen a little; and left
5  4th digit tip of finger that are infected and
6  swelled up a little, on the 16th of February, 2019,
7  from working on my car.
8  (EXHIBIT.1), San Francisco Jail Medical Report,
9  Dated: 2/22/19, Page 31 shows that I was
10 perscribed anp, biotics and I.B.U. for the swelling.
11 (2 a). On March 1, 2019 I. Michael Luckert, was
12 seen at Valley care Pleasanton.
13 (EXHIBIT.2), Valley Care Pleasanton, Page 11, in
14 the highlighted area does not show any diagnosis
15 or signs of infection or open cut's on my hands.
16 (EXHIBIT.3), Valley Care Pleasanton, Page 25,
17 Highlighted area shows that the medication that
18 I got was only I.B.U. Profen (Motrin), No
19 Medication's were perscribed for infection.
20

## Conclusion

22 (1.) No Antibiotics were perscribed for infection
23 at Valley Care Pleasanton. So Michael Luckert infected
24 wounds and swelling were healed from a 2-16-19 San Francisco
25 Jail triage / medical Records Appointment. After all
26 it is more then likely that a small wound with
27 Antibiotic's and I.B.U. Profine would be healed
28 in 10 days.

1  (2.) The Excessive Force that happened
2  To Michael Luckett was a New INJURY.
3  Please Refer to All Medical Reports In
4  Opposition to Summary Judgment, Filing date:
5  6/29/22.
6  (3.) Video Surveillance would show the excessive
7  Force through body Cameras but the defendant
8  and San Francisco County Jail Police dept.
9  erased, destroyed the Video surveillance/Body
10 Camera Footage. This Proof is in the
11 defendant's response to my motion to compel.
12 Which I have already did a meet and confer
13 with and the defence did not respond
14 on that issue of sending me the documented
15 Proof here at Santa Rita Jail even though
16 I asked through a document Request. The
17 defence should be held responsible for breaking
18 the Federal rules of civil procedure Rule 37 (e)
19 (1), (2), (Failure to preserve Electronically
20 stored information).
21   (3.) The excessive Force that happened with
22 Police officer Gutierrez happened after the
23 triage and in the saftey cell. As explained
24 (In opposition to summary Judgment) Filed
25 date: 6/29/22, page 5, Line 11-24. And
26 Amended complaint. And Again Body cameras
27 and video surveillance would show the 2
28 counts of Excessive Force.

Opposition And objection to defendant                    page 4 of 7
Edward Gutierrez expert disclosure

## CONCLUSION

1
2  ( Defendant Edward Gutierrez's Expert
3  discovery), Page 28 Line 28-41 is
4  irrelevent and the Defence and the
5  honorable Judge should Pay attention to
6  time signature and EXHIBIT's In opposition
7  to Summary Judgment. EXHIBIT (1). At
8  22:17 I complained about My hand injury.
9  EXHIBIT B, Page 1 and 2, High lighted Area's. I
10 complained about My hand injury.
11   (EXHIBIT.4), San Francisco Jail Medical
12 Report, Page 33 high lighted area will
13 show that right after the excessive
14 force At safety cell time 17:50 continuing
15 on to the next Page, 34 highlighted area
16   (EXHIBIT.B), (In opposition to Summary Judgment)
17 Filed 6/29/22, Page 1 I complained. Page 2
18 time Signature: 19:20 I complained again about
19 My hand injury.
20   (4.A) In (defendant EDWARD Gutierrez's
21 Expert disclosure), page 29 lines 18-21 the
22 defence said I said "In an attempt For the officer
23 not to injure me I put Just enough force on
24 My wrists that were hand cuffed behind me so that
25 My wrists and fingers would not break.
26   (4.a) officer Gutierrez did not give me any
27 command, or reassess the situation. He pushed
28 My hand beyond the capacity of which it will

1. bend. At this time is when I tryed to
2. stiffen my hands but it did not work
3. officer Gutierrez was just hell bound on
4. Injuring me, in which he did. This behavior
5. being objectively unreasonable.

## AUTHORITIES OF CASE LAW

8. Please refer to (In opposition to
9. summary Judgment). Filed on 6/29/22. Pages
10. 1-4.

## OBJECTIONS

13. For the defence not to be able to
14. use any of (Defendant Edward Gutierrez's
15. Expert disclosure in trial).

## CLOSING STATEMENT

19. Rule 52 (6), of the Federal Rules of civil
20. procedure. Setting aside the findings of fact,
21. whether based on oral or other evidence, must
22. not be set aside unless clearly erroneous, and
23. the reviewing court must give due regard to
24. the trial court's opportunity to Judge the
25. witnesses' credibility.

### RELIEF

27. For plaintiff to win in trial ML with 2 count's
28. of excessive force And a added charge of

opposition And objections to defendant    Page 6 of 7
Edward Gutierrez expert disclosure

medical Neglect,

Date: ~~3-27-2024~~ 12-13-2024

signature of Attorney in Pro-se:

Michael Luckert

---

Opposition and objections to defendant   Page 7 of 7
Edward Gutierrez's expert disclosure



DEFAULT; DEFAULT JUDGMENT FOR Failure to Preserve
electronically Stored Information

1 | Michael Luckert PFN: ULW491
2 | 5325 Broder, Blvd
3 | Dublin, CA 94568
4 | Attorney in Pro-se: Michael Luckert

5 |
6 |      UNITED STATES DISTRICT COURT
7 |    NORTHERN DISTRICT OF CALIFORNIA

8 | Michael Luckert, Plaintiff    Case No. 19-CV-08204.
9 | .VS                          PJH. / DEFAULT;
10 | San Francisco Police. Dept   DEFAULT Judgment
11 | AND OFFICER: GUTIERREZ        FOR FAILURE TO
                                    PRESERVE
12 | #1928                        ELECTRONICALLY
13 |                              STORED INFORMATION,
14 |
15 |                              F.R.C.P. RULE 55

16 |      To the honorable Judge of the court and to
17 | the Jury. A default judgment may be entered
18 | against the UNITED STATES, its officers, or its
19 | agencies only if the claimant establishes a
20 | claim or a right to relief by evidence that
21 | satisfies the court. So please conduct an
22 | accounting of the above caption. Determine
23 | the amount of damages. Establish the truth of
24 | any allegation by evidence and investigate any
25 | other matters.
26 |      F.R.C.P. Rule 37(e) Failure To Preserve
27 | Electronically stored information. IF
28 | electronically stored information that should have

DEFAULT; DEFAULT Judgment For Failure/Page 1 of 6
to Preserve electronically stored
information.

(EXHIBIT-R, DEFAULT DEFAULT JUDGMENT
FOR FAILURE TO Preserve electronically stored INFO.

1  been preserved in the anticipation or conduct

2  of litigation is lost because a party failed

3  to take reasonable steps to preserve it,

4  and it can not be restored or replaced

5  through additional discovery, the court:

6  (1) upon finding prejudice to another party

7  from lose of the information, may order

8  measures no greater than necessary to cure

9  the prejudice; or (2) only upon finding that

10  the party acted with the intend to deprive

11  another party of the information's use in

12  the litigation may: F.R.C.P Rule 37(e)(1)(C)

13  In this case I am seeking a entry of

14  default judgment on the defence and or

15  defendants, because of the following

16  documents:

17

18

19      1. (EXHIBIT-1.N), Original complaint

20  under the Civil Rights Act, 42 U.S.C §1983,

21  Document 1 Filed 12/17/19, Page 4, Line 4-5

22  I state "At this time the police officer's

23  took turns on me."

24      So when this complaint was Filed

25  12-17-19 the defence and it's attorney's

26  should of taken steps to preserve the

27  Electronically stored Body camera's and video

28  Surveillance it was not just

Default; Default Judgment For failure   Page 2 of 6
to preserve electronically stored
information.

1 one officer, but officers involved in this case
2 doing the excessive force and medical neglect.(EXHIBIT-1.N),
3 Original complaint page 4 Lines 25-28 the
4 plaintiff is stating "subpoena of video
5 surveillance and body cameras you will see that
6 officer: D.Smith and other officers involved
7 in this incident have committed excessive force
8 and medical malpractice".
9     So with these types of statements in my
10 original complaint of 12/17/19 the defence
11 and the defendants involved in this case
12 should of preserved the electronically stored
13 body camera and video surveillance. But they
14 did not they erased or destroyed evidence
15 of the body cameras and video surveillance
16 maliciously and sadistically right after
17 I filed the original complaint on 12/17/19.
18   2.(EXHIBIT-1.O) Office of the city
19 Attorney, Letter dated April 17, 2024.
20    The Attorney In this document is saying that
21 they "disposed of the video surveillance on
22 February 1,2020" and that the body camera's
23 "while the surveillance video was disposed of
24 months prior on February 1,2020."
25    2b. I do believe the defendant and
26 counsil have some kind of minimum
27 standards for preserving electronically stored
28 video/body camera surveillance. I do believe

Default; Default Judgment for failure
to preserve electronically stored information    3 of 6

1  it is 1 Year for the State and 2 Years for federal
2  civil Case's. In this Case NO. 19-CV-08204-PJH
3  the defence/San Francisco Police dept. Violated
4  even the minimum standard for the State. For
5  Preserving electronically stored information being
6  body Camea's and Video Surveillance by disposing of
7  it on or before February 1, 2020 When the date of
8  this Excessive force/Medical Neglect incident was
9  February 26, 2019.

## CONCLUSION

13  This Default; Default Judgment For Failure to
14  Preserve electronically Stored information. F.R.C.P.
15  Rule 37(e). By not Preserving electronically stored
16  information of Video Surveillance/body camera's For
17  2 Count's of Excessive force which is explained in:
18     (IN SUPPORT OF Documented Pleadings for evidence
19  and EXHIBITS FOR TRIAL), (In opposition to Summary
20  Judgment), (supplemental to the Opposition TO
21  Summary Judgment) with medically documented
22  Exhibit's - 1.G, 1.H, 1.I, 1.J, . In Which the Plaintiff
23  had to go through with his hands, wrist's injury.
24     This Default; Default Judgment For Failure to
25  preserve electronically stored information F.R.C.P
26  Rule 37(e) is also For Failure to Preserve Video
27  Surveillance/body Camera's For Medical Neglect
28  which is documented in (In Support of Documented

Pleadings for evidence and EXHIBITS FOR TRIAL),
Page 2 Line 6 through Page 5 Line 15/ with
documented Exhibits.

# RELIEF

DEFAULT, DEFAULT JUDGMENT FOR FAILURE TO
PRESERVE ELECTRONICALLY STORED
INFORMATION OF VIDEO SURVEILLANCE/
BODY CAMERA'S OF THE FOLLOWING INCIDENTS:

(1). 2 Counts of Excessive Force.

(2). 1 Count of Medical Neglect.

(3). $ 60,000 in damages for 2 Counts of
excessive force. Causing injury to Plaintiff
and for Pain and Suffering.

(4). $ 10,000 For Medical Neglect From San
Francisco Jail Medical Triage and pulling
me away not letting me get medical treatment
for my hand's, wrist's injury.

(5). $ 7,744.00 for out of pocket expenses
in Monetary damages. For Plaintiff being injured
From excessive force and not being able to
work, OR Because the plaintiff got arrested
for false charge's of resisting arrest etc. And
was sent to Jail for a probation Violation that
got dropped. Because of these false charges
Plaintiff had to start all over at the bottom

of the ready to go to work list. Causing plaintiff
to be out of work for 2 more extra month's in
his normal trade as a union Journeyman Carpenter.

(6). Pay for Plaintiffs' Filing Fee.

(7). Restraining order on the guilty defendant
that caused Excessive force/medical Neglect.

(8). Removed from the duties to Protect and
serve the Community as a police officer/
security guard etc. Because of excessive
force/medical Neglect.


The plaintiff is suing in official capacity
and Individual Capacity.



Date: 6-6-2024


Signature of Attorney in Pro-se;
      Michael Luckert


Default, Default Judgment For      Page 6 of 6
Failure to preserve Electronically
stored information.



(EXHIBIT-S)

Pleading Special Matters of Fraud

1  Michael Luckert PFN: ULW-491
2  5325 Broder. BLVd
3  Dublin, CA 94568
4  Attorney in pro-se: Michael Luckert
5

**FILED**

APR 26 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

6              UNITED STATES DISTRICT COURT
7              NORTHERN DISTRICT OF CALIFORNIA

8  Michael Luckert, Plaintiff       CASE NO. 19-CV-08204-
9         .Vs                       PJH
10 San Francisco Police .dept
11 AND OFFICer: MENDOZA             Pleading special
12 # 2324                           Matters of Fraud
13                                  F.R.C.P. Rule 9 (b)

14        To the honorable Judge of the court.
15 The plaintiff has found in Litigating the
16 above case that the defence has committed
17 fraud. And with particularity will describe
18 the circumstances constituting fraud.
19      The plaintiff, from the begining of this case has
20 been receiving documents from the defence in which
21 Plaintiff rely on for evidence. Please refer to these
22 documents that I have already sent the court.
23      (1). Motion For A New Trial with Brian Mendoza
24 #2324 as a defendant in His official And Individual
25 capacity/ with certificate of service of executed
26 date of April 22, 2024 (EXHIBIT.2) San Francisco
27 Field Arrest Card in black and white. In which
28 the Searches/SFSD (P&P: Strip (x) Box is checked

1  and it has a partial initial of (P.M) where the deputy
2  is supposed to have his name, Brian Mendoza AND
3  star number. But has some cursive style star number.
4  Because of there deception Plaintiff took this to
5  mean (PM) Like Afternoon time. And cursive style
6  star Number Plaintiff thought was the time of Day.

7      While I have been in Jail From 2-12-24
8  to current the Defence has been sending me. Please
9  refer to the Document I have already sent the court.

10     (2). Motion For a New Trial with Brian Mendoza
11  #2324 as a defendant in His official AND Individual
12  capacity/with certificate of service of executed
13  date of April 22, 2024, (EXHIBIT. 1) San
14  Francisco Field Arrest Card), Fraudulantly Filmed over
15  Yellow copy to hide certain facts like Brian Mendoza
16  #2324 (BM) initials for what he did that day at
17  work like strip Search plaintiff. In the searches/
18  SFSD (P&P: strip (X) Box where his Initials should
19  be but with the Fraudulant Yellow Filmed over copy it
20  really does look like (PM) Now.

21          CONCLUSION
22     This Document! (san Francisco Field Arrest
23  Card) is the document that I rely on for who
24  strip searched me. Because who strip searched me
25  committed the 2 Excessive Force charges.
26     As time has passed I have been in and out of Jail
27  AND have had to prepare AND Re-prepare documents
28  because of fraud.    costing me time and money

Pleading special Matters of Fraud    page 2 of 3

preparing these documents and adding extra
stress in this case. Thinking the defence was going
to get away with this behavior. It is my
prayer the defence compensate plaintiff for
this fraud.

## RELIEF

(1). The Plaintiff is asking from the defence
in monetary damages  $ 10,000 dollars for
these fraudulant Actions.

Date: 4-22-2024

Signature of Attorney in Pro-se: Michall Tinkert

Pleading Special Matters of Fraud       Page 3 of 3

## CERTIFICATE OF SERVICE

I, Michael Luckert, have mailed in the legal Mail System here at : Santa Rita Jail, 5325 Broder. Blvd Dublin, CA 94568 the Following documents:
, (Pleading Special Matters of Fraud).

Addressed To : UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, 1301 CLAY . St Suite 400s, Oakland, CA 94612

Executed on this Day OF: April 22, 2024

Michael Luckert PFN: ULW-491
5325 Broder . Blvd
Dublin, CA 94568
Case No. 4-19-CV-08204-PJH

Signature of Attorney in Pro-Se: Michall Luckert

certificate of Service                    page 1 oF 1

JON RUEL HOLDER

510 893 8980

CLEAR I 4 U C G MAIL.COM

UNITED STATES District Court

Northern DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JON RUEL ~~HOLDER II~~
HOLDER II

< V.

GOLDEN BEAR HOMES LP.
et al., DEFENDANTS

CASE NO:

SO ORDERED this 9th day of December, 2025.

United States District Judge or Magistrate Judge

Sorry Judge

2025 DEC 19 PM05:52

CASE #0 : .

# EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

(THE FILING ALSO SERVES AS PLAINTIFFS
COMPLAINT)

UNDER FED R. CIV. P. 65 (b)
IMMEDIATE TRO

RECEIVED
2025 DEC 03 AM 05:38
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

FACTS

DISABLED SECTION 8 TENANT
AT GOLDEN BEAR HOMES (HOMEKEY)

• THEFT OF BENIFIT DURING
PANDEMIC CONDITIONS
SENT TO ME FOR MY CARE.

• RETALIATON FOR WHISTLE BLOWING
ON FRAUD = DENIED ADA ACT

APPLICATION TO PROCEED IN FORMA PAUPERIS

AO 240 (Rev. 07/2023)

I am a citizen of the United States Of America, living in a tent in Berkeley California. I am living on government assistance. I have a disability am unable to work. I declare under penalty of perjury that the above is true.

Jon Ruel Holder II

December 9, 2025

2025 DEC 19 PM05:52

③

ACCOMIDATIONS.

• ABUSE of MY DOS.
< CRIME AGAINST SOCIETY
BP DCase 000 345 28
$$\overline{24-000\ 345\ 20}$$

• ALI R KASHANI
   MPI OWNER + BHA
   Co-chair Der 24CFR §
   782. 161.

RECEIVED
CLERK, US DISTRICT COURT
NO. DIST OF CA

After I reported fraudulent billing and wrote on my outside window that BACS is stealing taxpayer funds and property management are slumlords this potemkin village needs to be shut down, Akio was clubbed inside my locked room (Berkeley PD Case #24-00034528).

The property manager told me the police came, asked him about the event, he said nothing happened, and the police left without reviewing footage or entering my room.

No one from BACS, MPI Property Management, or Berkeley Police ever entered or examined my room.

BACS Cindy Montalvan diverted my SAGE supplemental payments from my bank account (she had done this before to mess with me); when I went to the BACS office with my Alameda County TRO in effect to ask about eviction help per my contract, a worker handed me 22 pieces of my mail (from CA Civil Rights Dept, US tax returns, bank statements, health insurance, Alameda courts on eviction, postmarked Jan-May 2025); they are still holding or returning my mail, causing me to miss two replacement debit cards from Bank of America and blocking my Verizon order for new service/iPhone (they took payment twice but require 30-day postmarked mail to prove identity, despite my state ID).

The ADA coordinator acted as gatekeeper not forwarding my request for accommodations to the judge, then an Alameda county judge ruling he was in compliance though he was not (Exhibit B – Alameda minute order).

I had a grievance sustained by AC Mental Health Grievance Department, was going to be transferred in 30 days or less, signed consents at their office on Telegraph Ave. Next day on Valentine's Day 2025 I get served eviction papers from "golden bear homes" per St John legal firm. Then I received notice from Mrs King and Darryl Knutson ACMH that my grievance was given to AC Housing and Homeless Department because of my housing. I state wait whoa whoa my mental health overrides my housing they say nope. Was given to Kawal Ulnay he drug his feet made me go through court refused to contact the court system of Alameda county on my behalf tell judge transfer process in effect, then after judge evicted me came out with a findings report and unsubstantiated my grievance, denied my transfer request rolled my emergency transfer request into the original one i made then closed my housing against my objection and immediate email back to him I want to grieve this report start the process now you cannot close my hud placement I stayed in abusive setting waiting for the system to do the right thing that never did you cannot close my HUD slot. But they have and given me wrong phone numbers and two wrong invalid links to the grievance page. The director is Jonathan Franks ex administration of BACS.

Ari Neulight never told me the program required a disability or that he diagnosed me with mental disability.

Ari referred me to Piedmont Place from People's Park stating it was as close to Berkeley as I was going to get. They keep Berkeley slots tight it's elite area. I deliberately stayed inside Berkeley because I wanted to be housed here special protections and area not Oakland not Richmond not el cerrito. Berkeley had the protections passed for fair housing.

The denial of my mailing address is unconstitutional under the 14th Amendment's equal protection clause and violates inalienable human rights; companies using address as identification of my person is illegal, a discriminatory holdover from English common law property titles that we have progressed beyond to protect human dignity without arbitrary stipulations; this ties to electric power companies and others basing eligibility for services on zip

JON Ruttle HoBER      (4)

ORDER Requesting

(1) IMMEDIATE Hotel Room
IN SF for Safety of MY
Dog AND I

(2) Keep ALL TENANT Rights
+ Satisfolg soing And
ROTATING TWD SAN Polson
At Mier

3  Seizure ALL
HUD Housing
FILES

M

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
JON RUEL HOLDER II
(jonnyruel)
1620 San Pablo Ave, Room 137
Berkeley, CA 94702
510-993-9780
watchout.goodhappens@gmail.com
Plaintiff pro se
v.
REGENTS OF THE UNIVERSITY OF CALIFORNIA,
BAY AREA COMMUNITY SERVICES (BACS),
MPI PROPERTY MANAGEMENT LLC,
GOLDEN BEAR HOMES,
CITY OF BERKELEY,
ALAMEDA COUNTY BEHAVIORAL HEALTH,
PETER RADU,
PAUL BUDDENHAGEN,
BERKELEY CITY COUNCILWOMAN AREA 1 (RASHI KESARWANI),
ALAMEDA COUNTY COURTS,
ALAMEDA COUNTY APS,
ALAMEDA COUNTY HOUSING AND HOMELESS DEPARTMENT,
ALAMEDA COUNTY MENTAL HEALTH DEPARTMENT,
THE OFFICE OF THE GOVERNOR OF THE STATE OF CALIFORNIA,
GAVIN NEWSOM,
THE OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,
and DOES 1–10,
Defendants.
Case No. [New Filing]
COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, ADA TITLE II, FHA RETALIATION, §1983
(Demand for Jury Trial)
DECLARATION OF JON RUEL HOLDER II (Under Penalty of Perjury)
I, Jon Ruel Holder II, declare:
I was living in a tent on the northwest corner of People's Park (Haste & Telegraph Ave, Berkeley).
A University of California Berkeley social worker moved me.
The moves were: People's Park → City of Berkeley Rodeway Inn → Piedmont Place → Golden Bear Homes.
I am the only person who went directly from Piedmont Place to Golden Bear Homes.
At Golden Bear Homes I was enrolled in the BACS SAGE program (Participant Handbook with my name on page 1 – Exhibit A).
I was in the process of getting service-animal certification for my dog Akio.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Michael Landon Luckert

Name(s) of counsel (if any):

Attorney in Pro-se: Michael Landon Luckert

Address: 391 ELLIS STREET, San Francisco, CA 94102

Telephone number(s):

Email(s): michaelluckert8@gmail.com

Is counsel registered for Electronic Filing in the 9th Circuit?  ◌ Yes  ◉ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Mercado # 1982

Name(s) of counsel (if any):

City Attorneys of San Francisco
John H. George.

Address: 390 market St. Fox Plaza, 7th Floor San Francisco, CA 94102

Telephone number(s): 415-554-3800

Email(s): http://sfcityattorney.org

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    1                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

~~Appellants~~ APPELLEES

Name(s) of party/parties:

BRIAN MENDOZA # 2324

Name(s) of counsel (if any):

City Attorney's OFFICE OF SAN FRANCISCO, CA 94102
John H. GEORGE

Address: 1390 MARKET STREET, FOX PLAZA, 7th Floor, San Francisco, CA 94102

Telephone number(s): 415-554-3800

Email(s): http://sfcityattorney.org

Is counsel registered for Electronic Filing in the 9th Circuit?   ● Yes   ○ No

**Appellees**

Name(s) of party/parties:

O. SMITH # 2275

Name(s) of counsel (if any):

City Attorneys Office OF SAN FRANCISCO, CA 94102
John H. GEORGE,

Address: 1390 MARKET Street, FOX PLAZA, 7th Floor, San Francisco, CA 94102

Telephone number(s): 415-554-3800

Email(s): http://sfcityattorney.org

Name(s) of party/parties:

ANTHONY P. OCHOA; Building grounds maintenance.

Name(s) of counsel (if any):

City Attorney's OFFICE OF SAN FRANCISCO, CA 94102
John H. George.

Address: 1390 MARKET STREET, FOX Plaza, 7th Floor, San Francisco, CA 94102,

Telephone number(s): 415-554-3800

Email(s): http://sfcityattorney.org

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 6                          2                          Rev. 12/01/2018

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants** Appellees

Name(s) of party/parties:

> Gutierrez # 1928

Name(s) of counsel (if any):

> City Attorney's of San Francisco
> John H. George.

Address: 1390 Market Street, Fox Plaza, 7th Floor
San Francisco, CA 94102

Telephone number(s): 415 - 554 - 3800

Email(s): http://sfcityattorney.org

Is counsel registered for Electronic Filing in the 9th Circuit?  ● Yes  ○ No

**Appellees**

Name(s) of party/parties:

> LENA #50

Name(s) of counsel (if any):

> City Attorney's of San
> FRANCISco / John H. George.

Address: 1390 Market Street, / FOX PLAZA, 7th FLOOR.
San Francisco, CA 94102

Telephone number(s): 415 - 554 - 3800

Email(s): http://sfcityattorney.org

Name(s) of party/parties:

> Brule #2005.

Name(s) of counsel (if any):

> City Attorney's of San Francisco
> John H. George.

Address: 1390 Market Street, Fox Plaza 7th Floor
San Francisco, CA 94102

Telephone number(s): 415-554-3800

Email(s): http://sfcityattorney.org

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Continued list of parties and counsel: *(attach additional pages as necessary)*

~~Appellants~~ Appellees

Name(s) of party/parties:

ESPiriTU #1952

Name(s) of counsel (if any):

City Attorneys of San Francisco
John H. George

Address: 1390 Market Street, Fox Plaza, 7th Floor
San Francisco, CA 94102

Telephone number(s): 415·554·3800

Email(s): http://sfcityattorney.org.

Is counsel registered for Electronic Filing in the 9th Circuit?   ◌ Yes    ◌ No

## Appellees

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                *New 12/01/2018*

# CERTIFICATE OF SERVICE

I, Michael Luckert, Certify that I hand delivered these documents to the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA AT 450 GOLDEN Gate ave San Francisco, CA 94102.

DOCUMENTS SERVED: UNITED STATES COURT OF APPEALS FOR THE NINTH CURCUIT. Form 6, Representation Statement Pages 1-4.; UNITED STATES COURT OF APPEALS FOR the NINTH CIRCUIT, MOTION TO APPEAL As OF Right, Pages 1-13; With EXHIBITS-A — S.

EXECUTED on this Day of December 19, 2025

Michael Landon Luckert
125 6th STREET APT 414
San Francisco, CA 84103
Phone: 628-223-9481
E-MAIL: MLpro.se attorney @ gmail.com
pro-se

I declare under penalty of perjury under the laws of THE UNITED STATES that the Forgoing is true and correct.

signature of Attorney in Pro-se!
Michael Luckert

Certificate of Service EXECUTED ON 12-19-2025